## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John S. Barth,  <br><br>    Plaintiff,  <br><br>    v.  <br><br>Mabry Carlton Ranch, et al.,  <br><br>    Defendants. | Civil Action No. 1:25-cv-01136-DLF |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS MICHAEL ALLEN WALTON, JAMES J. WALTON TRUST AND WYONA JUNE WALTON TRUST**

Sara E. Kropf (DC Bar No. 481501)  
Kropf Moseley Schmitt PLLC  
1100 H Street, NW, Suite 1220  
Washington, DC 20005  
(202) 627-6900  
sara@kmlawfirm.com

**Table of Contents**

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Introduction ........................................................................................................................ 1

Background ........................................................................................................................ 2

Argument ............................................................................................................................ 4

    I.   Plaintiff's claims are time-barred as a matter of law. ............................................ 4

    II.  Plaintiff lacks standing to bring his claims because he fails to adequately plead concrete injuries that were caused by the Walton Defendants' alleged violations of law. ..................................................................................................................... 5

    III. Plaintiff fails to state a claim upon which relief can be granted, which requires dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). ................. 7

    IV. This Court lacks personal jurisdiction over all Walton Defendants. .................. 12

    V.  Venue in the District of Columbia is improper. .................................................. 13

Conclusion ..................................................................................................................... 144

## Table of Authorities

**Cases**

*Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125 (2011) ................................................. 6
*Amariglio v. Nat'l R.R. Passenger Corp.*, 941 F. Supp. 173 (D.D.C. 1996) ................................. 5
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 8, 9
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................... 8, 9
*Brink v. Continental Ins. Co.*, 787 F.3d 1120 (D.C. Cir. 2015) ...................................................... 9
*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .............................................................. 12
*Conf. of State Bank Supervisors v. OCC*, 313 F. Supp. 3d 285 (D.D.C. 2018) ............................. 5
*Crowley v. Napolitano*, 925 F. Supp. 2d 89 (D.D.C. 2013) ....................................................... 13
*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ........................................................................... 12
*Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996) ................................................................ 4
*Freeman v. Fallin*, 254 F. Supp. 2d 52 (D.D.C. 2003) ............................................................. 13
*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) .................. 6
*Hemi Group, LLC v. City of N.Y.*, 559 U.S. 1 (2010) ................................................................. 10
*Holmes v. Securities Inv. Prot. Corp.*, 503 U.S. 258 (1992) ...................................................... 10
*HRH Servs., LLC v. Travelers Indem. Co.*, No. 23-2300, 2024 WL 5246521 (D.D.C. Dec. 30, 2024) ................................................................................................................................ 12
*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) .................................................... 12
*Lujan v. Defs. Of Wildlife*, 504 U.S. 555 (1992) ..................................................................... 5, 6
*Massachusetts v. Mellon*, 262 U.S. 447 (1923) .......................................................................... 6
*MSP Recovery Claims, Series LLC v. Pfizer*, 728 F. Supp. 3d 89 (D.D.C. 2024) ...................... 5, 8
*Nader v. Democratic Nat'l Comm.*, 567 F.3d 692 (D.C. Cir. 2009) ............................................. 5
*Potts v. Howard Univ. Hosp.*, 598 F. Supp. 2d 36 (D.D.C. 2009) ................................................ 4
*Riddell v. Riddell Washington Corp.*, 866 F.2d 1480 (D.C. Cir. 1989) ........................................ 4
*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) .............................................................................. 5
*Walters v. McMahen*, 684 F.3d 435 (4th Cir. 2012) ................................................................... 7
*W. Assocs. Ltd. P'ship v. Market Square Assocs.*, 235 F.3d 629 (D.C. Cir. 2001) ....................... 8

