IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BARTH,<br><br>    Plaintiff,<br><br>v.<br><br>MABRY CARLTON RANCH INC.; LONGINO RANCH INC.; BERRYMAN LONGINO JR; JOHN LONGINO; THOMAS L. CURRY; BARBARA CARLTON; LISA CARLTON; KIMBERLY (CARLTON) BONNER; JOHN MINTON JR.; JOHN MINTON SR.; MICHAEL ALLEN WALTON; JAMES J. WALTON TRUST; WYONA JUNE WALTON TRUST; ERIC SUTTON; AMY MEESE; UNITED STATES GOVERNMENT; JOHN DOES 1-10; JANE DOES 1-10,<br><br>    Defendants. | C.A. No. 25-CV-01136 (DLF) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS LONGINO RANCH, INC. AND JOHN MINTON, JR.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

>Jeffrey M. Saltman
>D.C. Bar No. 978812
>COLE SCHOTZ, P.C.
>1050 Connecticut Avenue, NW
>Suite 500
>Washington, DC 20036
>Telephone: (202) 304-1611
>jsaltman@coleschotz.com
>
>**ATTORNEY FOR DEFENDANTS LONGINO RANCH, INC. AND JOHN MINTON, JR.**

**ARGUMENT**

Defendants Longino Ranch, Inc. and John Minton, Jr. (collectively the "Longino Defendants") submit this memorandum of law in reply to the opposition of Plaintiff John F. Barth ("Plaintiff") and in further support of the Longino Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 8(a)(2), 10(b), 12(b)(6) and 12(e), filed on June 17, 2025 (the "Motion"). As enumerated in the Motion, Plaintiff's Complaint fails to set forth a sufficient factual basis to support any cognizable cause of action against the Longino Defendants. Plaintiff's subsequent opposition brief similarly does not provide support for a cognizable cause of action. Indeed, Plaintiff's opposition fails to remedy the Complaint's defects and only further underscores the deficiencies identified in the Motion.

As an initial matter, the Plaintiff asserts additional conclusory allegations and statements against the Longino Defendants. Plaintiff suggests that the Longino Defendants' confusion over the claims set forth in the seventy-two (72) page Complaint is a "scam." In short, Plaintiff asserts that the Court should accept his pleading as legally sufficient simply because he says it is – not because it comports with the standards this Court requires.

As detailed in the Motion, neither the Longino Defendants nor the Court should be forced to decipher the "excessively long, rambling, disjointed, incoherent, . . . irrelevant and confusing" statements and allegations in the Complaint or "guess at what factual allegations underpin each claim" therein. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413, 416 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotations omitted). As the Federal Rules of Civil Procedure make clear the allegations in a complaint must be clear and direct so that it is evident to a defendant the claims being made against that defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint is to contain a "short and plain statement of the claim showing

that the pleader is entitled to relief"). Plaintiff's Complaint falls woefully short of the well-established standard set forth above and should be dismissed.

However, the Plaintiff's ire does not stop with just targeting the Longino Defendants, as his opposition also outlines unsupported claims about numerous United States District Court Judges. As to Plaintiff's spurious and unsupported claims regarding the members of the judiciary, such claims are without legal support or recognizable fact. Plaintiff's misguided focus on the alleged political beliefs of members of the judiciary in no way addresses whether the United States District Court for the District of Columbia is the appropriate venue for the pending litigation. Moreover, the United States District Courts for the Northern District of California, Oregon, and Hawaii all concluded that there was not a need to evaluate the substance or merits of similar pleadings because the issue of venue precluded such analysis. The same lack of venue is present here and like Plaintiff's frivolous actions in other United States District Courts this matter should also be dismissed for a lack of venue in the Nation's Capital. *See Barth v. Mabry Carlton Ranch, Inc.*, Case No. WL 7643097 (N.D. Cal. Dec. 23, 2020); *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 5989206 (D. Or. Oct. 8, 2020); *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 2840238 (D. Haw. Jun. 1, 2020).

**CONCLUSION**

For all the foregoing reasons set forth in the Longino Defendants' initial brief and in this reply brief, the Longino Defendants respectfully request that this Court enter an order dismissing Plaintiff's Complaint.

Dated:  June 30, 2025                                Respectfully submitted,

                                                     /s/ *Jeffrey M. Saltman*
                                                     Jeffrey M. Saltman
                                                     D.C. Bar No. 978812
                                                     COLE SCHOTZ P.C.
                                                     1050 Connecticut Avenue, NW
                                                     Suite 500
                                                     Washington, DC 20036
                                                     Telephone: (202) 304-1611
                                                     jsaltman@coleschotz.com

                                                     ATTORNEY FOR DEFENDANTS LONGINO
                                                     RANCH, INC. AND JOHN MINTON, JR.

## **CERTIFICATE OF SERVICE**

I certify that on June 30, 2025, a true and correct copy of the foregoing document was served electronically via ECF on all counsel of record and served on Plaintiff via Certified Mail at P.O. Box 88, Springvale, ME 04083 and email at jbarth@gwi.net.

*/s/ Jeffrey M. Saltman*
Jeffrey M. Saltman
