IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

John S. Barth,

      Plaintiff,

   v.

Mabry Carlton Ranch, et al.,

      Defendants.

Civil Action No. 1:25-cv-01136

**REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS MICHAEL ALLEN WALTON, JAMES J. WALTON TRUST AND WYONA JUNE WALTON TRUST[1]**

  Plaintiff's Opposition (D.E. 32) argues that well-established pleading standards do not apply to him and instead invents his own legal standards. In this reply, the Walton Defendants briefly address Plaintiff's arguments. The Court should reject those arguments and grant the motion to dismiss.

  *Plaintiff's 2019 complaint did not grant him unlimited time to file his claim.*

  Plaintiff's sole argument to avoid the statute of limitations is that he filed a complaint in the Middle District of Florida within four years of the date he discovered his claim on February 7, 2018. Opp'n ¶¶ 7-10. He does not argue or allege that the complaint he filed in Florida equitably tolled the statute of limitations or that any other federal tolling doctrine applies here. Instead, he argues that the Florida filing satisfies RICO's "criterion of timely prosecution" and does not preclude "withdrawal and refiling of cases" after "timely initial prosecution." *Id.* ¶ 9.

---

[1] According to the Court's notice of electronic filing, Plaintiff's Opposition was filed on July 2, 2025, but it was not entered on the docket and served on the Walton Defendants via ECF until July 7, 2025. Therefore, the deadline to file this Reply is July 14, 2025.

Plaintiff cites no authority for this standard—and there is none. The complaint should be dismissed with prejudice as to the Walton Defendants on statute of limitations grounds alone.

> *Plaintiff's fraud-based RICO claim must be pled with specificity.*

Plaintiff next argues that the Walton Defendants falsely stated in their Motion to Dismiss that Plaintiff is required to sufficiently allege mail fraud and that fraud must be pled with specificity. Opp'n ¶¶ 14, 19. He argues that a racketeering enterprise could involve many other types of offenses listed in 18 U.S.C. § 1961, and that fraud "is not a necessary component of a RICO racketeering enterprise." *Id.* ¶ 14. While there are many other predicate acts on which a RICO claim could be based, *Plaintiff's* RICO claim against the Walton Defendants is predicated *solely* on an alleged mail fraud violation. Compl. (D.E. 1) at xx (Count 3). Therefore, the elements of mail fraud should have been pled with specificity in the Complaint. Fed. R. Civ. P. 9(b). For the reasons explained in the motion to dismiss, Plaintiff failed to do so.

> *Plaintiff restates vague allegations of speculative injuries from his complaint and does not dispute his lack of taxpayer standing.*

Plaintiff's opposition next points to insufficient, vague, and speculative "injuries" in the complaint without addressing the legal requirements for pleading a concrete and particularized injury. Opp'n ¶ 11. Further, Plaintiff makes no attempt to address his standing defect: he lacks standing to bring claims based on an alleged increase in the taxes that Florida imposed on him. He has thus conceded this basis for dismissing his complaint. *See Dawn J. Bennett Holding, LLC v. FedEx TechConnect, Inc.,* 217 F. Supp. 3d 79, 82 (D.D.C. 2016), *aff'd*, No. 16-7144, 2017 WL 2373115 (D.C. Cir. Apr. 4, 2017) ("'It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, the court may treat those arguments that the plaintiff failed to address as conceded.'" (citations

and quotations marks omitted) (quoting *Hopkins v. Women's Div., Gen. Bd. Of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002)).

*Plaintiff has no basis to assert that venue is proper in all federal districts.*

Without citing any legal authority, Plaintiff argues that venue is proper in "all federal districts due to a substantial part of the distributed damages [i.e., the payment of federal taxes] occurring there" and that "substantial events . . . occurred at federal agencies denying investigation" in this district. Opp'n ¶¶ 35-36. There is no basis for his claim that "distributed damages" (ostensibly, federal taxes not plausibly alleged to be connected to the RICO violations) make venue proper in any federal district. Moreover, he does not deny or address the fact that nearly all the events giving rise to his claims occurred in Florida, where his complaint was previously dismissed with prejudice. For this reason, the complaint should be dismissed.

