IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN BARTH,<br><br>    Plaintiff,<br><br>v.<br><br>MABRY CARLTON RANCH INC.; LONGINO RANCH INC.; BERRYMAN LONGINO JR; JOHN LONGINO; THOMAS L. CURRY; BARBARA CARLTON; LISA CARLTON; KIMBERLY (CARLTON) BONNER; JOHN MINTON JR.; JOHN MINTON SR.; MICHAEL ALLEN WALTON; JAMES J. WALTON TRUST; WYONA JUNE WALTON TRUST; ERIC SUTTON; AMY MEESE; UNITED STATES GOVERNMENT; JOHN DOES 1-10; JANE DOES 1-10,<br><br>    Defendants. | C.A. No. 25-CV-01136 (DLF) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
THOMAS L. CURRY, JOHN LONGINO, AND JOHN MINTON, SR.'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE
STATEMENT**

Jeffrey M. Saltman
D.C. Bar No. 978812
COLE SCHOTZ, P.C.
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Telephone: (202) 304-1611
jsaltman@coleschotz.com

**ATTORNEY FOR DEFENDANTS THOMAS L.
CURRY, JOHN LONGINO, LONGINO
RANCH, JOHN MINTON JR., AND JOHN
MINTON, SR.**

# TABLE OF CONTENTS

I. STATEMENT OF FACTS ............................................................................................... 1
II. LEGAL STANDARD ...................................................................................................... 4
III. ARGUMENT .................................................................................................................... 4

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barth v. Mabry Carlton Ranch, Inc.*,
   2020 WL 2840238 (D. Haw. Jun. 1, 2020) .......................................................................... 3, 6

*Barth v. Mabry Carlton Ranch, Inc.*,
   2020 WL 5989206 (D. Or. Oct. 8, 2020) ................................................................................ 3

*Barth v. Mabry Carlton Ranch, Inc.*,
   2020 WL 7643097 (N.D. Cal. Dec. 23, 2020) ........................................................................ 3

*Barth v. United States*,
   2022 WL 17719572 (D.D.C. Dec. 15, 2022), *aff'd sub nom. Barth v. United
   States Dep't of Justice*, 2023 WL 8663580 (D.C. Cir. July 7, 2023) ...................................... 3

*Ciralsky v. CIA*,
   355 F.3d 661 (D.C. Cir. 2004) ................................................................................................ 4

*\*Jiggetts v. D.C.*,
   319 F.R.D. 408 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, 2017 WL
   5664737 (D.C. Cir. Nov. 1, 2017) .................................................................................. 4, 5, 6

**Rules**

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 4

Fed. R. Civ. P. 8(d)(1) ..................................................................................................................... 4

I.   STATEMENT OF FACTS

On or about May 14, 2025, Plaintiff filed the instant Complaint, in part, against Thomas L. Curry, John Longino, and John Minton, Sr. (collectively the "Longino Defendants").[1]  (Dkt. 1). The seventy-two (72) page Complaint purports to contain nine (9) separate counts, all of which cite multiple state and federal statutes and provides a chart which attempts to make clear the claims that are applicable against each specific Defendant.  However, Plaintiff's chart does not provide clarity.  For example, Count 1 of the Complaint sets forth the following chart:

| | Defendant | Appendices | Complaint paragraphs |
|---|---|---|---|
| 22 | | | |
| 23 | **Defendant Group A** | | |
| 24 | Barbara Carlton | A-E | 7, 87, 98, 106, 116-117, 123, 166 |
| 25 | Lisa Carlton | A-E | 6-7, 81, 84, 87, 94-101, 104-107, 111, 114-120, 136-143, |
| 26 | | | 146-150, 154-166, 173-177, 183-184, 192, 205 |
| 27 | **Defendant Group B** | | |
| 28 | Berryman Longino Jr | A-E | 65, 68, 75, 98, 107-108, 114, 146, 154-160, 171-193 |
| 29 | **Defendant Group D** | | |
| 30 | Eric Sutton | A,D | 8-11, 31, 35, 102, 140-141 |
| 31 | Amy Meese | A | 103, 125-134, 141 |
| 32 | **Defendant Group E** | | |
| 33 | Karen Rushing | A | 88, 111, 143, 163-164, 170, 205 |
| 34 | Paul Mercier | A | 143, 157, 163-164 |
| 35 | Nora Patterson | A,B,E | 99, 120, 137, 143, 154, 163-4 |
| 36 | Jon Thaxton | A,B,C,E | 70, 99, 105, 137-138, 143, 155-156 |

Presumably, each Defendant must refer to the chart to determine which paragraphs of the Complaint he or she must answer, but as outlined *supra*, while this chart appears to list Defendants for each specific count, it provides more confusion than assistance.

