**District Court of the United States**
**District of Columbia**

--------------------------------------------

|  Case No. 1:25-cv-01136-DLF

John S. Barth, |

                Plaintiff |

v. |

Mabry Carlton Ranch Inc., et al. |    **PLAINTIFF OPPOSITION TO**

                Defendants |    **DEFENDANT BONNER MOTION TO DISMISS**
                                        **with**
                                        **MEMORANDUM OF LAW**

Defendant Kimberly Carlton Bonner (of Defendant Group A) has filed a meritless motion to dismiss based solely upon false statements of the facts and of law, hereby opposed with correction and disposition of the motion. Bonner is VP and stockholder of defendant MCRI, a primary recipient of the stolen funds, and a corrupt partisan state judge sued in her individual capacity, for conspiracy to misappropriate state and county funds, and for abuse of public office to obstruct and retaliate against the Plaintiff for his investigation of this racketeering crime.

Note that to date the Plaintiff has not been served or otherwise notified of the motion, docketed 7/2/2025 and found there by the Plaintiff 7/19/2025, so that this response is timely.

**CONTENTS**

MEMORANDUM OF LAW ................................................................................................ 2
Summary ...................................................................................................................... 2
Table of Authorities (see Complaint, Appendices A–H, and Memoranda Of Law 1–8) .............. 2
FALSE STATEMENTS OF FACT BY DEFENDANT BONNER ............................................ 3
    False Statements About The Nature Of The Case ................................................... 3
    False Statements That Bonner Cannot Comprehend The Claims ............................. 3
    False Statements About Prior State Nuisance Action ............................................. 3
    False Statements That Related Federal Cases Were Identical ................................. 4
FALSE STATEMENTS OF LAW BY DEFENDANT BONNER ............................................ 5
    False Argument That No Federal Question Is Presented ........................................ 5
    False Argument Of Improper Venue ..................................................................... 6
    False Argument Regarding Partisan Denials Of Venue .......................................... 7
    False Argument Of Lack Of Personal Jurisdiction .................................................. 8
    False Argument That Charges Must Be Detailed Against Individual Group A Defendants ..... 10
    False Argument Of Judicial Immunity For Non-Judicial Acts .................................. 11
CONCLUSION ............................................................................................................ 11



**RECEIVED**

JUL 22 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**MEMORANDUM OF LAW**

**Summary**

The defendant motion lacks any basis in law, merely repeating the false arguments of the other defendant motions on jurisdiction and venue, herein disposed. It seeks to unlawfully force venue to the Florida middle district controlled by the partisan defendants, an admission of the partisan corruption found there. Similar false arguments were made by other defendants.

The Bonner motion, like her direct abuses of office in unrelated actions by the Plaintiff, is no more than another series of deliberate false statements of the facts and law, ignoring contrary fact to create an illusion of argument for unsupportable conclusions, replete with immaterial citations and demonizations of "conspiracy theories" nowhere alleged.

While citizens wish to believe that even state judges can never be worse than Santa Claus in solemn robes, the question here is not what we wish to believe. Every profession has its scammers and scoundrels, who in law are often rewarded rather than punished. The fact that the Florida AG defends Bonner illustrates the greedy opportunism common there, and the partisan collusion that elevates and rewards their own kind with contempt for essential public interests.

**Table of Authorities (see Complaint, Appendices A–H, and Memoranda Of Law 1–8)**

**FALSE STATEMENTS OF FACT BY DEFENDANT BONNER**

**False Statements About The Nature Of The Case**

1.  Bonner seeks throughout her motion to divert attention from the undeniable facts of collusion in racketeering, especially her own, by frivolous claims that the fully-documented Complaint, eight Appendices of Fact, and eight Memoranda of Law, are magically no more than a "frivolous attempt to allege a massive government conspiracy" (p.1, 3). Bonner pretends to defend the government she has so profoundly betrayed, by pretending that her prosecution requires a theory of "government conspiracy." But of course the thorough documentation of racketeering collusion by a handful of partisans scattered over a broad area is not a "theory of grand conspiracy." The same claim could be made about any racketeering case, and is plainly false.

2.  The motion claims falsely (p. 1 footnote) that the Appendices and Memoranda of Law filed after service of the Complaint,which references them extensively, magically required a motion to amend the Complaint. This claim has no basis in law or procedure. The defendant clearly wishes to suppress and ignore the extensive fact and argument.

