**District Court of the United States**
**District of Columbia**

------------------------------------------

John S. Barth,
         Plaintiff

v.

Mabry Carlton Ranch Inc., et al.
         Defendants

------------------------------------------

Case No. 1:25-cv-01136-DLF

**PLAINTIFF OPPOSITION**
**TO SECOND DEFENDANT GROUP B**
**MOTION TO DISMISS**
**with**
**MEMORANDUM OF LAW**

     Defendant Group B (Longino Ranch, Inc., Berryman Longino Jr. - deceased, John L. Minton Jr, John L. Minton Sr, Thomas L Curry, and John Longino) have filed another copy of their meritless motion to dismiss based solely upon unsupported false statements of fact and law, adding nothing but a minor footnote (p. 1) to the 6/17/25 version of their motion. This is apparently a unethical scam to create an "unopposed" dispository motion during the vacation season, and is hereby opposed in greater detail with disposition of the defendant motion.

## Contents

MEMORANDUM OF LAW ...................................................................................... 2
Summary ............................................................................................................... 2
Table of Authorities (see Complaint, Appendices A–H, Memoranda Of Law 1–8) ..................... 2
FALSE STATEMENTS OF FACT BY DEFENDANTS ............................................................ 2
    False Claim Of Confusing Statement Of Claims........................................................... 2
    False Claim Of Excessive Length Of A Complex Racketeering Complaint............................. 2
    False Objection To Appendices Of Fact...................................................................... 3
    False Claim Of Improper Statements In Complaint ....................................................... 3
FALSE ARGUMENT BY DEFENDANTS ......................................................................... 4
    False Argument Against Venue................................................................................. 4
    False Argument That Civil Racketeering Complaints May Not Claim Damages Of Crime ...... 5
CONCLUSION............................................................................................................ 5

**RECEIVED**

JUL 23 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia



**MEMORANDUM OF LAW**

**Summary**

The defendant motion lacks any basis in law, consisting of false statements of (1) "confusing" claims, (2) excessive length, and (3) improper statements, as well as false arguments against (4) venue, and (5) civil racketeering claims of damages resulting from crime.

**Table of Authorities (see Complaint, Appendices A–H, Memoranda Of Law 1–8)**

**FALSE STATEMENTS OF FACT BY DEFENDANTS**

**False Claim Of Confusing Statement Of Claims**

1.  These defendants claim absurdly (p. 1, 2) that despite (a) the clear lists of Complaint paragraphs applicable to them for each of Counts 1, 2, 3, 4, and 6 (Complaint p. xviii, xix, xx, xxi, and xxiii) which they even copy into their motion; (b) the *Table of Paragraph References Per Defendant For All Counts* (p. xvii); (c) the common racketeering elements stated in *Common Elements Incorporated Into All Claims* (p. xxvii); and (d) the many specific references to these defendants (group B) in specific paragraphs, that they simply cannot understand which paragraphs are applicable to them. This is an egregious and unsupportable false claim.

2.  The defendants object (p. 1) without argument to the Complaint *Claims* section *Common Elements Incorporated Into All Claims* (cited in each Count) despite its clear purpose and effect of avoiding needless redundancy to achieve an efficient statement of the claims.

**False Claim Of Excessive Length Of A Complex Racketeering Complaint**

3.  Like most racketeers, these defendants claim without foundation (p. 4-5) that any thoroughly researched and argued racketeering Complaint is magically "unnecessarily lengthy," despite its exemplary brevity and clarity in stating the voluminous facts of their own complex corruption across several state agencies involving many partisan operatives and influence channels. This is the usual scam of racketeers, pretending that whoever can follow their web of corruption should not be allowed to make enough statements in Court to describe it. Regardless of any citation of excessive complaint length in immaterial cases, they have made no argument at all.

4.   Note that Complaints must provide the essential facts necessary to state the allegations, which of course requires considerable length to document complex racketeering operations. A racketeering defendant must be presented with the fact and argument of the whole racketeering enterprise, not just his own role. The Complaint herein does so with exemplary clarity, brevity, and sufficiency, thereby fully meeting the requirements. Despite dealing with 27 major issues of fact, the Complaint consists of only 41 pages of Fact and Argument, in addition to the *required* 31 pages of Cover, Contents, and statements of (1) Jurisdiction, Venue, And Assignment; (2) Authorities; (3) Parties; (4) Statement Of Claims; (5) Pattern Of Racketeering Crime And Statutes Of Limitations, (6) Petition For Relief, and (7) Oath, a total of 72 pages.

5.   The defendants merely make unsupportable claims of "rambling" and unrelated facts that they cannot identify, and the absurd perjury that they cannot locate relevant paragraphs even with the many lists thereof provided in the Complaint for each defendant. Their objection consists entirely of unsupportable assertions.

6.   To keep the Complaint reasonably concise and clear, on complex subjects it references (a) Appendices of Fact A, B, C, D, E, F, G, H, and (b) Memoranda of Law 1, 2, 3, 4, 5, 6, 7, and 8.

**False Objection To Appendices Of Fact**

7.   The defendants object (p. 1) without argument that the Appendices Of Fact are not located within Complaint, despite complaining about the length of Complaint necessary to summarize those facts. As usual, the Appendices Of Fact on specific subjects are separate documents.

