UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN S. BARTH,<br><br>                Plaintiff,<br><br>      v.<br><br>MABRY CARLTON RANCH, *et al.*,<br><br>           Defendants. | Civil Action No. 25-1136 (DLF) |

### DEFENDANT THE UNITED STATES OF AMERICA'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1) and 12(b)(6), the United States of America (the "Federal Defendant"), by and through undersigned counsel, respectfully moves to dismiss the claims against the United States in Plaintiff John S. Barth's Complaint. In support of this motion, the Federal Defendant respectfully refers the Court to the accompanying memorandum of law. A proposed order is submitted herewith.

Dated: July 28, 2025

Respectfully submitted,

JEANNINE FERRIS PIRRO
United States Attorney


By: _____ /s/ *Mason D. Bracken* _____
    MASON D. BRACKEN
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2485
    mason.bracken@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN S. BARTH,<br><br>            Plaintiff,<br><br>     v.<br><br>MABRY CARLTON RANCH, *et al.*,<br><br>           Defendants. | Civil Action No. 25-1136 (DLF) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**<u>IN SUPPORT OF THE FEDERAL DEFENDANT'S MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

BACKGROUND ............................................................................................................. 1

    A.  General Allegations of the Complaint ........................................................ 1

    B.  Allegations Against the United States........................................................ 2

ARGUMENT ...............................................................................**Error! Bookmark not defined.**

    I.      The Complaint Violates Rule 8.............................**Error! Bookmark not defined.**

    II.    Rule 12(b)(1) Requires Dismissal for Lack of Subject Matter Jurisdiction .. **Error! Bookmark not defined.**

        A.  Plaintiff Has Not Identified a Waiver of Sovereign Immunity ........................ 7

        B.  The Court Lacks Jurisdiction Because Plaintiff's Claims Are "Patently Insubstantial" Under *Tooley v. Napolitano* ....................................... 9

    III.   Plaintiff Fails to State a Claim, so His Complaint Should be Dismissed under Rule 12(b)(6) ................................................................................. 11

        A.  Plaintiff Fails to State a Claims Against the United States............................ 11

        B.  Collateral Estoppel Bars Plaintiff's Claims Against the United States .......... 13

CONCLUSION............................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Abhe & Svoboda, Inc. v. Chao*,
  508 F.3d 1052 (D.C. Cir. 2007) ............................................................................ 12

*Adams v. Dep't of Treasury*,
  594 F. App'x 1 (D.C. Cir. 2015) ........................................................................ 6, 10

*Ajenifuja v. Dangote*,
  485 F. Supp. 3d 120 (D.D.C. 2020) ...................................................................... 13

*Al Fayed v. C.I.A.*,
  229 F.3d 272 (D.C. Cir. 2000) .............................................................................. 8

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006) .............................................................................................. 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................ 11, 12

*Barth v. United States*,
  Civ. A. No. 22-0955 (JEB), 2022 WL 17719572, (D.D.C. Dec. 15, 2022). ................. 9, 13, 14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 11

*Best v. Kelly*,
  39 F.3d 328 (D.C. Cir. 1994) .............................................................................. 10

*Bickford v. United States*,
  808 F. Supp. 2d 175 (D.D.C. 2011) ...................................................................... 10

*Boling v. U.S. Parole Comm'n*,
  290 F. Supp. 3d 37 (D.D.C. 2017) .......................................................................... 9

*Brown v. Califano*,
  75 F.R.D. 497 (D.D.C. 1977) .................................................................................. 5

*Browning v. Clinton*,
  292 F.3d 235 (D.C. Cir. 2002) ............................................................................ 11

*Casa De Maryland v. U.S. Dep't of Homeland Sec.*,
  924 F.3d 684 (4th Cir. 2019) ................................................................................. 9

ii

*Chennareddy v. Dodaro*,
  697 F. App'x 704 (D.C. Cir. 2017) .................................................................. 6

*Ciralsky v. CIA*,
  355 F.3d 661 (D.C. Cir. 2004) ....................................................................... 5

*Cotton v. Ivey*,
  Civ. A. No. 23-3891 (UNA), 2024 WL 492244 (D.D.C. Feb. 7, 2024) .................................. 11

*Crisafi v. Holland*,
  655 F.2d 1305 (D.C. Cir. 1981) ..................................................................... 12

*Crowley Caribbean Transp., Inc. v. Pena*,
  37 F.3d 671 (D.C. Cir. 1994) ........................................................................ 9

