**District Court of the United States**
**District of Columbia**

------------------------------------------- |
John S. Barth,                              | Case No. 1:25-cv-01136-DLF
    Plaintiff           |
v.                                          |
Mabry Carlton Ranch Inc., et al.            |
    Defendants          | **PLAINTIFF OPPOSITION TO**
_____|  **DEFENDANT U.S. DOJ MOTION TO DISMISS**
                                            **with**
                                            **MEMORANDUM OF LAW**

    Defendant United States (denoting partisan factions within Dept. Of Justice, Federal Bureau Of Investigation, and Dept. Of Homeland Security) has filed a meritless motion to dismiss based solely upon false statements of the facts of the case, and of law, hereby opposed with correction and disposition of the defendant motion.

**Contents**

MEMORANDUM OF LAW ................................................................................................... 2
SUMMARY ........................................................................................................................... 2
Table of Authorities (see Complaint, Appendices A–H, Memoranda Of Law 1–8) ..................... 3
FALSE STATEMENTS OF FACT BY DEFENDANTS .................................................................. 4
  1. False Statements On The Fact Appendices .................................................................. 4
FALSE STATEMENTS OF LAW BY DEFENDANTS ................................................................... 4
  1. False Statement That The Complaint Is Not Brief Enough .................................................... 4
  2. False Statements Of Lack Of Subject Matter Jurisdiction ....................................................... 5
    A. False Statement That Liability Requires That "Sovereign Immunity" Be Waived ............ 5
    42 USC §§ 1982-1985 Civil Rights Act................................................................. 5
    B. False Claims of Sovereign Immunity ............................................................... 6
    C. False Statement of "Insubstantial" Claims ...................................................... 7
  3. False Statements that the Complaint Does Not Even State A Claim ................................... 7
    A. False Statement That No Claim Is Stated Against The Defendant Agency Factions ......... 7
    42 USC §§ 1982-1985 Civil Rights Act................................................................. 8
    B. False Statement That Other Defendants Are Not Clearly Charged................................... 9
    C. False Claim Of Collateral Estoppel ............................................................... 9
CONCLUSION....................................................................................................................... 10



**RECEIVED**

JUL 30 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**MEMORANDUM OF LAW**

**SUMMARY**

1. The defendant partisan faction of DOJ, hiding behind flag-waving as "the Government" has abandoned any pretense of duty or patriotism, and has contemptuously thrown at this Court a motion to dismiss with a meritless memorandum of law consisting of false statements of fact and law, hiding the criminal acts of their partisan faction, acting in collusion with the subject political racketeering enterprise. The defendants have chosen, in lieu of any rational basis for their dismissal motion, to rely upon deceptions, herein refuted.

2. Do we see here responsible agencies carefully explaining why they refused to investigate the subject racketeering despite three years of well-evidenced invitations to offices at all levels of all of the defendant agencies? As in the related FOIA investigation, DOJ has no explanation whatsoever: we see only a partisan faction fabricating excuses for a partisan criminal enterprise.

3. The useless 5-page "summary" of their motion consists largely of illegible images of Complaint pages with foolish deprecations that its precise and clear statements involve "confusingly labelled parties" (p. 1), with absurd perjuries of law to evade responsibility for their partisan racketeering collusion, even deprecating page numbers.[1]

4. What entity would search for excuses and immunities, rather than explain the refusals of all offices of these agencies at all levels to investigate the subject massive theft of public funds?

5. What entity would refuse to engage in a simple plea bargain with the private defendants, which DOJ uses in over 95% of its cases, when the result could be written up in a few hours using the Plaintiff research, less time than they spent composing foolish excuses and perjuries?

6. What entity would claim that the Plaintiff seeks only benefits for himself, despite (1) failing to mention that nearly all compensation is to be paid to the state and county for funds stolen therefrom; and (2) admitting that any compensation to the Plaintiff for his years of labor in this action is to be used solely for charitable purposes. These racketeers must be shocked by any proposed charitable use of their stolen funds. Are there perjuries any dirtier than theirs?

---

[1] Complaint first section pages xiii and xxvi stated as "13 (sic)" and "26 (sic)" (p. 3).

7. What entity would defend these proven thefts of public funds? The motion is an outrage against the very basis of law throughout human history, a direct inversion of the primary responsibility of DOJ. Only partisan thieves could approve or engage in such a defense.