**Statutes**

18 U.S.C. § 371 ....................................................................................................................... 2, 10
18 U.S.C. § 981 ....................................................................................................................... 2, 10
18 U.S.C. § 1341 ................................................................................................................. 2, 8, 10
18 U.S.C. § 1961 ................................................................................................................ 8, 10, 11
18 U.S.C. § 1962 ........................................................................................................... 2, 5, 8, 10, 11
28 U.S.C. § 1391 ........................................................................................................................ 13
28 U.S.C. § 1406 ........................................................................................................................ 13
Florida Statutes, Chapter 817 .............................................................................................. 2, 10, 11
Florida Statutes, Chapter 895 .............................................................................................. 2, 10, 11

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................................ 8, 9
Fed. R. Civ. P. 12 .......................................................................................................... 5, 7, 8, 13
D.C. Code § 12-301(8) .................................................................................................................. 5

**Introduction**

This is a purported RICO action brought by serial litigant and pro se plaintiff John S. Barth against Michael Allen Walton, James J. Walton Trust, and Wyona June Walton Trust (the "Walton Defendants"[1]), and several other individuals and entities, including the United States of America and several of its federal agencies.[2] Plaintiff's claims against the Walton Defendants arise from the alleged 2010 sale of a tract of land to the County of Sarasota in Florida. He claims that defendants conspired to steal state funds dedicated to the conservation of Florida land. As another court in this District noted when dismissing a nearly identical complaint against the United States, the Department of Justice, and the Federal Bureau of Investigation, "[p]ro se Plaintiff John S. Barth has waged a protracted litigation campaign against myriad Florida-based individuals and entities, alleging that they operate a criminal enterprise that steals conservation funds from that state." *Barth v. United States*, No. CV 22-955 (JEB), 2022 WL 17719572, at *1 (D.D.C. Dec. 15, 2022), *aff'd sub nom. Barth v. United States Dep't of Just.*, No. 22-5338, 2023 WL 8663580 (D.C. Cir. July 7, 2023).

Plaintiff's complaint here should likewise be dismissed for several reasons. First, Plaintiff concedes that he was aware of his alleged claims seven years before he filed suit, rendering his claims time-barred. Second, this Court lacks subject matter jurisdiction because Plaintiff fails to

---

[1] Plaintiff names Michael Allen Walton, James J. Walton Trust, and Wyona June Walton Trust as defendants in the caption of his complaint. As such, they are the only properly named defendants. In the "Parties" section of his complaint, Plaintiff describes an additional defendant, MJW Ranch, and describes Julie M. Walton as a manager of the MJW Ranch. Even if Plaintiff's references to MJW Ranch and Julie M. Walton were sufficient to render them defendants, the claims against them should be dismissed for the reasons set forth in this motion.

[2] Plaintiff appears to have filed several similar, if not identical, complaints in federal district courts across the country that were dismissed before the Walton Defendants were ever served. *See Barth v. Mabry Carlton Ranch, Inc. et al.*, No. 8:19-cv-03181 (M.D. Fla.); *Barth v. Mabry Carlton Ranch, Inc. et al.*, No. 1:20-00104 (D. Haw.); *Barth v. Mabry Carlton Ranch, Inc. et al.*, No. 3:20-cv-01164 (D. Or.); *Barth v. Mabry Carlton Ranch, Inc.*, No. 5:20-cv-095288 (N.D. Cal.).

allege a concrete injury and fails to allege that his injuries were caused by defendants' conduct. Third, Plaintiff fails to state a claim upon which relief can be granted because he fails to meet the stringent pleading standards either a civil RICO claim or a fraud claim. Fourth, personal jurisdiction over the Walton Defendants is lacking because Plaintiff does not allege that any of the Walton Defendants have ever been to the District of Columbia, let alone that his claims against the Walton Defendants relate in any way to this forum. Finally, venue in the District of Columbia is improper because all the claims against the Walton Defendants arise out of events that allegedly occurred in Florida.