*Plaintiff confuses subject matter jurisdiction with personal jurisdiction.*

Plaintiff cites several inapposite factors to argue that this Court has personal jurisdiction over the Walton Defendants, including effects on other states, involvement of federal agencies, and effects on interstate commerce. Opp'n ¶ 30. But none of these factors are derived from case law or statutes. He does not dispute that the Walton Defendants do not have any of the requisite contacts with this forum to satisfy Due Process and instead dismisses the Walton Defendants' legal authority for the Court's lack of personal jurisdiction as "immaterial" without citation to any authority. His references to this Court's original jurisdiction over certain federal claims confuse subject matter jurisdiction with personal jurisdiction. *See id.* ¶¶ 32-33.

*Plaintiff's conclusory dismissals of the Walton Defendants' arguments lack merit.*

Several of Plaintiff's arguments offer no substance to dispute the arguments in the Walton Defendants' Motion to Dismiss. For example, he opposes the argument that critical elements of a

3

RICO conspiracy are missing from his complaint by stating only that defendants' "common purpose is sufficiently clear from their common theft of funds." Opp'n ¶ 21. Likewise, Plaintiff's proximate causation argument fails to address the remoteness of his alleged taxpayer damages from any allegation against the Walton Defendants, instead stating the conclusion that his purported losses are "clearly the direct result of the violations." *Id.* ¶ 23. He does not meaningfully dispute that his RICO claim is based on violations of law that are not predicate acts as defined by the RICO statute, instead merely stating that "there appears to be no rational basis for the defendant claim." *Id.* ¶ 24. His argument that the Florida Statute Chapters he lists as predicate acts are appropriate because "it would be difficult" to violate them without affecting interstate commerce is not based on any recognized legal standard. *Id.* ¶ 25. And he does not dispute that he failed to sufficiently allege fraud against the Walton Defendants individually, instead arguing that "it is unnecessary to state further detail" because "all of the Group C defendants have roles in the enterprise," *id.* ¶ 29, without pointing to any paragraphs where the complaint alleges facts supporting this summary conclusion.

All these arguments lack merit. The Court should grant the motion to dismiss not (only) because of the myriad pleading defects, but because "a cause of action does not exist." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 581 (2007) (quoting *Leimer v. State Mut. Life Assurance Co. of Worcester, Mass.*, 108 F.2d 302 (8th Cir. 1940)). Moreover, Plaintiff's complaint is time-barred, it was filed in the wrong federal district court, and it lacks plausible allegations of a causal link between Plaintiff's alleged damages and the Walton Defendants.

\*\*\*

The Court should grant the Walton Defendants' Motion and dismiss with prejudice Plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Sara E. Kropf
Sara E. Kropf (DC Bar 481501)
**KROPF MOSELEY SCHMITT PLLC**
1100 H Street, NW, Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com

Catherine M. Recker (*pro hac vice*)
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
Tel:    (215) 972-6430
Fax:    1-985-617-1021
cmrecker@welshrecker.com

*Attorneys for Michael Allen Walton, Julie M. Walton, James J. Walton Trust, Wyona June Walton Trust, and MJW Ranch*

**CERTIFICATE OF SERVICE**

I, Sara E. Kropf, hereby certify that a true and correct copy of the foregoing document was served by electronic filing on all counsel and parties of record through the Court's ECF system on July 11, 2025. In addition, the foregoing document was sent by first class mail to *pro se* plaintiff John S. Barth at the address listed on the complaint:

John S. Barth
P.O. Box 88, Springvale, ME 04083

Dated: July 11, 2025                                          */s/ Sara E. Kropf*