Moreover, the referenced appendices are nowhere to be found in the Complaint, and there are multiple citations to them throughout the Complaint (*see, e.g.*, Complaint at p. iv: "For (1) the theft of $120 million in conservation funds in Florida, reference is made to Fact Appendices A - F

---

[1] The Longino Defendants adopt and restate the arguments set forth in the motion to dismiss filed by Longino Ranch and John Minton Jr. on June 17, 2025.  (*See* Dkt. 9).

1

and Memoranda of Law 1 - 7.  For (2) defendant agency refusal to investigate or prosecute these groups, and obstruction of Plaintiff FOIA investigation of the defendant agencies, Fact Appendix G and Memorandum of Law 8 are provided.").

To further confound matters, each count of the Complaint contains the following statement: "The section *Common Elements Incorporated Into All Claims* of this Statement of Claims is incorporated hereunder."  (*Id.* at Counts 1-9).  Therefore, the pleading's language makes it challenging, if not impossible, for the Longino Defendants to know which specific paragraphs pertain to them as well as the basis for the alleged claims set forth therein.

Finally, the Complaint is replete with immaterial and conclusory statements to which no response can be made.  For example, in an unnumbered paragraph on page "1" of the Complaint–which is in fact page thirty of the Complaint–Plaintiff states:

> The social groups of wealthy people are influential in Florida, using career or business bribes to build followings of social and economic opportunists. When such groups find common opportunity and resolve to fleece government, they become powerful racketeering operations. When such groups of opportunists become prominent in government, they severely damage the foundations of democracy, and form a new foundation of kleptocracy and oligarchy.

(*Id.* at p. 30). There are numerous examples of these immaterial and conclusory statements throughout the Plaintiff's Complaint.

Moreover, it is notable that Plaintiff has selected the United States District Court for the District of Columbia to pursue this latest attempted litigation involving the Longino Defendants. Based upon the instant pleadings it appears that the vast majority of the named Defendants are in Florida, specifically located within the venue for the United States District Court for the Middle District of Florida.  Specifically, Plaintiff's allegations highlight that the alleged wrongdoing took place in or around Sarasota County, Florida.  While Plaintiff is fully within his rights to file

2

litigation within the venue of his choosing, it is relevant to also note that this is not Plaintiff's first attempt to file a pleading involving these Defendants based upon similar allegations. For example, Plaintiff previously unsuccessfully used the resources of the United States District Court for the Northern District of California when he filed a similar pleading in *Barth v. Mabry Carlton Ranch, Inc.*, Case No. 5:20-cv-09288-NC, 2020 WL 7643097 (N.D. Cal. Dec. 23, 2020). In that case, the Honorable Edward J. Davila, United States District Court Judge for the Northern District of California, held *sua sponte* as follows:

> Moreover, the Court finds that venue is improper in this district. Plaintiff's claims relate to property in Florida and conduct that took place in Florida, and therefore venue is improper under 28 U.S.C. § 1391(b). Plaintiff's suit should have been brought in the Middle District of Florida, notwithstanding Plaintiff's assertion that the courts are corrupt.

2020 WL 7643097 at *1.

In addition, Judge Davila also cited two other cases Plaintiff brought in the United States District Court for the District of Oregon and the United States District Court for the District Hawaii. In both prior litigation attempts by Plaintiff, the respective federal courts in Oregon and Hawaii found venue to be improper in their districts and held that the proper venue for Plaintiff's claims was the Middle District of Florida. *See Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 5989206 (D. Or. Oct. 8, 2020); *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 2840238 (D. Haw. Jun. 1, 2020).[2]

---

[2] In addition, Plaintiff previously filed a similar action against the Longino Defendants in the District Court of Columbia, which he then voluntarily dismissed. *See Barth v. United States*, CV 22-955 (JEB), 2022 WL 17719572, at *1 (D.D.C. Dec. 15, 2022), *aff'd sub nom. Barth v. United States Dep't of Justice*, 22-5338, 2023 WL 8663580 (D.C. Cir. July 7, 2023) ("*Pro se* Plaintiff John S. Barth has waged a protracted litigation campaign against myriad Florida-based individuals and entities, alleging that they operate a criminal enterprise that steals conservation funds from that

3

## II.     LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) provides that pleadings must contain a "short and plain statement of the claim[.]"  Fed. R. Civ. P. 8(d)(1) requires that allegations within a complaint be "simple, concise, and direct."  "Taken together, [the aforementioned rules] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004).