**False Statements That Bonner Cannot Comprehend The Claims**

3.  Defendant Bonner claims repeatedly that she simply cannot understand which Complaint paragraphs are applicable, despite (a) the clear lists of Complaint paragraphs applicable to Group A for each of Counts 1, 2, 3, 4, 5, 6, and 8; (b) the *Table of Paragraph References Per Defendant For All Counts* (p. xvii); (c) the common racketeering elements stated in *Common Elements Incorporated Into All Claims* (p. xxvii); (d) the many specific references to Group A and Bonner in specific paragraphs; and (e) her enumeration (p. 1) of relevant Counts 2, 3, 5, 8. This is an unsupportable false claim.

**False Statements About Prior State Nuisance Action**

4.  The motion makes many false statements (p. 2) about the nuisance action in Florida which revealed the corruption of defendant Bonner. These cases are detailed in Appendix F: Acts Of Crime Constituting Racketeering, in particular these sections:

> *Denial of Constitutional Rights by Defendants State of Florida, Sarasota County, & Bonner*
> *State Court Actions Following Improper Acts Of Federal Court*

5.  Bonner again makes false claims to fake up an argument of innocence: (1) falsely claims that the first 2012 County case 2012 CC 6843 was reassigned to another judge before decision; (2)

ignores the fact that her corruption forced the venue change to the superior court (state 12th

Circuit 2013 CA 1257); (3) fails to explain how she forced her way to that court and displaced

the sympathetic judge there; (4) fails to explain why she grabbed the case again to continue her

abuses; (5) falsely claims that her disqualification upon Plaintiff appeal amounted to having

"disqualified herself" (p. 3); and (6) fails to explain how another partisan judge was assigned to

continue the *identical abuses* without evidence or argument. Appendix F shows clearly that these

acts of Bonner were extreme abuses of office intended to obstruct investigation of her crimes.

**False Statements That Related Federal Cases Were Identical**

6.   The Plaintiff first brought related action under seal in 2019 in the Florida Middle District

(FLMD 8:19-cv-3181-T-33AEP), although by then aware of the extraordinary partisan

prejudices of that venue (see Appendix F section *Denial of Constitutional Rights by Defendant*

*Kovachevich and 11th Circuit*), with motion that the court request investigation by federal

investigative agencies. When that court denied seal and refused to request investigation, the

Plaintiff withdrew the case for filing in a less prejudiced venue [docket 12] with few judges of

the defendants' political party.

7.   Venue in any district was proper due to major damages in all districts due to taxation of out-

of-state property owners to pay interest on the bonds issued to make the unlawful payments to

the defendants. The Plaintiff computed the losses in each district based upon population and the

percentage of out-of-state owners of Florida property (21%), and thereby determined each

district's losses as a multiple of it's felony crime threshold, proving the "substantial damage"

criterion of racketeering venue. Therefore charges against the private defendants were brought

under seal in three ninth-circuit districts having a minority of judges of their political party: (1)

Hawaii (CV20 00104 JAO-KJM, about 150 felonies), (2) Oregon (3:20-cv-01164-AC, 360

felonies), and (3) CA Northern District (5:20-cv-09288-NC, 781 felonies) to avoid the political

corruption of the Florida Middle District. A warning on the front cover cautioned against bias:

> This complaint involves operatives and cash flows of a major industry (agriculture and
> ranching) and political party (Republican) with which the assigned judge may not have
> social, financial, or career connections or sympathies without violation of the judicial
> code of conduct.

8.   But in every case, a judge of the defendants' political party grabbed the case, in knowing

violation of the Code Of Judicial Conduct, and denied venue on the PERJURY that 150, 360,