**False Claim Of Improper Statements In Complaint**

8.   These defendants complain (p. 2 et seq) of "immaterial and conclusory statements" in the Complaint, but find no example but a paragraph noting the collusion of "social groups of wealthy people" like group A, B, and C with opportunists, in forming the subject racketeering enterprise. That statement is material, essential, in no sense conclusory, and is not part of a stated claim. But it is apparently an uncomfortable exposure of their partisan dependencies, opportunism, abuses of office, and failures of courage or ethics, a highly relevant and essential background summary.

9.   Clearly a general statement is not a conclusory statement, and such a highly relevant statement is clearly not immaterial. The defendants wish to silence the truth of their corruption.

10. The defendants make several completely unsupported false claims (p. 5) of "confusing" or improper statements in the Complaint, despite being unable to find a single example, and rave

wildly (p. 4) about nonexistent "rambling," "disjointed," or "incoherent" statements, without finding a single such statement. These appear to be quotes from immaterial cases. But we may be thankful to these defendants for these admissions of dishonesty. These defendant claims are nothing more than further scams by political racketeers.

## FALSE ARGUMENT BY DEFENDANTS

### False Argument Against Venue

11. The defendants admit (p. 2) that the Plaintiff is "fully within his rights to file… in the venue of his choosing" but falsely claim (p. 3) that related actions *seeking federal investigation* in the HI, OR, and CAND districts were "validly dismissed" while concealing the cause thereof. In fact each of those cases was simply denied venue although venue was entirely proper, by partisans seeking to obstruct prosecution, as detailed below. Again the defendants have no fact or argument to support their claim, nor argument against venue in this district, as they admit.

12. The Plaintiff first brought related action under seal in 2019 in the Florida Middle District (FLMD 8:19-cv-3181-T-33AEP), aware of the extraordinary partisan prejudices of that venue, with motion that the court request assistance of federal investigative agencies. When that court denied seal and refused to request investigation, the Plaintiff withdrew the case for filing in a less prejudiced venue [docket 12] with few judges of the defendants' political party.

13. Venue in any district was proper due to major damages in all districts due to taxation of out-of-state property owners to pay interest on the bonds issued to make the unlawful payments to the defendants. The Plaintiff computed the losses in each district based upon population and the percentage of out-of-state owners of Florida property (21%), and thereby determined each district's losses as a multiple of it's felony crime threshold, proving the "substantial damage" criterion of racketeering venue. Therefore charges against the private defendants were brought under seal in three ninth-circuit districts having a minority of judges of their political party: (1) Hawaii (CV20 00104 JAO-KJM, about 150 felonies), (2) Oregon (3:20-cv-01164-AC, 360 felonies), and (3) CA Northern District (5:20-cv-09288-NC, 781 felonies) to avoid the political corruption of the Florida Middle District. A warning on the front cover cautioned against bias:

> This complaint involves operatives and cash flows of a major industry (agriculture and ranching) and political party (Republican) with which the assigned judge may not have social, financial, or career connections or sympathies without violation of the judicial code of conduct.

14. But in every case, a judge of the defendants' political party grabbed the case, in knowing violation of the Code Of Judicial Conduct, and denied venue on the Perjury that 150, 360, and 781 times the felony crime threshold was not "substantial damage," with no argument whatsoever except one case which the FBI declined to investigate because the only issue was a single defective guitar. Of course venue in federal cases is not denied for cases with damages amounting to hundreds of felony crimes.

15. Upon appeal the 9th Circuit failed to overturn the partisan perjuries, and claimed madly that 5,332 felony crimes there by their political partisans did not amount to "substantial damages."

16. But the defendants claim falsely (p. 4) that this costly search for a nonpartisan venue was "improper" pursuit of their racketeering crime, amounting to over 100,000 felonies in 50 states.

**False Argument That Civil Racketeering Complaints May Not Claim Damages Of Crime**

17. The defendants claim incorrectly (p. 5) that civil racketeering complaints may not claim damages from crime. In fact the damage claims of nearly all civil racketeering complaints are the result of racketeering crime as defined by 18 USC §§ 1952–1968 Racketeer Influenced Corrupt Organizations Act (RICO). These claims are brought under 18 USC §§ 1962 (c) and (d), and include violations of state criminal law, and federal criminal law including:

> 18 USC § 371   Fraud and Conspiracy Against the United States (see Mem. Of Law 3)
> 18 USC § 1341  Fraud and Violation of Honest Services
> 18 USC §§ 1952–1968 Racketeer Influenced Corrupt Organizations Act (RICO)
> 31 USC § 3729  False Claims Act (FCA)

18. The claims also involve violations of criminal law regarding interstate commerce.

19. The defendant claim is false and unsupportable.

**CONCLUSION**

The defendant motion lacks any basis in law, having been based upon false statements of (1) "confusing" claims, (2) excessive length, and (2) improper statements, as well as false argument against (4) venue, and (5) civil racketeering claims of damages resulting from crime. In fact there are no confusing or improper statements; the length of Complaint is very moderate for the complexity of fact; venue is proper in this district; and the civil racketeering claims of damages from crime are ordinary and proper. Therefore the motion should be denied.

**OATH AND CERTIFICATE**

  I, the undersigned Plaintiff John S. Barth do hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. I further certify that on this date a copy of the foregoing document was served electronically via ECF on all counsel of record.

Date:_____7/22/2025_____      _____
                  John S. Barth, Plaintiff, pro se
      P.O. Box 88, Springvale, ME 04083 Jbarth@gwi.net  207-608-1741