*Deyerberg v. Holder*,
  Civ. A. No. 10-0671 (JDB), 2010 WL 2131834 (D.D.C. May 26, 2010) ............................. 10

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ................................................................................. 12

*Ficken v. Golden*,
  696 F. Supp. 2d 21 (D.D.C. 2010) .................................................................. 13

*FDIC v. Meyer*,
  510 U.S. 471 (1994) ................................................................................. 8

*Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*,
  103 F. Supp. 3d 113 (D.D.C. 2015) ................................................................ 12

*Galvan v. Federal Prison Indus., Inc.*,
  199 F.3d 461 (D.C. Cir. 1999) ....................................................................... 8

*Grant v. Baker*,
  Civ. A. No. 21-1173 (ABJ), 2021 WL 4502040 (D.D.C. Oct. 1, 2021) ............................... 10

*Hagans v. Lavine*,
  415 U.S. 528 (1974) ................................................................................ 10

*Heckler v. Chaney*,
  470 U.S. 821 (1985) ............................................................................... 8-9

*Hedrick v. Stewart*,
  Civ. A. No. 18-2824 (UNA), 2019 WL 1025865 (D.D.C. Feb. 28, 2019) .............................. 8

*Hornbeck Offshore Transp., LLC v. United States*,
   569 F.3d 506 (D.C. Cir. 2009) ................................................................. 8

*I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*,
   723 F.2d 944 (D.C. Cir. 1093) ........................................................... 13-14

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
   678 F.3d 235 (3d Cir. 2012) ..................................................................... 2

*Jackson v. Bush*,
   448 F. Supp. 2d 198 (D.D.C. 2006) .......................................................... 7

*Jerome Stevens Pharms., Inc. v. FDA*,
   402 F.3d 1249 (D.C. Cir. 2005) ................................................................ 7

*Jiggetts v. District of Columbia*,
   319 F.R.D. 408 (D.D.C. 2017) .................................................................. 6

*Khan v. U.S. Dep't of Homeland Sec.*,
   Civ. A. No. 22-2480 (TJK), 2023 WL 6215359 (D.D.C. Sept. 25, 2023) .............................. 12

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) .................................................................................. 7

*Kowal v. MCI Commc'ns Corp.*,
   16 F.3d 1271 (D.C. Cir. 1994) ................................................................ 12

*McCann v. Clark*,
   191 F.2d 476 (D.C. Cir. 1951) ................................................................. 6

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*,
   298 U.S. 178 (1936) ................................................................................. 7

*Moms Against Mercury v. FDA*,
   483 F.3d 824 (D.C. Cir. 2007) ................................................................. 7

*Norris v. Dep't of Defense*,
   No. 96-5326, 1997 WL 362495 (D.C. Cir. May 5, 1997) ..................................... 8

*Nurriddin v. Bolden*,
   818 F.3d 751 (D.C. Cir. 2016) ............................................................... 12

*Oviedo v. Wash. Metro. Area Transit Auth.*,
   948 F.3d 386 (D.C. Cir. 2020) ................................................................. 6

*Renshaw v. Renshaw*,
   153 F.2d 310 (D.C. Cir. 1946) ........................................................................... 6

*Schering Corp. v. Heckler*,
   779 F.2d 683 (D.C. Cir. 1985) ........................................................................... 9

*Sloan v. Dep't of Hous. & Urban Dev.*,
   236 F.3d 756 (D.C. Cir. 2001) ........................................................................... 8

*Stone v. Comm'r of Internal Revenue*,
   86 F.4th 1320 (11th Cir. 2023) ...................................................................... 9-10

*Tooley v. Napolitano*,
   586 F.3d 1006 (D.C. Cir. 2009) .................................................................. 10, 11

*Tinsley v. Equifax Credit Info. Servs., Inc.*,
   1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) ................................. 14

*Tri-State Hosp. Supply Corp. v. United States*,
   341 F.3d 571 (D.C. Cir. 2003) ........................................................................... 7

*United States ex rel. Garst v. Lockheed-Martin Corp.*,
   328 F.3d 374 (7th Cir. 2003) ............................................................................. 6

*United States v. Mitchell*,
   463 U.S. 206 (1983) ........................................................................................... 7

*United States v. Sanchez*,
   88 F.3d 1243 (D.C. Cir. 1996) ........................................................................... 6

*Vuyyuru v. Reddy*,
   Civ. A. No. 22-1453 (TJK), 2023 WL 6160056 (D.D.C. Sept. 21, 2023) ........... 10