8. The Plaintiff is aware that responsible elements within each defendant agency have blown the whistle against similar corruption of the investigation process by appointed administrators, which prevented any convictions for the financial corruption that caused the Great Recession.[2] But the partisan DOJ faction handling this matter has directly engaged in collusion with the subject racketeering enterprise, maximally abusing public office to rationalize partisan theft of public funds. Apparently the partisans within DOJ serve administrators appointed to help steal a hundred million here and there for partisans, and must therefore claim impunity for theft.

9. DOJ has by its motion admitted all claims herein against the defendant agencies including DOJ, and those against all parties making use of these same defenses. They were all caught in the act, and have no defense, so they simply lie, the primary training of partisan lawyers. The defendant agencies have no immunity for this crime, and merely appeal once more to partisans in the judiciary, hoping to be honored as thieves among thieves. This must not be permitted.

**Table of Authorities (see Complaint, Appendices A–H, Memoranda Of Law 1–8)**

---

[2] See, e.g. *Licensed To Lie*, Sidney Powell 2014, *On Corruption In America*, Sarah Chayes 2020, and *The Chickenshit Club*, Jesse Eisinger 2017.

**FALSE STATEMENTS OF FACT BY DEFENDANTS**

**1. False Statements On The Fact Appendices**

10. The defendant DOJ states falsely (p. 2) that the seven Fact Appendices A, B, C, D, E, F, H are a single "239 page document" which it complains is unfathomably "not included in the Complaint itself" despite objecting to the length of the very concise Complaint.

11. But in complex cases with a large volume of fact, Fact appendices are of course never included in the Complaint, because that would violate the requirement of conciseness.

12. In this case, seven of the eight Fact Appendices (A, B, C, D, E, F, G) were filed by email (without ECF) as attachments but docketed on 6/20/25 [docket 20] as one item with attachments; To improve ease of use, five of those Fact Appendices (A, B, C, D, E) were filed separately on 6/24/25 [docket 21-25] along with Exhibits Vol. 1 [docket 28]. Since the defendant US recently filed an appearance, three Fact Appendices F, G, H concerning those defendants have been filed.

13. Although the defendant DOJ did not file an appearance for two months after they were served 5/28/25, they complain (p. 2) that the Appendices [docket 20-25, 28] were not filed with the Complaint (these were filed soon after most defendants had been served with Summons and Complaint, on 6/24/25). The Plaintiff also then filed by email the eight Memoranda Of Law, but recently found that those were not docketed, and so these have been filed again by email.

**FALSE STATEMENTS OF LAW BY DEFENDANTS**

**1. False Statement That The Complaint Is Not Brief Enough**

14. Like most racketeers, these defendants claim that the Complaint length is excessive, despite its exemplary brevity and clarity in stating the voluminous facts of their own complex corruption across several state agencies involving many partisan operatives and influence channels. This is the usual scam of racketeers, pretending that whoever can follow their web of corruption should not be allowed to make enough statements in Court to describe it. This proves their corruption.

15. Note that Complaints must provide the essential facts necessary to state the allegations, which of course requires considerable length to document complex racketeering operations. The Complaint herein does so with exemplary clarity, brevity, and sufficiency, thereby fully meeting the requirements. Despite dealing with 27 major issues of fact, the Complaint consists of only 41 pages of Fact and Argument, in addition to the required 31 pages of Cover, Contents, and

statements of (1) Jurisdiction, Venue, And Assignment; (2) Authorities; (3) Parties; (4) Statement Of Claims; (5) Pattern Of Racketeering Crime And Statutes Of Limitations, (6) Petition For Relief, and (7) Oath, a total of 72 pages.

16. To keep the Complaint reasonably concise and clear, it references (a) Appendices of Fact A, B, C, D, E, F, G, H, and (b) Memoranda of Law 1, 2, 3, 4, 5, 6, 7, and 8. These are ordinarily filed when most defendants are served, delayed by evasions of service and slow returns of service papers in some areas.

17. The defendants state dishonestly (p. 5-6) with zero fact or argument that the very concise Complaint is therefore magically a "sprawling, unfocused odyssey" hoping to discourage others from reading of their complex partisan racketeering, and to conceal their partisan motive for refusing to do their job. Regardless of complaint length, they have made no argument at all.