## Background

Plaintiff claims that defendants James J. Walton Trust, Wyona June Walton Trust, and Michael Allen Walton engaged in a conspiracy to misappropriate state and county funds in Sarasota County, Florida. Compl. ¶ 13-14. Plaintiff further claims that defendants received payments known by them to be the proceeds of criminal acts in a conspiracy to defraud the state of Florida, the County of Sarasota in Florida, and the United States. *Id.* at xx (Count 3). Plaintiff brings claims pursuant to 18 U.S.C. § 1962(c) and (d) (the RICO statute) and alleges violations of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 371 (conspiracy), and 18 U.S.C. § 981 (civil forfeiture), as well as violations of Florida Statutes 817 and 895. *Id.*[3]

In support of these claims, he alleges that the Walton Defendants "developed the means of political control to convert their declining ranches into excuses to steal state and local conservation funds." *Id.* ¶ 75. He claims that "social groups of wealthy people are influential in Florida, using career or business bribes to build followings of social and economic opportunists."

---

[3] Florida Statute 817 refers to an entire chapter of the Florida Statutes titled "Fraudulent Practices," while Florida Statute 895 is a chapter titled "Offenses Concerning Racketeering and Illegal Debts." There are several statutes within each chapter.

2

Compl. at page 31.[4] Plaintiff further alleges that when these social groups "find common opportunity and resolve to fleece the government, they become powerful racketeering operations." *Id.* Plaintiff alleges that the racketeering enterprise selects conservation lands with little or no conservation value, and appraisers "linked to landowners and officials" deliberately overvalue the selected land. *Id.* ¶ 76. Plaintiff generally alleges that the Carlton Defendants "arranged" the misappropriation of state funds to the Walton Defendants. *Id.* ¶ 75.

In his "Timeline of Racketeering Crimes," Plaintiff alleges that on July 16, 2010, the James J. Walton Trust and the Wyona June Walton Trust sold a tract of land with a fair market value of $4,434,376 to Sarasota County for $22,559,100. *Id.* at xxviii; *see also id.* ¶ 193. Plaintiff alleges that the land was fraudulently sold to the county after being deliberately overvalued by appraisers "linked to" the Walton Defendants. *Id.* ¶ 76. He alleges that the Walton Defendants knew that the value of the property was based on false appraisals when they accepted payment from Sarasota County. *Id.* at xx.

Plaintiff alleges that the money used to purchase the Walton Defendants' land in 2010 was part of $300,000,000 in annual funding from the "Florida Forever" program, which was intended to buy conservation easements that would help preserve the habitats of large predators. *Id.* ¶¶ 20, 40. However, Plaintiff alleges that valuations of the "eastern part of Sarasota County, where all subject land is located," conducted in 2000 and 2007, determined that it lacked conservation value. *Id.* ¶ 79. Despite allegedly having no conservation value, the Walton Defendants' ranch was purchased by "the state 'ARC[5]' under Carlton's control." *Id.* ¶ 79; see also *id.* ¶¶ 192-194. He alleges that the wild panthers whose habitat the land was purchased to

---

[4] This refers to page 31 of the PDF docket entry. This is not in a numbered paragraph.

[5] The "state ARC" is not defined in the Complaint.

3

conserve were "fictitious." *Id.* ¶ 190. Plaintiff further alleges that the county deliberately overpaid as much as $20,224,800 when it bought the land in 2010 because, had it waited until 2012-2014, the market value during the recession would have been much lower. *Id.* ¶¶ 194-195.

Plaintiff claims that the sale caused the state of Florida to incur debt service on bonds issued to finance the land purchase and that this debt is then paid through real estate fees and taxes, "including those" of non-residents like Plaintiff. *Id.* ¶ 76. He claims that the sale also "interfered with interstate commerce and constitutional rights." *Id.* ¶ 76. The damages section of the complaint does not contain any allegations about the Walton Defendants. *See* Compl. ¶¶ 209-221.