In *Jiggetts v. D.C.*, 319 F.R.D. 408, 411 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017), then United States District Court Judge Ketanji Brown Jackson explained, "'[a] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material' will patently fail the Rule's standard, and so will 'a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments.'" *Id.* at 413 (quoting *T.M. v. District of Columbia*, 961 F. Supp.2d 169, 174 (D.D.C. 2013)).

## III.    ARGUMENT

Here, the Complaint is an impermissible "shotgun" pleading and should be dismissed.  Indeed, the seventy-two (72) page Complaint suffers from the same afflictions as the complaint in *Jiggetts*.  In *Jiggetts*, the Court found a seventy-eight (78) page fourth amended complaint to be "unnecessarily lengthy" and determined that "[un]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 319 F.R.D. at 414-15.

---

state.  In his latest foray, Barth filed this Complaint against those Florida Defendants . . . He then voluntarily dismissed the Florida Defendants[.]").

Moreover, the length of the instant Complaint speaks for itself as do the frequent ramblings therein. If required to answer the Complaint, the Longino Defendants would be forced to guess which, if any, of the statements set forth in the Complaint are truly relevant as well as which statements are applicable to which specific Defendant.

In *Jiggetts,* the Court took issue with the complaint given the "irrelevant and unnecessary facts" set forth therein. *Id*. at 415. Similarly, the Complaint here is riddled with conclusory statements without legal or factual support of alleged corruption and conspiracies. It would be impossible to respond adequately to such allegations. Additionally, the Complaint contains multiple legal theories – some of which are not viable. For example, attempting to state a civil cause of action based upon a criminal statute such as perjury. (*See* Complaint at Counts 7 & 8). As the Court found in *Jiggetts*, "excessive averments regarding extraneous facts 'make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter[.]'" 319 F.R.D. at 415 (quoting *United States ex rel. Gurst v. Lockheed-Martin Corp.* 328 F.3d 374, 378 (7th Cir. 2003)). The term "unintelligible" aptly defines the instant Complaint.

The *Jiggetts* Court also deemed the complaint in that case deficient because "the myriad factual allegations [were] entirely divorced from the various legal claims" alleged by plaintiffs. *Jiggetts*, 319 F.R.D. at 416. In this regard, the *Jiggetts* Court found the incorporation by reference of allegations within the various counts of the complaint was a "core flaw" because it would require a defendant to "guess at what factual allegations underpin each claim making it difficult to evaluate which, if any, show that Plaintiffs are entitled to relief." *Id*. (internal quotations omitted). As set forth *supra*, the Complaint parallels the complaint in *Jiggetts* in that the instant pleading includes a confusing chart of legal theories, perplexing factual allegations, and unclear claims. The same "core flaw" identified in *Jiggetts* exists here. Based on the above deficiencies, the *Jiggetts* Court

5

dismissed the fourth amended complaint without prejudice "to simplify and clarify their pleading[.]" *Id*. at 419. The Complaint at issue here must suffer the same fate. As such, Plaintiff's Complaint should be dismissed without prejudice.

Finally, in the similar cases Plaintiff brought in the United States District Courts for the Northern District of California, Oregon, and Hawaii, the respective courts there did not reach the issue of Plaintiff's flawed pleading as the question of venue predominated. Given that the same concerns regarding venue exist here, the Longino Defendants do not object to the matter being *sua sponte* transferred to Middle District of Florida. However, as he has done previously, it is likely that Plaintiff will "oppose[] venue in [the Middle District of Florida] due to purported corruption." *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 2840238 at *3. Accordingly, given that the "proceeding[] [is] still in the earliest stages, and it would not be in the interest of justice to transfer, dismissal is [the] appropriate[]" remedy. *Id.* Based on the foregoing, the Longino Defendants respectfully request that the Court dismiss Plaintiff's Complaint.

Dated: July 17, 2025            Respectfully submitted,

/s/ *Jeffrey M. Saltman*
Jeffrey M. Saltman
D.C. Bar No. 978812
COLE SCHOTZ P.C.
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Telephone: (202) 304-1611
jsaltman@coleschotz.com

**ATTORNEY FOR DEFENDANTS THOMAS L. CURRY, JOHN LONGINO, LONGINO RANCH, JOHN MINTON JR., AND JOHN MINTON, SR.**

69860/0001-50473212v2

**CERTIFICATE OF SERVICE**

I certify that on July 17, 2025, a true and correct copy of foregoing document was served electronically via ECF on all counsel of record and served on Plaintiff via Certified Mail at P.O. Box 88, Springvale, ME 04083 and email at jbarth@gwi.net.


*/s/ Jeffrey M. Saltman*
Jeffrey M. Saltman

7