1    and 781 times the felony crime threshold was not "substantial damage," with no argument
2    whatsoever except one case which the FBI declined to investigate because the only issue was a
3    single defective guitar. Of course venue in federal cases is not denied for cases with damages
4    amounting to hundreds of felony crimes.
5    9.   Upon appeal the 9th Circuit failed to overturn the partisan perjuries, and claimed madly that
6    5,332 felony crimes there by their political partisans did not amount to "substantial damages."
7    10. The motion falsely claims (p. 3) that the issues of these cases undertaken to request federal
8    investigation, were the same as in the present case, claiming (p. 3) that "the same lawsuit has
9    failed in five other fed districts" despite full knowledge that the core issues are not related. In
10   fact the only issues considered by the partisan judges were those of venue, which they denied on
11   an absurd perjury of law, that thousands of felony crimes were not "substantial damages." Those
12   venue issues are unrelated even to the venue issues raised by the defendants.
13
14
15   **FALSE STATEMENTS OF LAW BY DEFENDANT BONNER**

16   **False Argument That No Federal Question Is Presented**
17   11. The motion claims falsely (p. 5) that the Complaint is magically "insubstantial" by reason of
18   "presenting no federal question" despite the many federal laws violated and listed in the
19   Complaint *Claims* (p. vii-xxii). The defendant citations are immaterial.
20   12. Of course this case deals exclusively with the racketeering of Bonner and other defendants,
21   not the issue of agency refusals to investigate, considered in a predecessor case. But the motion
22   seeks to deceive by invoking the absurd notion that a fully-documented racketeering Complaint
23   with eight Appendices of Fact and eight Memoranda Of Law, merely states a "theory"
24   deprecated as one of "massive conspiracy between multiple federal agences" (p. 5).
25   13. In fact the Complaint does not attribute agency failures to conspiracy, which might be due to
26   fear of political retribution for political investigation, false database information accessed by all
27   agencies, or other large or small internal errors, procedure problems, or resource limitations.
28   14. But even considering the investigation issues of the prior case, Bonner corruptly ignores the
29   fully proven refusals of DOJ, FBI, and HSA to investigate partisan corruption over a 3-year
30   period of 35 fully-evidenced requests to all local, state, national, and OIG offices of all of those
31   agencies, even as they investigated for *six* years a politician of the *opposing* party on mere

1   *allegations* of mishandling *one-thousandth* of the amount stolen by Bonner and other defendants.

2   Clearly the only "bizarre" theory here is Bonner's belief that her endless perjuries and deceptions

3   will somehow obscure her own undeniable collusion in racketeering.

4   15. The Bonner motion states falsely (p. 6-7) that the Complaint "continuously states" the

5   defendants are being "paid for this conspiracy" with "no logical connection," other than (1) their

6   proven partisan theft of $119 million arranged by her sister defendant Lisa Carlton, then

7   president of the Florida senate, (2) her non-election as a county judge via partisan connections

8   with only one recommendation (from another defendant herein), and (3) her own promotion to

9   the county "circuit" (superior) court to obstruct investigation of her own racketeering, using

10  undisclosed incentives from those thefts. Of course she claims that all such claims are

11  "frivolous," hoping to block discovery of her crimes and partisan manipulations of judicial

12  selection. But in fact the interstate racketeering issues here are clearly federal issues.

13  **False Argument Of Improper Venue**

14  16. The motion makes several plainly false arguments (p. 9 et seq) against venue in this district,

15  ignoring the basis thereof stated in the Complaint section *Jurisdiction, Venue, and Assignment*,

16  which well establishes venue in this district:

> 17  Venue in RICO action is proper under 18 USC §1965 (a) in any district where a
> 18  defendant "resides, is found, has an agent, or transacts his affairs." The defendant federal
> 19  government and agencies meet all of these criteria. The racketeering enterprise also
> 20  "transacts affairs" in DC by taxing Florida property with out-of-state owners, to cover
> 21  interest on bonds issued for corrupt payments. Property there owned by D.C. residents is
> 22  above-average in value, but even using average values, residents here lost $56,437 to the
> 23  racketeering scheme, several times that amount with long-term interest, far exceeding 56
> 24  felony crimes here. Residing in DC during this period, Donald Trump alone lost about
> 25  $1,830 in additional taxes on his Palm Beach home due to this racketeering, and several
> 26  times that amount with long-term interest. More than 56 felony crimes in D.C. including
> 27  multiple felonies against U.S. presidents, establish that the racketeering enterprise
> 28  "transacts affairs" in D.C. Venue in the D.C. district is therefore clear.