*Wine v. Dep't of the Interior*,
   Civ. A. No. 21-3349 (TMN), 2022 WL 3715799 (D.D.C. Aug. 29, 2022) ........... 9

**Statutes**

5 U.S.C. § 552 .................................................................................................... 12

18 U.S.C. § 1961 ............................................................................................. 4, 8

42 U.S.C. §§ 1982 through 1985 ..................................................................... 8, 9

**Rules**

Fed. R. Civ. P. 8(a) ................................................................................................ 1, 5, 6

Fed. R. Civ. P. 8(d)(1) ................................................................................................ 5

Fed. R. Civ. P. 10(c) ................................................................................................ 2

Fed. R. Civ. P. 12 ................................................................................ 1, 7, 11, 12

Fed. R. Civ. P. 41(b) ................................................................................................ 5

Pursuant to Federal Rules of Civil Procedure ("Rules") 8(a), 12(b)(1) and 12(b)(6), the United States of America (the "Federal Defendant"), by and through undersigned counsel, respectfully moves to dismiss with prejudice all claims against the Federal Defendant in Plaintiff John S. Barth's frivolous Complaint.

## BACKGROUND

### A.   General Allegations of the Complaint

Plaintiff's Complaint alleges a wide-ranging conspiracy to steal over a hundred million taxpayer dollars. *See generally* Compl. (ECF No. 1); *id.* at 4.[1] He assigns blame to the federal government for its failure to investigate the same. *Id.*

The Complaint extends to seventy-two (72) pages, purports to assert nine (9) different counts (with each count alleging violations of multiple federal and Florida statutes), and—depending how you count the confusingly labelled parties—includes claims against sixteen (16) Defendants (exclusive of Jane and John Does). Most of the Defendants are private parties.

Generally, the Complaint alleges:

This complaint presents the facts of a racketeering enterprise including ranch owners in one county of Florida, with extensive economic and political connections, who manipulated state and county agencies to pay themselves about $100 million in conservation funds without public benefit. Similar groups are known to operate elsewhere in Florida. The facts concern fraudulent distortion of funding rationales and procedures to divert funds to defendants. These crimes form a pattern of racketeering activity involving state and county government.

…

The social groups of wealthy people are influential in Florida, using career or business bribes to build followings of social and economic opportunists. When such groups find common opportunity and resolve to fleece government, they become powerful racketeering operations. When such groups of opportunists become

---

[1]      All pincites to documents filed on the docket are to the automatically generated CM/ECF Page ID number that appears at the top of each page.

> prominent in government, they severely damage the foundations of democracy, and
> form a new foundation of kleptocracy and oligarchy.

Compl. at 31 (sic).

The Complaint purports to incorporate supporting facts in "Fact Appendices" A though F

and in "Memorandum of Law 1 through 7" which "present the legal arguments of Racketeering,

Conservation Law, Fraud, Obstruction of Process, state and federal Civil Rights Law regarding

the Plaintiff, Forfeiture, and Compensation."  Compl. at 31 (sic).  Neither are included in the

Complaint itself.  About three months after filing the Complaint, Plaintiff filed a "Notice of Facts

Appendix"—a two hundred and thirty-nine (239) page document, containing material like "Fact

Appendix B, Acts of Crime Constituting Racketeering by Longino Defendant Group B" (ECF

No. 20-1 at 1) and "Fact Appendix G, Misconduct Of Factions Within Federal Agencies."  ECF

No. 20-6 at 1.[2]

## B.    Allegations Against the United States

Plaintiff's allegations against the United States are difficult to parse.  The United States is

expressly named as a Defendant only in Count IX.  Compl. at 26.  Plaintiff's allegations against

the United States appear limited to the following.

> The Department Of Justice, Federal Bureau Of Investigation, Department of
> Homeland Security, and thereby the United States, denote rogue factions or cabals
> within these agencies, who have (1) refused to investigate the racketeering
> enterprise or even reply to the Plaintiff…. These rogue factions may also have (2)
> compiled a falsified dossier to obstruct prosecution by the plaintiff, and have
> refused to reveal any facts of obstruction upon FOIA prosecution.  The complaint
> is intended to remove the rogue factions, and does not apply to the entirety of these

---

[2]    Plaintiff cannot incorporate by reference these appendices, and Defendant need not respond to them under Federal Rule of Civil Procedure 10(c) because these appendices are not "written instrument[s]."  *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 251 (3d Cir. 2012) ("Plaintiffs cannot be permitted to incorporate an endless series of external documents into a complaint simply "by reference" to them, as this would lead to an impossible task for defendants in filing their answers, and for courts in reviewing the sufficiency of complaints.").

agencies.  The United States is liable to the Plaintiff for any and all injuries caused by this racketeering collusion of agency factions, and the resulting denial of evidence to ensue proper and complete charging of other defendants.