**2. False Statements Of Lack Of Subject Matter Jurisdiction**

A. False Statement That Liability Requires That "Sovereign Immunity" Be Waived

18. The defendants waste a full page (p. 7) with the traditional perjury that Congress must waive sovereign immunity, as it did over a century ago in most of these areas. Their preposterous aggrandizement and claim of tyrannical power for federal employees ignores federal law.[3] They falsely state that such a waiver is not alleged in the Complaint, despite its clear citation of the laws that revoke rather than affirm immunity for U.S. personnel in violation thereof:

(a) Count 9 (Complaint p. xxvi) clearly cites these violations by the defendant agency factions:

> Violations of Federal Law:
> 5   USC § 552   Freedom of Information Act (FOIA)
> 18 USC § 242   Denial of Constitutional Rights under color of law
> 18 USC § 371   Fraud and Conspiracy Against the U.S. (see Mem. Of Law 3)
> 18 USC § 981   Forfeiture of property and proceeds of crime
> 18 USC § 1341  Fraud and Violation of Honest Services
> 18 USC §§ 1952–1968 Racketeer Influenced Corrupt Organizations Act (RICO)
>          These claims are brought under 18 USC §§ 1962 (c) and (d)
> 18 USC § 2383 Rebellion against the United States or the laws thereof
> 31 USC § 3729  False Claims Act (FCA)
> 42 USC §§ 1982-1985 Civil Rights Act

(b) The Complaint further references these facts and arguments in *Common Elements Incorporated Into All Claims* (p. xxvii).

---

[3] *Federal Liability for Takings and Torts* Abend, 31 Fordham Law Review 481

B. False Claims of Sovereign Immunity

19. Claims of sovereign immunity for federal government, *other than in wartime*, are the antithesis of patriotism, a concerted attack upon the Constitution and Laws of the United States. There is no concept more abhorrent to the Founders of this nation, or more contradictory to its founding documents, than the notion that government should be immune from prosecution for deliberate injuries to the people. The assertion of sovereign immunity is advocacy of fascism, tantamount to treason, an act of War upon these United States. The assertion itself is just cause for dismissal from public office.

20. It is shocking that our former Department of Justice has descended into advocacy of the suppression of democracy by demanding absolute powers for itself and the Executive Branch. No public purpose is thereby served: the arguments are vacuous, based upon false claims of special circumstances such as wartime defense exigencies. But of course the legal history of false claims of convenient sovereign immunity is extensive.

21. It is discouraging that our Judicial Branch has at times descended into partisan advocacy of sovereign immunity, by simply ignoring the long honorable legal tradition of government accountability for wrongs done to citizens.[4] This appears to be due to partisan operation of a two-track system of justice to benefit partisans regardless of the law. Those who deny government accountability to citizens will ultimately be celebrated with infamy.

22. The defendants falsely claim that the FTCA is the "only available waiver of sovereign immunity" and that its violation is somehow not claimed in the Complaint. But Fact Appendix G *Misconduct Of Factions Within Federal Agencies* clearly states and argues the subject violations of FTCA within the originating documents of this case:

> The *Boling* case failed to presume an absence of immunity barring specific provisions to the contrary, but CRA claims of violation by state actors were generalized to federal actors by *Bivens* and are regularly prosecuted. In fact *Boling* admits that Congress waived immunity (of DOJ and other agencies) under the FTCA "under circumstances where the United States, if a private person, would be liable to the claimant" but FTCA was not applicable there only due to lack of any claim of underlying wrong.

23. Appendix G also extinguishes the DOJ false claims of discretion and immunity for obstruction of prosecution of political racketeering, committed by refusal to investigate, refusal to comply with FOIA, and by the very assertion of absolute discretion and immunity.

---

[4] *Federal Liability for Takings and Torts* Abend, 31 Fordham Law Review 481

24. Detailed argument presented in Memorandum Of Law 6 *Civil Rights Violation* establishes federal violation of federal rights by district judges, by refusal to investigate or act upon the related violations of constitutional rights by prior defendants, and by several partisan refusals to request investigation of the subject thefts of public funds.

25. Further detailed argument is presented in Memorandum Of Law 8 *Misconduct Of Federal Agencies* dealing with federal immunity issues. Clearly federal agencies do not have discretion or immunity for commission of political racketeering crime, nor other violations of the Tort Claims Act or the Civil Rights Act, and any argument to the contrary is a federal crime in itself.