Plaintiff alleges that he knew of his RICO claims in early 2018, and shortly thereafter, on February 7, 2018, he reported the Walton Defendants' alleged crimes to the Federal Bureau of Investigation and the Department of Justice. *Id.* at xxviii-xxix.

## Argument

**I.    Plaintiff's claims are time-barred as a matter of law.**

Plaintiff's RICO claim is time-barred. This Court may grant a motion to dismiss on statute of limitations grounds if "the complaint on its face is conclusively time-barred." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996); *see also Potts v. Howard Univ. Hosp.*, 598 F. Supp. 2d 36, 38-39 (D.D.C. 2009). The statute of limitations for civil RICO claims is four years. *See Riddell v. Riddell Washington Corp.*, 866 F.2d 1480, 1489 (D.C. Cir. 1989). Plaintiff states in the complaint that he discovered his purported injuries by "early 2018" and reported them to the FBI and the DOJ by February 7, 2018. Compl. at xxviii-xxix. Plaintiff did not commence this action until March 31, 2025. *See* Compl. at i.      Plaintiff also alleges that he is suing the Walton Defendants for "conspiracy to misappropriate state and county funds," Compl. ¶ 13 at xiv, although this is not stated as a specific count in the complaint. Even if the Court deems this

4

to be a part of the case, it too is barred by the statute of limitations. A "civil conspiracy claim incorporates not only every substantive element of the underlying tort, but also its statute of limitations." *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009). This cause of action, assuming it exists at all, is analogous to a conversion claim, which has a three-year statute of limitations under District of Columbia law. *Amariglio v. Nat'l R.R. Passenger Corp.*, 941 F. Supp. 173, 180 (D.D.C. 1996) (treating "embezzlement" claim as conversion claim and applying D.C. Code § 12–301(8)).

Therefore, accepting Plaintiff's allegations as true, the statute of limitations period ended more than three years before he filed the complaint on February 7, 2022. The complaint should be dismissed for failure to state a claim on this basis.

**II.    Plaintiff lacks standing to bring his claims because he fails to adequately plead concrete injuries that were caused by the Walton Defendants' alleged violations of law.**

"Standing to sue is jurisdictional, meaning that if a litigant cannot demonstrate standing dismissal under Rule 12(b)(1) is proper." *MSP Recovery Claims, Series LLC v. Pfizer*, 728 F. Supp. 3d 89, 98 (D.D.C. 2024) (citing *Conf. of State Bank Supervisors v. OCC*, 313 F. Supp. 3d 285, 294 (D.D.C. 2018)). To establish standing, Plaintiff must show that he "(1) suffered a concrete and tangible injury (2) caused by the defendants' challenged conduct (3) that a favorable judicial decision could redress." *Id.* at 99 (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

An injury in fact must be both "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). RICO allows a private plaintiff to sue only if they were "injured in [their] business or property *by reason of*" a RICO violation. 18 U.S.C. § 1964(c)

5

(emphasis added); *see also MSP Recovery Claims*, 728 F. Supp. 3d at 99. A plaintiff's failure to demonstrate standing requires dismissal for lack of subject matter jurisdiction. *Id.*

Plaintiff does not have standing to bring his claims because they amount to general grievances about government decisions that allegedly increased his taxes. "Absent special circumstances . . . standing cannot be based on a plaintiff's mere status as a taxpayer." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011); *see also Lujan*, 504 U.S. at 573 ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."); *Massachusetts v. Mellon*, 262 U.S. 447, 488-89 (1923) (holding that a plaintiff must show that "he has sustained or is immediately in danger of sustaining some direct injury . . . and not merely that he suffers in some indefinite way in common with people generally[.]").