29  17. The motion falsely argues (p. 9) that venue under 28 U.S.C. § 1391(b) is not established. But

30  in fact 28 U.S.C. § 1391(b) provides for federal venue in:

> 31  (1) a judicial district in which any defendant resides, if all defendants are residents of the
> 32  State in which the district is located;
> 33  (2) a judicial district in which a substantial part of the events or omissions giving rise to
> 34  the claim occurred, or a substantial part of property that is the subject of the action is
> 35  situated;

(3) if there is no district in which an action may otherwise be brought as provided in this section, <u>any judicial district in which any defendant is subject to the court's personal jurisdiction</u> with respect to such action.

18. Criterion (2) best applies to this case. The Complaint establishes venue under 28 U.S.C. § 1391(b)(2) due to the substantial damages in every federal district resulting from the theft of funds by the defendants (see quotation above). Venue in the D.C. district is therefore clear.

19. The defendants offer no reason to exclude the D.C. district, and merely ignore the distributed damages and federal defendant, in hope of forcing a venue controlled by their political party. The motion merely argues (p. 9) that venue would not meet criterion § 1391(b)(1) because *not all* defendants are from D.C., and seeks to deceive that § 1391(b)(2) somehow doesn't apply because *other* substantial damages occurred elsewhere (p. 9) or because the property of D.C. owners was located elsewhere (p. 11). These are immaterial deceptions, not arguments.

**False Argument Regarding Partisan Denials Of Venue**

20. The motion drifts from its false venue argument with perjuries of the cause of denial of venue in other districts (p. 10-11) in preceding cases *to request federal investigation*. As noted in the Complaint *Statement of Related Cases* [104 – 112] (p. vi) and detailed in Memorandum Of Law 8 (p. 4) section *Districts Where Process Was Denied Despite Substantial Damages*, after denial of motions to seal and request investigation by the Florida Middle District consisting entirely of judges appointed by the political party of the subject racketeering, venue was sought in other districts with less partisan distortion. But in every case, a judge of the political party involved grabbed the case and again denied venue with the same absurd perjury of law:

> In each venue, a dishonest Republican judge grabbed the case and denied venue, claiming damages there were miraculously not "substantial" enough for venue under the RICO "substantial damages" criterion, although damages were about $116,332 (155 felonies) in Hawaii, $346,601 (346 felonies) in Oregon, and $723,275 (723 felonies) in CAND. The 9th Circuit ignored the issues of law. Note that a search for an honest venue cannot be considered "venue shopping."

21. But the motion falsely claims (p. 11) that these partisan perjuries of law argue against venue in D.C., despite the D.C. headquarters of agencies that refused to investigate, and the standard practice of D.C. district venue in claims involving the United States. The only argument of these partisan racketeers is that there is no limit at all upon the "substantial damages" they may cause in any district where any judge was appointed by their own political party, so that 28 U.S.C. §

1   1391(b)(2) can never be applied to themselves. This is not argument, it is another exercise in

2   perjuries of law. The same perjury was refuted in opposition to motions of other defendants.

3   22. It is abundantly clear that this is a complex case against political racketeering, extensively

4   impeded by partisan judges who unlawfully denied investigation by denying seal and venue. The

5   defendant claims are nothing more than further scams by political racketeers.

6   **False Argument Of Lack Of Personal Jurisdiction**

7   23. The motion falsely claims (p. 7) a lack of personal jurisdiction of the Court over Bonner,

8   based only upon her residence in another state. This is an absurd attempt to construe personal

9   jurisdiction to preclude any federal litigation against defendants in multiple districts. Of course,

10  the citations are again immaterial cases of unrelated circumstances.

11  24. As noted in the Complaint section *Jurisdiction, Venue, and Assignment*, jurisdiction hereof is

12  established under federal law, based upon federal issues and diversity. This action is brought for

13  violations of rights guaranteed by the Constitution of the United States, and violations of federal

14  laws, including 18 U.S.C. §§ 1961–1968 (Racketeering Influenced and Corrupt Organizations

15  Act or RICO). This Court has original jurisdiction under 28 USC §1331 (federal issue) of the

16  claims herein of violations of these statutes of the United States, and under 28 USC § 1332

17  (diversity) of all claims herein, as well as jurisdiction of claims of interference with interstate

18  commerce, as the Plaintiff is a citizen of Maine, whereas all defendants are citizens or entities of

19  other states, or federal entities.