Compl. at 13 (sic).  Plaintiff further alleges:

The named agencies of the defendant government of the United States,[3] by and through employees and factions thereof, have abused public office to defraud and deny honest services to the People of Florida and the United States, by refusal to investigate and obstruction of Plaintiff FOIA investigation of subject racketeering, in collusion with the other defendants to conceal sources of unlawful political contributions and quid pro quo brides, and cause misappropriation of public funds. The United States is liable to the Plaintiff for any and all injuries caused by this racketeering collusion of agency factions, and the resulting denial of evidence to ensure proper and complete charging of other defendants.

Compl. at 26 (sic).  Count IX then lists several alleged "Violations of Federal law":

…

10    complete charging of other defendants. The paragraphs of *Common Elements Incorporated Into*

11    *All Claims* of this Statement of Claims are incorporated hereunder.

12    Violations of Federal Law:
13         5  USC § 552  Freedom of Information Act (FOIA)
14         18 USC § 242   Denial of Constitutional Rights under color of law
15         18 USC § 371   Fraud and Conspiracy Against the United States (see Mem. Of Law 3)
16         18 USC § 981   Forfeiture of property and proceeds of crime
17         18 USC § 1341  Fraud and Violation of Honest Services
18         18 USC §§ 1952–1968 Racketeer Influenced Corrupt Organizations Act (RICO)
19              These claims are brought under 18 USC §§ 1962 (c) and (d)
20         18 USC § 2383 Rebellion against the United States or the laws thereof
21         31 USC § 3729  False Claims Act (FCA)
22         42 USC §§ 1982-1985 Civil Rights Act
23
24    **Defendant**              **Appendices**   **Complaint paragraphs**
25    United States (including Department of Justice, Federal Bureau of Investigation, and
26    Department of Homeland Security Investigations)
27                         G                197-207
28
29    see **Fact Appendix G: Misconduct Of Factions Within Federal Agencies (with Exhibits)**
30

---

[3]      Plaintiff has named only the Unites States as a Defendant, not any of its agencies.  To the extent the Court were to construe this Complaint as against any agency of the United States, the Complaint would still fail against any for the reasons stated herein.

Compl. at 26. Construing the *pro se* Complaint liberally, Plaintiff may allege that all Defendants, including the United States, have violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"):

1  **COMMON ELEMENTS INCORPORATED INTO ALL CLAIMS**

2      The defendants have thereby defrauded and denied honest services to the people, have

3  abused public office for private gain, and have stolen public funds. These acts of the defendants

4  are in violation of the state and federal laws listed below, each violation an independent claim, and

5  constitute racketeering activity in violation of 18 USC §§ 1952–1968 (RICO), subject to

6  compensatory and punitive damages, forfeiture, and criminal penalties.

7      At the times material to this action, each of the defendants was the agent, servant,

8  employee, partner, alter ego, subsidiary, or joint venturer of other defendants, and the acts of each

9  such defendant were in the scope of such relationship, and in acting and failing to act as alleged in

10  this Complaint, each such defendant acted with the knowledge, permission, and consent of the

11  other such defendants, and each such defendant aided and abetted the other such defendants in the

12  acts and omissions alleged in this Complaint, in participation in the racketeering enterprise.

13      The said violations were done with full *knowledge* of the injury done, *without the informed*

14  *consent* of the people including the Plaintiff, with *intent to deprive* them of the said funds and

15  conservation benefits, and have *caused injury* to them in the loss thereof, and further loss to the

16  Plaintiff of income from employment and costs of prosecution, for which Plaintiff demands full

17  compensation. Plaintiff further demands forfeiture and reforestation of the lands under easement,

18  forfeiture of the balance of defendants' assets in compensation of public losses, punitive damages,

19  and such criminal penalties as this court may deem sufficient to deter future related racketeering.