26. The defendants memorandum claims falsely (p. 9) that federal agencies are not liable for failure to enforce, citing only immaterial cases of refusal to investigate a single small crime, and the prior related case improperly decided by partisans, which offered only the same perjury of absolute Discretion and Immunity as argument. The defendants have no argument whatsoever.

C. False Statement of "Insubstantial" Claims

27. The defendants descend further into criminal perjuries of law in claiming that this fully-documented case of political racketeering, backed and proven by a concise and thorough Complaint, eight Appendices Of Fact, and eight Memoranda Of Law, whose very volume it complains of, is magically no more than an unsubstantiated "bizarre" and "wide-ranging conspiracy" theory. (p. 6, 9, 18). But the defendants have no argument whatsoever.

28. The defendants also claim foolishly that the racketeering enterprise amounts to no more than a single minor crime (p. 9, 13), simply ignoring the extensive documentation of false appropriations amounting to over $100 million over a period of years. Of course the defendants again have no argument whatsoever.

**3. False Statements that the Complaint Does Not Even State A Claim**

A. False Statement That No Claim Is Stated Against The Defendant Agency Factions

29. The defendants state (p. 11) that no claim is stated against the defendant agency factions, despite the full and clear statements thereof in the Complaint, Appendices, and Memoranda, which they criticized as excessive. They recite inapplicable phrases like "threadbare recitals" and "conclusory statements" with no connection to this case, and conclude incorrectly (p. 12) that "that is all the plaintiff has provided." This may be due in part to their appearance before other defendants were served. But now all Plaintiff Appendices and even Memoranda have been filed.

30. In fact these claims are stated in the Complaint:

> Complaint
> *Summary* (p. iv, v)
>> The defendants have engaged in (1) collusion in a racketeering enterprise which has injured the Plaintiff, the theft of about $120 million in federal, state, and local conservation funds by wealthy ranchers and politicians of one political party in Florida, and (2) the defendant agencies have refused over three years to investigate this racketeering, despite having convicted about 70 public officials in Florida annually for claims less than one percent the size of this case, and despite many plaintiff requests and provision of reams of evidence, six Appendices of Fact and seven Memoranda of Law to local, central, and OIG offices of each defendant agency under administrations of both major political parties, several times over this period, even as they investigated an opposing-party politician for one-thousandth of this amount, and have sought to obstruct plaintiff prosecution by denying FOIA requests regarding their refusal to investigate. …
>> For (1) the theft of $120 million in conservation funds in Florida, reference is made to Fact Appendices A - F and Memoranda of Law 1 - 7. For (2) defendant agency refusal to investigate or prosecute these groups, and obstruction of Plaintiff FOIA investigation of the defendant agencies, Fact Appendix G and Memorandum of Law 8 are provided.
> *Count 9* (p. xxvi) cites these violations by the defendant agencies:
>> 5   USC § 552   Freedom of Information Act (FOIA)
>> 18 USC § 242   Denial of Constitutional Rights under color of law
>> 18 USC § 371   Fraud and Conspiracy Against the U.S. (Mem. Of Law 3)
>> 18 USC § 981   Forfeiture of property and proceeds of crime
>> 18 USC § 1341  Fraud and Violation of Honest Services
>> 18 USC §§ 1952–1968 (RICO)
>> 18 USC § 2383 Rebellion against the United States or the laws thereof
>> 31 USC § 3729  False Claims Act (FCA)
>> 42 USC §§ 1982-1985 Civil Rights Act
> *Common Elements Incorporated Into All Claims* (p. xxvii) cites these violations.
> *Facts of Federal Agency Obstruction of Investigation 2018-2021* (p. 36-38)
> *Facts of The Plaintiff and His Damages 2011-2025* (p. 38, excluding tax loss)

31. These claims are further detailed in the Appendices, Memoranda of Law, and Exhibits:

> Appendix G *Misconduct Of Factions Within Federal Agencies*
> Appendix H *FOIA Exhibits*
> Exhibits Volume 1
> Memorandum of Law 1: Racketeering Law
> Memorandum of Law 3: Fraud and Misappropriation
> Memorandum of Law 8: Misconduct Of Federal Agencies

32. The defendants state (p. 12) that no specific FOIA claim is asserted. These are detailed in:

> Complaint *Summary* (p. iv, v)
> Appendix H *FOIA Exhibits*
> Memorandum of Law 8: Misconduct Of Federal Agencies

33. The defendants claim that FOIA cannot be enforced because it is criminal law, ignoring enforcement by acts of the judicial branch pursuant to civil claims, or criminal claims under civil racketeering law, which of course are the subject claims in this action. The argument is false.