Moreover, Plaintiff fails to sufficiently allege the causation element of standing. Although he alleges that the acts of the Walton Defendants "caused the state to incur debt service on bonds issued to finance" the purchases of their land, Compl. ¶ 76, and that he pays that debt through real estate fees and taxes as a nonresident, *id.*, Plaintiff fails to allege any causal connection between the supposed "debt service on bonds" that Florida incurred and the "real estate fees and taxes" that he allegedly paid. There is no allegation, for example, that the debt service amounts (if they exist at all) caused Florida to increase nonresident tax payments nor that these amounts caused Plaintiff's actual tax payments to increase. These allegations do not describe a concrete or particularized injury.

Plaintiff has also not established "but for" causation because, even if he does pay Florida taxes, his alleged injuries—incurring fees and taxes to fund government debt payments—would be the same even without the alleged fraudulent sale of property. *See Walters v. McMahen*, 684 F.3d 435, 444 (4th Cir. 2012) (affirming dismissal of complaint where "the alleged injury suffered by the plaintiffs would be the same" absent the alleged fraud). Accepting Plaintiff's allegations as true, he was harmed when the state incurred debt for the "Florida Forever" funds. Any subsequent decision about which tract of land to purchase with the funds would have no effect on his injury. Plaintiff fails to allege how the purchase of a tract of land with "conservation value" would have caused Florida to incur less debt, or how the misappropriation of conservation funds for purchase of the Walton Defendants' property would have caused the state to incur more debt. In other words, if Florida spent the "Florida Forever" funds on the alleged "high conservation value" projects that Plaintiff alleges were replaced by the purchase of the Waltons' land, Florida would still be $300,000,000 in debt, and Plaintiff would still be paying real estate fees and taxes to help Florida repay that debt. Thus, Plaintiff would have the same "injuries" absent the Walton Defendants' alleged fraud.

Therefore, Plaintiff has not adequately pled standing and this Court lacks subject matter jurisdiction over Plaintiff's claims. His claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

### III. Plaintiff fails to state a claim upon which relief can be granted, which requires dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).

This Court should dismiss Plaintiff's complaint if it finds that Plaintiff has failed to plead factual allegations sufficient "to raise a right to relief above the speculative level" so that a claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

7

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

RICO "makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To plead a RICO violation, the plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *W. Assocs. Ltd. P'ship v. Market Square Assocs.*, 235 F.3d 629, 633 (D.C. Cir. 2001) (citing 18 U.S.C. § 1961(b)). Under the statute, RICO-qualifying "racketeering activity" is defined by way of reference to a list of indictable federal offenses explicitly enumerated in 18 U.S.C. § 1961(1)(B). Such offenses are called "predicate acts," and only explicitly listed offenses can qualify as predicates.

### A.  Plaintiff fails to satisfy Federal Rule of Civil Procedure Rule 9(b)'s heightened pleading standard for fraud.

Violations of the mail fraud statute, 18 U.S.C. § 1341, are prohibited acts of racketeering under RICO. *See* 18 U.S.C. § 1961(1). However, to plead fraud under RICO, a plaintiff must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See MSP Recovery Claims,* 728 F. Supp. 3d at 110. The mail fraud statute prohibits the use of the mails for the purpose of executing a scheme or artifice to defraud or obtaining money or property by means of false pretenses and requires a showing of specific intent to defraud. *Id.* (citing 18 U.S.C. § 1341). While a defendant's knowledge of falsity may be alleged generally, specific allegations of the time, place, and contents of false representations are required. *Id.*

The Complaint does not include a single factual allegation to support the claim that the Walton Defendants violated the mail fraud statute: there is no allegation that the Walton Defendants used the mails, no specific allegations describing a scheme or artifice to defraud, and no allegation that any of the Walton Defendants made any false representations. Plaintiff alleges only that the property sold to the County by certain Walton Defendants was overvalued by false appraisals conducted by appraisers who were "linked to landowners and officials" and that the Walton Defendants knew that the appraisals were false. Compl. at xx.  The Complaint does not allege that the Walton Defendants caused the appraisals to be false or that the Walton Defendants made any false representation to effectuate the sale of the property. Finally, there are no allegations suggesting that the Walton Defendants had a specific intent to defraud. Thus, the pleadings do not satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b) and must be dismissed.