20  25. This district court has original jurisdiction under 28 USC §1343(1 and 2) (conspiracy) of the

21  claims herein of deprivations of civil rights by acts of conspiracy in violation of 42 USC §1985

22  (Civil Rights Act), or failure to prevent such deprivations, and under 28 USC §1343(3) (color of

23  state law) of all claims herein of deprivations of civil rights under color of state law.

24  26. Jurisdiction of the D.C. District includes the residual liability of the federal government for

25  refusal to investigate political racketeering of one party while investigating its opponent (Count

26  9, Complaint p. xxvi).[1] That jurisdiction has broadened since the denial of Tucker Act (28 U.S.C.

27  §§ 1346(a) and 1491) jurisdiction of tort claims by the Court of Federal Claims (2002-2004),

28  which forced such claims into the district courts along with their prior jurisdiction of smaller

---

[1] The Supreme Court superceded its 1894 *Schillinger* decision in recognizing [80] that the Tucker Act extended jurisdiction to nearly all claims against the U.S., confirmed in *Dooley v. United States* [78, 1901] and *United States v. Lynah* [79, 1903], including tort claims, contract claims, and non-tort claims for specific damages.

claims against federal government under the "Little Tucker Act" (28 U.S.C. §§ 1346a). No

residual federal claim is asserted after full compensation of damages by the other defendants.

27. Federal jurisdiction depends upon violation of the federal laws enumerated in the Complaint

Claims, not upon state rules for state jurisdiction. But the motion claims (p. 7) that a local D.C.

rule (DC Ann § 13-423) determines federal jurisdiction regardless of federal law. Even if that

were arguable, the motion ignores the fact that the Complaint shows that the defendant acts meet

*three* of the *independent* criteria of jurisdiction under the D.C. rule:

> (1) transacting any business in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District
> of Columbia; and
> (4) causing tortious injury in the District of Columbia by an act or omission outside the
> District of Columbia if… substantial revenue… in the District of Columbia;

28. Instead the motion seeks to to obscure the clear connections shown in the Complaint with

further false statements of fact (p. 8, 9):

> 1. That Bonner's only involvement was in unrelated cases in Florida (wherein she sought
> to obstruct Plaintiff investigation of her racketeering);

> 2. That Bonner had no "business in the District of Columbia" despite her profit from

taxation of residents there who own property in Florida, to cover the costs of her theft;

> 3. That the Complaint "does not allege any injury caused" in D.C. resulting from

Bonner's racketeering theft, despite its clear statement and quantification thereof; and

> 4. That the Complaint "does not connect" the Florida real property taxation of D.C.

residents to the acts of the defendants, despite its clear statement and quantification thereof.

29. In fact the Complaint and Appendices clearly show that even the D.C. criteria are met: (2) the

defendants' "business" of taxation of Florida property to pay interest on bonds issued for the

funds paid to the defendants, and the distribution of that burden upon out-of-state owners who

are residents of D.C.; (3) the injury caused in D.C. resulting from Bonner's racketeering theft;

and (4) the connections of the defendants with the theft. The Bonner statements are deceptions if

not perjuries of fact, seeking to obscure the clear basis of venue, even under D.C. rules for local

courts, and to obscure the clear basis of venue under federal law and the F.R.Civ.P.

30. Of course, federal jurisdiction has never been determined solely by the residency of one set

of defendants. The defendant ignores (a) damages in every federal district due to the additional

tax burden imposed upon out-of-state property owners by the defendants' offenses; (b) effects

upon the Plaintiff residing in another state; (c) involvement of interstate commerce by interstate

1 and international cashflows associated with the stolen funds and related payments involving their

2 political party; (d) effects upon federal conservation budgets due to diversion of state funds; (e)

3 injuries to residents of other states by their diversion of conservation funds; (f) the fact that the

4 defendants reside in three federal districts of Florida; and (g) the involvement of federal agencies

5 in this case and its predecessor in this district. Therefore these defendants have no argument that

6 only one Florida district shown to share their partisan prejudices could have jurisdiction.