20      The facts, exhibits, and argument whereof are listed hereunder:

21  Fact Appendices:
22      Fact Appendix A: Corruption of the Carlton Defendants
23      Fact Appendix B: Corruption of the Longino Defendants
24      Fact Appendix C: Corruption of the Walton Defendants
25      Fact Appendix D: Conservation Facts and Argument
26      Fact Appendix E: Methods and Criminal Acts of Defendants
27      Fact Appendix F: Violations by Bonner and State Officials
28      Fact Appendix G: Misconduct Of Factions Within Federal Agencies
29  Memoranda of Law:
30      Memorandum of Law 1: Racketeering Law
31      Memorandum of Law 2: Conservation Law
32      Memorandum of Law 3: Fraud and Misappropriation
33      Memorandum of Law 4: Related Wrongs by County Officials and Others
34      Memorandum of Law 5: Florida Civil Rights Law
35      Memorandum of Law 6: Federal Civil Rights Law
36      Memorandum of Law 7: Forfeiture and Compensation

Compl. at 27.

Plaintiff seeks, *inter alia*, compensatory damages of $6,300,000, punitive damages, 10% of the amounts recovered "for public interest and public charitable projects of his choice," "compensation to the State and County" of "[f]ull title to the subject lands[,]" "[a]ll amounts in excess of the County appraisal at time of purchase of the subject lands and easements, shall be seized from, and forfeited by each defendant who received such funds, each amount adjusted for inflation to the date of seizure, and placed in a compensation fund[,]" and "land seized" from Defendants, "reforested," and "renamed for the Judge rather than the defendants, or renamed Sherwood Forest in memory of Robin Hood."  Compl. at 72.

## ARGUMENT

### I.    The Complaint Violates Rule 8

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Taken together, [these] Rules . . . underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004).  "If the plaintiff fails . . . to comply with" these Rules, "a defendant may move to dismiss . . . any claim against it."  Fed. R. Civ. P. 41(b).

Rule 8 is intended "to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  It also "serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds."  *Id.*  Rule 8 "is by no means exacting," and "accords the plaintiff wide latitude in framing his claims for relief."  *Id.* at 499.

As then-Judge Ketanji Brown Jackson has explained, "a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail

[Rule 8's] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (quotation marks omitted).  While Plaintiff is *pro se*, "*pro se* litigants do not have a license to ignore the" Rules, *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020) (quotation marks omitted), and they may not "disregard the rules of procedure," *United States v. Sanchez*, 88 F.3d 1243, 1248 (D.C. Cir. 1996), *abrogated on other grounds*, *Peguero v. United States*, 526 U.S. 23 (1999).

Here, Plaintiff's Complaint rambles for seventy-two (72) pages and includes two-hundred and thirty-four (234) numbered paragraphs (with more material outside those numbered paragraphs too).  *See generally* Compl.  As part of his allegations of a wide-ranging racketeering conspiracy to steal hundreds of millions of taxpayer dollars, Plaintiff adds a "Notice of Facts Appendix"—a two hundred and thirty-nine (239) page document—with more allegations and legal argument.  *See* ECF Nos. 20–20-7.  These allegations do not offer "a short and plain statement" showing Plaintiff's entitlement to relief, nor is the Complaint "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  To the contrary, it is a sprawling, unfocused odyssey.  Dismissal of this Complaint is appropriate, like the dismissals of similarly, or even less, prolix and unwieldy pleadings.  *See, e.g.*, *Chennareddy v. Dodaro*, 697 F. App'x 704, 704 (D.C. Cir. 2017) (56 pages); *Adams v. Dep't of Treasury*, 594 F. App'x 1, 1 (D.C. Cir. 2015) (40 pages, as well as numerous exhibits); *McCann v. Clark*, 191 F.2d 476, 476 (D.C. Cir. 1951) (14 pages); *Renshaw v. Renshaw*, 153 F.2d 310, 311 (D.C. Cir. 1946) (14 pages with 17 pages of exhibits); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a

complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter"). Likewise, this Court should dismiss Plaintiff's Complaint under Rule 8.

## II.    Rule 12(b)(1) Requires Dismissal for Lack of Subject Matter Jurisdiction

### A.    Plaintiff Has Not Identified a Waiver of Sovereign Immunity.

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff bears the burden of demonstrating by a preponderance of evidence that this Court possesses subject matter jurisdiction over her claims. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). When adjudicating a Rule 12(b)(1) motion, courts accept the factual allegations in the complaint as true and "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005).

Under the doctrine of sovereign immunity, the United States is immune to suit unless Congress has expressly waived the defense of sovereign immunity by statute. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Plaintiff bears the burden of establishing that sovereign immunity has been abrogated for each claim advanced. "[A] plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003)).