B. False Statement That Other Defendants Are Not Clearly Charged

34. Every one of the defendants is (1) directly linked by official records to one or more of the entities that received misappropriated public funds, and/or (2) a government official directly involved in the misappropriation. The DOJ merely waves its hands as it falsely claims that the Complaint does so, but in fact the Complaint clearly states nine claims against the defendants.

C. False Claim Of Collateral Estoppel

35. The defendant counsel states falsely (p. 13 et seq) that the subject claims were "already dismissed" in the prior related case[5] in which the specific agencies were prosecuted for their partisan corruption in refusing to investigate partisan political racketeering. In fact, that case *did not assert the same claims*. The private parties there were only named as to be joined after investigation, and the specific agencies were charged with their partisan refusals to investigate. The U.S. was named for overall responsibility for agency misdeeds. But in this case, the U.S. is named only for its *residual liability* to citizens for injuries, a liability never contested, in the Complaint section *Parties* (p. xii):

> The Department Of Justice, Federal Bureau Of Investigation, Department Of Homeland Security, and thereby the United States, denote rogue factions or cabals within these agencies, who have (1) refused to investigate the racketeering enterprise or even reply to the Plaintiff, (a) despite the Complaint, six Appendices of Fact and seven Memoranda of Law being sent to the local, state, headquarters, *and* OIG offices of each agency in multiple salvos repeated over three years under the administration of both major political parties, (b) despite their securing about *70 convictions annually* of public officials in Florida alone for twenty years, of less than *one percent* the size of this case, and (c) despite their investigation of a political candidate of the *opposing* party for *six years* for alleged mishandling of *one-thousandth* of the amount in this case. These rogue factions may also have (2) compiled a falsified dossier to obstruct prosecution by the plaintiff, and have refused to reveal any facts of these acts of obstruction upon FOIA prosecution. The complaint is intended to remove the rogue factions, and does not apply to the entirety of these agencies. *The United States is liable to the Plaintiff for any and all injuries caused*

---

103. *John Barth v. United States Dept. of Justice et al*, No. 1:22-cv-00955 (DC, 2022)
104.   appeal No. 22-5338 (DC Cir., 2022)
105.   petition No. 23-379 (U.S. Supreme Court, 2023)

   *by this racketeering collusion of agency factions, and the resulting denial of evidence to ensure proper and complete charging of other defendants.*

36. Count 9 also details the claim against the U.S. of *residual liability* for "any and all injuries caused by this racketeering collusion of agency factions, *and the resulting denial of evidence to ensure proper and complete charging of other defendants*."

37. The false decision in the prior case to explicitly grant Discretion and Immunity to agencies for collusion in political racketeering crime, although a betrayal of the United States and a subversion of its Constitution and Laws, is not a decision on residual liability, which has never been contested. Therefore that decision does not bar these claims by collateral estoppel.

38. Most importantly, the prior decision of this Court to grant absolute Discretion and Immunity for any government agency or employee to engage in racketeering crime was manifestly and outrageously unconstitutional, unsupported by any valid argument, and must be reversed. It was an assertion of executive tyranny over the People of the United States, which may be ignored by any Court, and does not argue for collateral estoppel. See Memorandum Of Law 8 on Agency Misconduct, section *Error Of Argument In Prior Decision To Dismiss Agency Defendants*. A responsible judge will ignore or oppose the prior decision with more rational argument.

**CONCLUSION**

  The defendant motion lacks any basis in law, having been based upon completely false claims of (1) sovereign immunity of agencies to engage in political racketeering crime; (2) false quibbles about the clarity of claims against specific defendants; and (3) false quibbles about the size of documents necessary to detail complex racketeering operations. Clearly the absolute immunity claims are false and unconstitutional, the Complaint claims are valid and properly stated, and the Plaintiff documents are concise, their length determined solely by the complexity of the racketeering enterprise. Therefore the motion should be denied.

**OATH AND CERTIFICATE**

    I, the undersigned Plaintiff John S. Barth do hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. I further certify that on this date a copy of the foregoing document was served electronically via ECF on all counsel of record.

Date: _____7/28/2025_____   _____
                                          John S. Barth, Plaintiff, pro se
        P.O. Box 88, Springvale, ME 04083 Jbarth@gwi.net  207-608-1741