        **B.**      **Plaintiff does not sufficiently plead critical elements of a RICO conspiracy.**

Plaintiff has not sufficiently pled that defendants were in a RICO enterprise engaged in a pattern of racketeering activity. To allege a RICO enterprise, a plaintiff must plead facts sufficient to show "(1) a common purpose among the participants, (2) organization, and (3) continuity." *Brink v. Continental Ins. Co.*, 787 F.3d 1120, 1127 (D.C. Cir. 2015). Plaintiff does not plead any facts that plausibly establish any of these elements. Instead, Plaintiff makes impermissible vague and conclusory allegations that do not establish a claim. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. 662. For example, Plaintiff refers to a "racketeering enterprise" throughout the Complaint, but never defines it, never describes a common purpose, and never pleads any facts about its continuity. *See, e.g.*, Compl. at iii-iv, 16, 39-40.

### C. Plaintiff fails to plead proximate causation.

Plaintiff has also failed to plead proximate causation, as his injuries are too remote from the alleged violation. A RICO plaintiff cannot complain "of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts." *Holmes v. Securities Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992). This is precisely what Plaintiff does here: he complains of his alleged harm—paying fees and taxes—flowing from misfortunes allegedly visited upon a third person—a county in Florida that allegedly overpaid for the Walton Defendants' property. *See also Hemi Group, LLC v. City of N.Y.*, 559 U.S. 1, 8-12 (2010).

### D. Two of the three alleged violations of federal law are not predicate acts under 18 U.S.C. §§ 1961(1) and 1962(a).

The only Count in the Complaint against the Walton Defendants is Count 3, which alleges that the Walton Defendants received a payment that they knew was based on false appraisals or was misappropriated. Compl. at xx (Count 3). Count 3 also lists alleged violations of federal law, including violations of the RICO statute (18 U.S.C. §§ 1962(c) and (d)), the mail fraud statute (18 U.S.C. § 1341), the conspiracy statute (18 U.S.C. § 371), and the civil forfeiture statute (18 U.S.C. § 981). Compl. at xx (Count 3). To the extent that Plaintiff's RICO claim is predicated on violations of 18 U.S.C. §§ 371 and 981, the claim must be dismissed because violations of those statutes are not "prohibited acts" under 18 U.S.C. §§ 1961(1) and 1962(a).

### E. The alleged violations of Chapters of the Florida Statutes are not predicate acts under 18 U.S.C. §§ 1961(1) and 1962(a).

Plaintiff lists two chapters of the Florida Statutes in Count 3: Chapter 817 "Fraud Offenses" and Chapter 895, "Offenses Concerning Racketeering and Illegal Debts." The RICO statute, 18 U.S.C. § 1961(1)(A), includes in the definition of racketeering activity "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene manner, or dealing in a controlled substance or listed chemical . . . which is chargeable

10

under State law and punishable by imprisonment for more than one year." Plaintiff's vague citations to entire chapters of the Florida Statutes are insufficient to plead that the RICO conspiracy was predicated on violations of state law. Even if they were sufficient, Florida's Chapter 817 "Fraud Offenses" does not include a law prohibiting "an act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene manner, or dealing in a controlled substance or listed chemical," as required by 18 U.S.C. § 1962(1)(A). Similarly, Florida's Chapter 895, "Offenses Concerning Racketeering and Illegal Debts" contains the state's RICO statutes, but it does not itself specifically prohibit any act or threat involving the crimes described in Section 1961(1)(A). Therefore, to the extent that Plaintiff lists chapters Florida statutes to claim that the RICO conspiracy is predicated on violations of state law, those claims should be dismissed.