7 **False Argument That Charges Must Be Detailed Against Individual Group A Defendants**

8 31. The motion suggests that Complaint allegations are stated against Group A but not against

9 defendant Bonner, despite (1) her role as VP and stockholder of MCRI; (2) her knowledge and

10 receipt of funds obtained by racketeering; (3) her direct involvement in Counts 5 and 8; and (4)

11 the Complaint list of applicable paragraphs (p. xvii) under Statement Of Claims *Table of*

12 *Paragraph References Per Defendant* (as well as Count 5 and Count 8):

13 | Defendant | Appendices | Complaint paragraphs |
14 | Kimberly (Carlton) Bonner | A,B,F | 108-111, 143, 168-170, 189, 198-207. |

15 32. Count 5 states of Bonner that:

16 The defendants have offered or received payments, promotions, and honors for false
17 statements or acts in conspiracy, to defraud the state of Florida, Sarasota county, and the
18 United States, and to cause misappropriation of substantial public funds restricted to
19 conservation purposes, for land and easements having no conservation value while the
20 land remains deforested or in use as cattle ranches, for payments of many times the total
21 fair market value of the land. The section *Common Elements Incorporated Into All*
22 *Claims* of this Statement of Claims is incorporated hereunder.

23 33. Count 8 further states of Bonner that:

24 The defendants have conspired to deny, refused to prevent denial, and ratified denial of
25 constitutional rights of the Plaintiff, in violation of 42 USC §§ 1982-1985 and 18 USC §
26 242, and in conspiracy to cause misappropriation of substantial public funds, and to retain
27 public offices and licenses abused by them for personal gain. The paragraphs of *Common*
28 *Elements Incorporated Into All Claims* of this Statement of Claims are incorporated
29 hereunder.

30 34. Because all of the Group A defendants have principal roles in the enterprise of MCRI and

31 associated lands, activities, appraisals, and applications for and receipt of state conservation

32 funds, each of which constitute participation in the racketeering enterprise, it is unnecessary to

33 state further detail prior to discovery and trial.

**False Argument Of Judicial Immunity For Non-Judicial Acts**

35. The Bonner motion absurdly claims judicial immunity (p. 12) despite its admission that "judicial immunity does not apply… when the alleged acts were nonjudicial." End of argument. But the motion pretends (p. 13) that this case concerns only her corrupt efforts to disrupt investigation and litigation of her racketeering, by abuse of judicial office to deny due process in the nuisance case that led to discovery of the racketeering. The citations are again immaterial.

36. Bonner's denial of due process extended far beyond her manifestly corrupt decision in the prior nuisance case as a local judge: she also corruptly pursued the Plaintiff by buying a promotion to the superior court where that case had been removed, grabbed the case again there, and again corruptly denied due process for years, having been told that the Plaintiff was investigating her racketeering crime. These are not "judicial acts" but acts of extraordinary abuse of judicial office, and corrupt means of seeking judicial office. But regardless of that criterion, this case primarily concerns her *direct role* in the subject racketeering, at least by knowledge thereof and profit therefrom.

37. Bonner never loses an opportunity in her motion to praise herself as "Judge Bonner" despite her disgraceful record of corruption in that capacity, having bought with partisan "donations" both her local judgeship and her promotion to state superior court to grab the Plaintiff case again, which had been removed to that court to escape her manifest corruption. With these primitive appeals to professional tribalism, she demands that other judges grant her immunity for racketeering crime. Will she be held immune as she demands, as a thief honored among thieves? Then we shall have more of them, for "power corrupts, and absolute power corrupts absolutely."[2]

**CONCLUSION**

The defendant motion lacks any basis in law, having been based upon completely unsupportable false claims and quibbles of (1) racketeering venue; (2) presence of federal issues; (3) personal jurisdiction; (4) sufficiency of allegation; and (5) judicial immunity for non-judicial acts. In fact the claims are valid and properly stated, and both venue and jurisdiction are clearly shown. Therefore the motion should be denied.

---

[2] Lord Acton

1    **OATH AND CERTIFICATE**
2
3           I, the undersigned Plaintiff John S. Barth do hereby certify under penalty of perjury that
4    the foregoing is true and correct to the best of my knowledge and belief. I further certify that on this
5    date a copy of the foregoing document was served electronically via ECF on all counsel of record.
6
7    Date:_____7/22/2025_____                        _____
8                                                    John S. Barth, Plaintiff, pro se
9                    P.O. Box 88, Springvale, ME 04083 Jbarth@gwi.net   207-608-1741
10