Even in the absence of a Rule 12(b)(1) motion, the Court has an "independent obligation" to assess its jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff cannot pursue a claim for monetary damages due to sovereign immunity. Plaintiff has failed his burden to identify an express waiver of sovereign immunity for his claims. Plaintiff does not appear to allege a Federal Tort Claims Act claim against the United States, which is the only available waiver of sovereign immunity regarding money damages in tort. *See Sloan v. Dep't of Hous. & Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001) (citing 28 U.S.C. §§ 1346(b), 2674). There is no corresponding waiver of sovereign immunity for damages based on alleged constitutional violations. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994). Nor is there a waiver of sovereign immunity for damages based on allegations of violations of federal statutory duties. *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 509 (D.C. Cir. 2009). Without an applicable waiver of sovereign immunity, this Court lacks subject matter jurisdiction over Plaintiff's claims for monetary damages.

Moreover, the United States has not waived sovereign immunity for the statutes Plaintiff may have claimed it has violated. For Plaintiff's purported claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, *see* Compl. at 3, 26, the "United States has not waived sovereign immunity for claims brought under the RICO Act." *Hedrick v. Stewart*, Civ. A. No. 18-2824 (UNA), 2019 WL 1025865, at *2 (D.D.C. Feb. 28, 2019) (citing *Norris v. Dep't of Defense*, No. 96-5326, 1997 WL 362495 (D.C. Cir. May 5, 1997) (per curiam) (finding claim for treble damages under the RICO Act "barred by the doctrine of sovereign immunity")) (other citations omitted). Congress has not waived the United States' sovereign immunity under the False Claims Act. *Cf. Al Fayed v. C.I.A.*, 229 F.3d 272, 274 (D.C. Cir. 2000) (citing *Galvan v. Federal Prison Indus., Inc.*, 199 F.3d 461, 468 (D.C. Cir. 1999), for the proposition "that use of the word 'person' in the False Claims Act does not constitute waiver of the federal government's sovereign immunity"). Likewise, there is no waiver of sovereign

8

immunity under 42 U.S.C. §§ 1982 through 1985.  *See Wine v. Dep't of the Interior*, Civ. A. No. 21-3349 (TMN), 2022 WL 3715799, at *6 (D.D.C. Aug. 29, 2022); *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017), *aff'd*, No. 17-5285, 2018 WL 6721354 (D.C. Cir. Dec. 19, 2018).

Plaintiff also complains that the United States has failed to investigate the alleged racketeering conspiracy: "The Department Of Justice, Federal Bureau Of Investigation, Department Of Homeland Security, and thereby the United States, denote rogue factions or cabals within these agencies, who have (1) refused to investigate the racketeering enterprise…"  Compl. at 13 (sic).  Whether he seeks both damages and injunctive relief based on this allegation is unclear; regardless, neither remedy is available.

"Plaintiff cannot bring claims against Defendants based on their failures to investigate his charges of purported malfeasance."  *Barth v. United States*, Civ. A. No. 22-0955 (JEB), 2022 WL 17719572, at *2 (D.D.C. Dec. 15, 2022), *aff'd sub nom. Barth v. United States Dep't of Just.*, No. 22-5338, 2023 WL 8663580 (D.C. Cir. July 7, 2023) (citing authorities).  Under *Heckler v. Chaney*, 470 U.S. 821 (1985), a "single-shot non-enforcement decision" is not reviewable under the Administrative Procedure Act.  *See Casa De Maryland v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684, 699 (4th Cir. 2019); *Crowley Caribbean Transp., Inc. v. Pena*, 37 F.3d 671, 677 (D.C. Cir. 1994); *see also id.* 674-77 ("The Administrator's determination is unreviewable because it is a decision to forego enforcement in this one instance"); *Schering Corp. v. Heckler*, 779 F.2d 683, 685 (D.C. Cir. 1985) (applying *Chaney* presumption to agency's decision not to pursue enforcement activities against company for specified period of time); *Stone v. Comm'r of Internal Revenue*, 86 F.4th 1320, 1328–29 (11th Cir. 2023) ("the IRS' denials of the appellants' whistleblower claims—based on a determination that enforcement actions would

expend 'significant resources'—were committed to the agency's discretion by law, and were therefore presumptively unreviewable."). Consequently, the alleged failure of the United States to investigate Plaintiff's allegations cannot support his claims for either money damages or injunctive relief.