   **F. Plaintiff does not attempt to distinguish between individual Walton Defendants.**

  Despite naming or describing two different entities with "Walton" in their name, and two individuals with the last name Walton, Plaintiff makes no effort to distinguish among the Walton Defendants, instead vaguely referencing the "Waltons," or "Group C." While "Group C" is described as including MJW Ranch, LLC in the "Parties" section of the complaint, later references to Group C do not include MJW Ranch, LLC. *Compare id.* at xv *with id.* at xx (Count 3). MJW Ranch, LLC, Michael Allen Walton, and Julie M. Walton are not mentioned in any substantive allegations in the complaint. Purported defendant Julie M. Walton is described as a "manager" of MJW Ranch, LLC, and is never mentioned by name again.

  Moreover, although Plaintiff named several different groups of defendants, including the Carltons, the Longinos, and several government entities, the complaint contains numerous vague references to "defendants." *See, e.g.*, Compl. at iv, xiii, xviii-xxvi, 1, 8-9. Plaintiff makes no

11

effort to distinguish which defendant engaged in what alleged conduct and his descriptions of defendants are inconsistent and confusing.

Plaintiff's allegations fail to distinguish among different defendants and are thus insufficient to give each of the Walton Defendants fair notice of the claims against them and fail to state a claim against any of the Walton Defendants. *See, e.g.*, *HRH Servs., LLC v. Travelers Indem. Co.*, No. 23-2300, 2024 WL 5246521, at *13 n.8 (D.D.C. Dec. 30, 2024) (holding that allegations that do not distinguish among defendants fail to state a claim against those defendants).

### IV.     This Court lacks personal jurisdiction over all Walton Defendants.

The exercise of personal jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Due process requires that the defendant have "minimum contacts" with the forum such that maintaining the suit does not offend "traditional notions of fair play and substantial justice." *Id.* at 316; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). The claims must either "arise out of or relate to" the defendant's contacts with the forum, *id.*, or the defendant must be "essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

Plaintiff does not allege that the Walton Defendants have had any contacts with the District of Columbia, let alone enough minimum contacts to allow this court to exercise personal jurisdiction consistent with due process. Plaintiff's claims relate to property and parties in Florida. None of the claims arise out of or relate to any alleged contacts with the District, and the Plaintiff does not allege that the Walton Defendants are essentially at home in this jurisdiction. The only purported Walton Defendant whose location is described in the Complaint is a Florida-based LLC. Compl. ¶ 14.

Therefore, the complaint must be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## V.     Venue in the District of Columbia is improper.

If the court finds that venue is improper, it must dismiss the case or, "if it be in the interest of justice," transfer the case to a district or division in which it could have been brought. *See* 28 U.S.C. § 1406(a). Plaintiff bears the burden of establishing that venue is proper. *See Crowley v. Napolitano*, 925 F. Supp. 2d 89, 91 (D.D.C. 2013) (citing *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)). The venue statute, 28 U.S.C. § 1391, provides, in pertinent part, that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Plaintiff alleges that the racketeering enterprise consists primarily of ranch owners in Sarasota County, Florida, that state and county agencies in Florida were manipulated, and that sales of the properties at issue occurred in Florida. *See* Compl. at 1. In his "Timeline of Racketeering Crimes," every alleged event occurred in Florida. Therefore, a "substantial part of the events or omissions giving rise to the claim" occurred in the Middle District of Florida and venue is improper in the District of Columbia. The complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).

**Conclusion**

The Court should grant the Walton Defendants' motion and dismiss Plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

        Respectfully submitted,

        /s/Sara E. Kropf
        Sara E. Kropf (DC Bar 481501)
        Kropf Moseley Schmitt PLLC
        1100 H Street, NW, Suite 1220
        Washington, DC 20005
        (202) 627-6900
        sara@kmlawfirm.com

        *Attorney for Michael Allen Walton, Julie M. Walton, James J. Walton Trust, Wyona June Walton Trust, and MJW Ranch*