**B.   The Court Lacks Jurisdiction Because Plaintiff's Claims Are "Patently Insubstantial" Under *Tooley v. Napolitano*.**

"A complaint may be dismissed on jurisdictional grounds when it 'is "patently insubstantial," presenting no federal question suitable for decision.'" *Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009) (citation omitted) (describing examples). "Federal courts are without power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit." *Grant v. Baker*, Civ. A. No. 21-1173 (ABJ), 2021 WL 4502040, at *2 (D.D.C. Oct. 1, 2021) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)) (internal quotation marks omitted). "Claims are unsubstantial and frivolous if they are 'essentially fictitious,' or advance 'bizarre conspiracy theories[.]'" *Deyerberg v. Holder*, Civ. A. No. 10-0671 (JDB), 2010 WL 2131834, at *1 (D.D.C. May 26, 2010) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)), *aff'd*, 455 F. App'x 1, 1 (D.C. Cir. 2011). "Prototypical examples" of patently insubstantial cases "include 'bizarre conspiracy theories, fantastic government manipulations of the will or mind, or any sort of supernatural intervention.'" *Vuyyuru v. Reddy*, Civ. A. No. 22-1453 (TJK), 2023 WL 6160056, at *5 (D.D.C. Sept. 21, 2023) (quoting *Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011)).

Plaintiff's seventy-two (72) page Complaint fits squarely in this category. It appears that Plaintiff alleges that a wide-ranging conspiracy exists in Sarasota County, Florida among the non-Federal Defendants to buy lands in Florida under fraudulent pretenses. *See generally* Compl. Local officials are allegedly complicit, including a judge, a county official, the comptroller, and

the clerk of the local court.  *Id.* at 14, 15.  Purchasing these properties for conservation purposes by the non-Federal Defendants allegedly amounts to "the theft of $120 million in conservation funds in Florida…."  *Id.* at 4.  For the United States' part, it has failed to investigate the non-Federal Defendants and their alleged conspiracy.  *Id.*  The claims, including this against the United States, are frivolous.  *See, e.g.*, *Cotton v. Ivey*, Civ. A. No. 23-3891 (UNA), 2024 WL 492244, at *1 (D.D.C. Feb. 7, 2024) (dismissing complaint *sua sponte*) ("[T]he Court is obligated to dismiss a complaint as frivolous 'when the facts alleged rise to the level of the irrational or the wholly incredible,' or the pleading 'postulat[es] events and circumstances of a wholly fanciful kind[.]'").  This suit should be dismissed because it is "'patently insubstantial,' presenting no federal question suitable for decision."  *Tooley*, 586 F.3d at 1009-10 (citation omitted).

### III. Plaintiff Fails to State a Claim, so His Complaint Should Be Dismissed under Rule 12(b)(6)

#### A. Plaintiff Fails to State a Claims Against the United States

Rule 12(b)(6) permits a defendant to move for dismissal on the ground that the complaint has failed "to state a claim upon which relief can be granted."  Such a motion "tests the legal sufficiency of a complaint."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss.  *Id.*  In addition, the presumption of truth accorded factual allegations at this stage does not apply to legal conclusions in a complaint, including those "couched" as

factual allegations. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, a court may disregard "inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint" and "legal conclusions couched as factual allegations." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (cleaned up) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), and citing *Iqbal*, 556 U.S. at 678)). Citation of materials outside of the complaint does not convert a Rule 12(b)(6) motion to dismiss into one for summary judgment if the cited materials were attached to the complaint, were incorporated by reference in the complaint, or concern matters of which the Court may take judicial notice. *See Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 103 F. Supp. 3d 113, 117 (D.D.C. 2015) (citing *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007)). While a *pro se* complaint must be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), nonetheless, a "pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

Plaintiff's claims offer only labels and "legal conclusions." *Nurriddin*, 818 F.3d at 756. There are no reasonable inferences that would support a right to relief. Plaintiff's allegations fail to plead a plausible claim because the "plausibility" standard "demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Yet that is all Plaintiff has provided.

For instance, Plaintiff contends he has a claim against the United States under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, but fails to point to a specific FOIA request. *See Khan v. U.S. Dep't of Homeland Sec.*, Civ. A. No. 22-2480 (TJK), 2023 WL 6215359, at *6 (D.D.C. Sept. 25, 2023) (dismissing FOIA claim when Plaintiff "identifie[d] no specific requests that any specific defendants have failed to adjudicate"). Plaintiff also asserts violations of various sections

of Title 18—federal criminal laws.  Compl. at 26.  But "there is no private right of action to enforce provisions of criminal law, and only a federal prosecutor may determine whether to pursue a criminal action," so these claims should be dismissed under Rule 12(b)(6).  *Ajenifuja v. Dangote*, 485 F. Supp. 3d 120, 128 (D.D.C. 2020), *aff'd*, No. 20-7082, 2021 WL 11560308 (D.C. Cir. Feb. 5, 2021).  Accordingly, Plaintiff's claims against the United States should be dismissed.

### B.    Collateral Estoppel Bars Plaintiff's Claims Against the United States

This Court has already dismissed Plaintiff's claims against the United States.  As this Court wrote about Plaintiff's prior, materially identical lawsuit, *John S. Barth v. United States of America, et al.*, Civ. A. No. 22-955 (JEB) (the "Barth 2022 Action"), in December 2022:

> *Pro se* Plaintiff John S. Barth has waged a protracted litigation campaign against myriad Florida-based individuals and entities, alleging that they operate a criminal enterprise that steals conservation funds from that state. In his latest foray, Barth filed this Complaint against those Florida Defendants and also against several Federal Defendants — namely, the United States, the Department of Justice, the Federal Bureau of Investigation, and Homeland Security Investigations. He then voluntarily dismissed the Florida Defendants, leaving behind a single count charging Federal Defendants with violating a litany of statutes by failing to investigate the purported criminal enterprise. Federal Defendants now move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court will grant the Motion.

*Barth v. United States*, Civ. A. No. 22-0955 (JEB), 2022 WL 17719572, at *1 (D.D.C. Dec. 15, 2022), *aff'd sub nom. Barth v. United States Dep't of Just.*, No. 22-5338, 2023 WL 8663580 (D.C. Cir. July 7, 2023).

Now, res judicata—collateral estoppel or issue preclusion in particular—bar Plaintiff's claims against the United States.   "The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *Ficken v. Golden*, 696 F. Supp. 2d 21, 31 (D.D.C. 2010) (quoting *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983)).  As explained,

Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C.Cir.1992). Issue preclusion applies if three criteria are met: (1) if in the prior litigation, the issue was "actually litigated, that is, contested by the parties and submitted for determination by the court;" (2) if the prior litigation was "actually and necessarily determined by a court of competent jurisdiction;" and (3) if "preclusion in the second trial [does] not work an unfairness." *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C.Cir.1983)).

In short, … issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action," *Novak* [*v. World Bank*], 703 F.2d [1305,] at 1309 [D.C. Cir. 1983]. In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [ ] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexande*r, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

*Id.* at 31-32 (other citations omitted). The court may apply res judicata upon taking judicial notice of Plaintiff's prior case. *See Tinsley v. Equifax Credit Info. Servs., Inc.*, 1999 WL 506720, at *1 (D.C. Cir. June 2, 1999) (per curiam).

Here, the complaint in the Barth 2022 Action is materially the same as the Complaint filed in this case. The two complaints are based on the same events, concern almost identical causes of action, and name the same Defendants—changing only "United States, Dept. of Justice, Federal Bureau of Investigation, and Homeland Sec. Investigations" for "United States Government." *Compare* Barth 2022 Action, ECF No. 1 at 1, *with* Compl. at 1. The Barth 2022 Action alleges the same "(1) collusion in a racketeering enterprise which has injured the Plaintiff, the theft of about $120 million in federal, state, and local conservation funds by wealthy ranchers and politicians of one political party in Florida, and (2) the defendant agencies have refused over three years to investigate this racketeering…" *Compare* Barth 2022 Action, ECF No. 1 at 4, *with* Compl. at 4. In the prior action, Court granted the motion to dismiss under Rules 12(b)(1) and 12(b)(6). *See Barth*, 2022 WL 17719572, at *1.

Plaintiff has already had his day in Court against the Federal Defendant. The Circuit affirmed this dismissal. This prior litigation of these same issues between the parties makes dismissal of this Complaint under res judicata fair and appropriate.

## CONCLUSION

For the foregoing reasons, the Court should grant the Federal Defendant's motion to dismiss and dismiss the claims against the Federal Defendant from this case with prejudice.

Dated: July 28, 2025
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:   _/s/ Mason D. Bracken_
       MASON D. BRACKEN
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       Telephone: (202) 252-2550
       mason.bracken@usdoj.gov

_Attorneys for the United States of America_

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on July 28, 2025, a true and correct copy of the foregoing was served electronically via ECF on all counsel of record and served on Plaintiff via certified mail at P.O. Box 88, Springvale, ME 04083 and email at jbarth@gwi.net.

By: <u>*/s/ Mason D. Bracken*</u>
MASON D. BRACKEN