**District Court of the United States**
**District of Columbia**

---------------------------------------------
|                                              | Case No. 1:25-cv-01136-DLF
John S. Barth,                                 |
    Plaintiff                                       |
v.                                             |
Mabry Carlton Ranch, Inc., et al.              | **Fact Appendix G**
    Defendants                                      |
_____|  **Misconduct Of Factions Within Federal Agencies**

**CONTENTS**

Obstruction Of Prosecution Of Political Racketeering By Refusal To Investigate ........................ 2
  The Need For Investigation ................................................................................................ 2
  Refusal Of Defendants To Contact Informants of Political Racketeering ................................. 2
  Refusal Of Defendants When Fully Informed To Investigate Political Racketeering ................ 2
Obstruction Of Prosecution By False Claims Of Discretion And Immunity For Racketeering ..... 3
  False Claim of Discretion To Collude In Political Racketeering ............................................... 3
  False Claim of Immunity For Collusion In Political Racketeering ........................................... 4
    False Claim That False Claims Act Allows False Claims By Agencies .................................. 5
    False Claim Of Agency Immunity For C.R.A. Or FTCA Violations ........................................ 5
Obstruction Of Prosecution Of Political Racketeering By Refusal To Comply With FOIA ......... 6
  Efforts To Obtain Agency Information On Refusal To Investigate Political Racketeering ........ 6
  Defendants FBI And HSI Received Multiple Explicit Or Effective FOIA Requests ................. 8
    The FBI And HSI Simply Deleted Their Website FOIA Notifications ................................... 8
    The DOJ Accepted FOIA Requests For All Agencies On "National FOIA Portal" ................ 9
    FOIA Request To DOJ Specifically Requests Information From Related Agencies ............. 9
    DOJ Admitted That FBI Is Part Of DOJ And So Shared FOIA Requests ............................ 10
    This FOIA Case Itself Constituted FOIA Notification Of The Defendant Agencies ............ 10
    FOIA Requests During This Action Again Notified The Defendant Agencies ..................... 11
  The DOJ Stated Falsely That FBI and HSI Did Not Receive FOIA Requests .......................... 11
Violations of Law By The Defendant Agencies ............................................................................. 12
  Violations of the Freedom of Information Act By The Defendant Agencies .......................... 12
  Violations of Civil Rights Law By The Defendant Agencies And The United States ............. 13
  Perjuries By The Defendant Agencies ................................................................................... 13
Damages Caused By Obstruction Of Prosecution Of Political Racketeering ............................... 13
  Damages Caused By Denial Of Evidence To Prosecute Political Racketeering ...................... 13
  Damages Caused By Potential Error In Charging Private Defendants ................................... 14
  Damages Caused By Likely False Claims To Courts Against Plaintiff .................................... 14
  Damages Caused By False Claims Of Discretion And Immunity ............................................ 14
  Damages Caused By Concealment Of Organized Crime Within The Defendant Agencies ..... 14

**Obstruction Of Prosecution Of Political Racketeering By Refusal To Investigate**

*The Exhibits referenced are located in Appendix H: Investigation Requests*

*The Need For Investigation*

1. This case would be strengthened by further evidence of financial interactions of the racketeering enterprise with public officials. Further financial data would solidify evidence of *quid pro quo* between the primary actors and public officials, and would permit joining Defendant Group E, including the major buyers of influence and channels of corrupt influence upon the politicians and decision makers involved. However, the defendant agencies refused for three years to investigate, and may have obstructed prosecution by falsification of records.

*Refusal Of Defendants To Contact Informants of Political Racketeering*

2. During the period 2018-2020, the DOJ (DC and Tampa Fl), FBI (DC, Jacksonville, and Tampa Fl), HSI (Arlington VA and Tampa), and IRS Investigations (Fresno CA) were each notified of this political racketeering by means of reports on their websites, and several emails, describing the general situation, status of investigation, and need for investigative assistance. No reply of any kind was received to about 30 inquiries over these years (exhibits A-1 to H-3).

*Refusal Of Defendants When Fully Informed To Investigate Political Racketeering*

3. In August 2020 each office of each agency was again sent notification by certified mail, with copies of the full Complaint and a CD with the Complaint, six Appendices of Fact, and seven Memoranda of Law, and all of the raw evidence. The letters stated that failure to respond would violate the mandated duty of each agency (exhibits E-1 to E-4). None of the agencies replied.

4. A call was placed to the Inspector General (OIG) of the DOJ and FBI, asking whether the failure to respond might be due to fear of career damage by political appointees, and how much time should be allowed after the inauguration 1/20/2021, before sending further letters. The FBI OIG denied that any political bias was possible despite political appointees.

5. Clearly all persons then in control of each of these agencies were abusing office to protect racketeering to steal state and federal funds for the Republican party. The question remained whether that corruption is limited to the appointees of the political party of the racketeers.

6. On 2/9/2021 after inauguration of a Democratic administration, a second round of certified envelopes with documents and CDs were sent to all of these offices (exhibits G-1 to G-6). After six months, none of the agencies had replied. The same factions were obstructing prosecution.

7. On 7/16/201, the DOJ OIG stated (exhibit H-2) that investigations of DOJ misconduct are "outside our investigative jurisdiction." Plaintiff notified the DOJ OIG (exhibit H-3) that further delay would be interpreted as obstruction of prosecution of racketeering, in violation of the mandate of these agencies. The DOJ OIG was advised to investigate immediately, or prosecution would commence, for:

    1. Collusion with the political racketeering enterprise;
    2. Knowing, willful, and extreme abuse of office; and
    3. Subversion of the Constitution and laws of the United States.

**Obstruction Of Prosecution By False Claims Of Discretion And Immunity For Racketeering**

*False Claim of Discretion To Collude In Political Racketeering*

In the related case in this court (1:22-cv-00955), the DOJ made perjuries of law, falsely claiming that decisions of whether or not to investigate or prosecute, which amount to collusion in political racketeering, are discretionary and not subject to judicial review, citing only a few immaterial, trivial, and erroneous decisions. The decision to investigate political corruption of one party while refusing to investigate that of another, of one thousand times that amount, was plainly corrupt. There is no discretion to abuse public office.

The Administrative Procedure Act APA, 5 USC § 701(a) ensures that agency action may be reviewed by courts *unless discretion is provided by law*, exempting the military but not the defendant agencies.

Even statutory discretion is abdicated where the agency violates principles of its conduct. DOJ standards 9-27.2 require it to prosecute federal offenses where the evidence "will probably be sufficient" and states that "federal prosecutors and agents may never make a decision regarding an investigation … for the purpose of affecting any election, or for the purpose of giving an advantage or disadvantage to any candidate or political party." Clearly the defendant agencies including the DOJ violated the DOJ standard.

The ABA Standard of Prosecution prohibits a prosecutor from using "improper considerations, such as partisan or political … considerations, in … prosecutorial discretion" or

permitting professional judgment to be affected by "political, financial, professional," or other interests. CFR Title 5 prohibits federal employees from giving "preferential treatment to any private organization or individual" and prescribes disciplinary action.

The FBI itself states that the investigation of "violations of federal law by public officials at the federal, state, and local levels" is its highest priority.

All of these standards clearly prohibit the proven conduct of the defendant agencies. The fact that the FBI investigated Democratic Mayor Gillum of Tallahassee, Florida *from 2015 to 2021* for $125,000 of allegedly misallocated donations, while refusing for three of those years to investigate *proven theft* by *Republican* Florida officials of *one thousand times* that amount, proves that the defendant agencies knew that the present case met their standard of evidence, and that a political faction controlled the investigation decisions at all levels. The fact that all local, state, headquarters, and OIG offices of all defendant agencies refused to even reply to thirty Plaintiff notices with full evidence over three years, proves their broadly organized collusion to protect political racketeering.

This is a clear violation of the DOJ standard, and any excuse of resource insufficiency is proven false. The DOJ did not request, and later refused, further details, voiding any claim of insufficient evidence or investigative resources. The defendant agencies *have no excuse*.

The fact that these agencies claim discretion for collusion with political racketeers, refusing to investigate or even reply to numerous alerts, further proves that they acted knowingly in violation of duty and the laws cited. There is no discretion of agencies to commit massive crimes ot to subvert the Constitution, in willful collusion with political racketeering crime.

*False Claim of Immunity For Collusion In Political Racketeering*

The DOJ motion deceitfully faked up argument that RICO claims against federal employees are precluded because the U.S. "has not waived its sovereign immunity," citing only the unpublishable *Hayes v. DOJ* [7] for the anti-constitutional absurdity that "sovereign immunity bars a suit against the United States and its agencies except upon consent." That case merely cites *Klayman* which failed to state civil rights violated, necessary to a civil rights RICO claim. Civil rights RICO (*Bivens* [9]) claims are regularly prosecuted against agencies.

The very fact that the defendant agencies seek immunity for collusion with the Florida political racketeers establishes that they willfully acted in violation of public duty and the laws

cited in Count 9, voiding even any statutory immunity. There is no such immunity, just as there is no such discretionary action. This is clearly established in the detailed argument hereunder.

Article III section 3 of the Constitution provides that the "Judicial Power shall extend to… Controversies to which the United States shall be a Party" which undeniably was intended to subject the acts of the executive to judicial review. The Fifth Amendment guarantees that citizens shall not be subject to uncompensated takings, nor deprivations of life, liberty or property without due process of law, clearly anticipating judicial remedies against acts of government in violation of Constitutional rights, and permitted suits and enforcement by habeas corpus and mandamus orders against government officials. Sovereign immunity was never stated in the Constitution, because it was recognized as no more than the ancient claim of tyrants to be above the law. Suits against government are an essential means of regulation, and improve rather than imperil security and the rule of law.

The remedial imperative of the Constitution precludes sovereign immunity from any suit alleging a violation of constitutional right. The "petition" clause of the First Amendment rejects immunity in favor of judicial resolution of petition claims against government. The *Bivens* decision establishes that enforcement of the Constitution is not dependent on government assent, and that the Constitution must be enforceable by individuals without government assent.

Sovereign immunity, in a nation founded upon principles of individual rights, has very few legitimate functions, and is invoked only to shield deliberate violations of public duty. Judicial remedies against executive misconduct are an essential mechanism of government checks and balances, as well as accountability. None of the cases cited in the decision provide a material legitimate exercise of immunity. They are cited as a scam to subvert the Constitution.

False Claim That False Claims Act Allows False Claims By Agencies

The DOJ made the false claim that the False Claims Act FCA "does not provide a cause of action against the Government" although admitting that it "provides a cause of action against those that defraud the Government." In this case collusion by rogues within federal agencies with the Florida defendants who violated the FCA is an FCA cause of action against the rogues.

False Claim Of Agency Immunity For C.R.A. Or FTCA Violations

The DOJ cited an erroneous incidental note in the immaterial *Boling* decision, that the U.S. has not "waived its sovereign immunity" under the Civil Rights Act, which in fact

specifically extinguishes sovereign immunity both state and federal: the U.S. obviously has no immunity for civil rights violations directly prohibited by its Constitution.

The *Boling* case failed to presume an absence of immunity barring specific provisions to the contrary, but CRA claims of violation by state actors were generalized to federal actors by *Bivens* and are regularly prosecuted. In fact *Boling* admits that Congress waived immunity (of DOJ and other agencies) under the FTCA "under circumstances where the United States, if a private person, would be liable to the claimant" but FTCA was not applicable there only due to lack of any claim of underlying wrong. The case is immaterial.

This court merely cited its own anti-constitutional-rights opinion in *Smith v. Obama* relying upon another anomalous case of native American rights on allotted lands. The Court of Claims had *denied* the DOJ claim that the U.S. had not waived immunity, but the Supreme Court held only that the law did not establish a fiduciary duty, voiding the cause of action. This is yet another scam to subvert the United States Constitution, debunked below.

Persons performing "adjudicatory functions" in a federal agency, including decisions to initiate proceedings, have personal immunity under *Butz v. Economou*, but those who willfully violate the statutory purposes of their agency to effect political bias, abdicate that function and its immunity. Those who conceal information from "adjudicatory" officials, provide false information, or coerce or violate their decisions, do not have adjudicatory function immunity.

**Obstruction Of Prosecution Of Political Racketeering By Refusal To Comply With FOIA**

*The Exhibits referenced are located in Appendix H: Investigation Requests And FOIA Exhibits*

The defendants FBI, HSI, and DOJ have refused at least four formal or effective FOIA requests, just as they have refused any response to at least four formal investigation requests complete with the complaint and six appendices of fact and seven memoranda of law, each request made to all of the local, state, headquarters, and OIG offices of all of these agencies. These acts will be seen by congressional committees as admissions of collusion in the political racketeering investigated and reported by the plaintiff.

*Efforts To Obtain Agency Information On Refusal To Investigate Political Racketeering*

8. To determine the causes of agency refusal to investigate a large well-documented case of political racketeering, and to determine whether the agency misconduct involved false information about the Plaintiff, FOIA requests were made 2/25/2021 (Exhibits 1A – 1D) for all information held about the Plaintiff:

> This should include, but not be limited to, all information regarding personal history, business, activities, relationships, communications, charitable and public service activities, legal matters, politics, reports by individuals or private organizations, or reports by federal, state, and local agencies, contractors, or employees, etc. Matters of special concern include any and all negative reports or information that might raise concerns or discourage cooperation of Federal or state agencies with public service activities, investigations, or legal process by John Barth.

9. The DOJ AG admitted by email on 3/1/2021 (exhibit H-1) that it had 26 pages of information on the Plaintiff, sent to its criminal division CRM for redaction, Request No.: CRM-301637928:

> … twenty-six pages were located that contain records responsive to your request. Because this material originated with or is of primary interest to the Criminal Division (CRM), we have referred that material to CRM for processing and direct response to you.

10. When no information was received after 85 days, the Plaintiff filed an administrative appeal for expedited determination, warranted under 28 C.F.R. § 16.5(e)(1)(iii) (2020) because the FOIA request involved potential "loss of substantial due process rights" in extending the prosecution period or tolling of racketeering, and therefore was essential to due process rights. The request was denied 5/21/2021, and upon further appeal, DOJ claimed 6/9/2021 (Exhibit 5) that an appeal for expedited determination is permitted only after the determination!

11. The FOIA section 5 USC § 552(a)(3)(A) requires that general requests receive a "prompt" response, and authorizes suit under 5 USC § 552(a)(6)(C)(i) when an agency takes longer. FOIA 5 USC § 552(a)(4)(B) gives this Court jurisdiction to order production of records.

12. But the agency refused to simply forward that information, which it provided only four years later during a second lawsuit to force it to provide FOIA information. The 26 pages consisted only of one of over thirty Plaintiff requests to investigate, missing all of the evidence provided.

13. Also conspicuously absent was any information explaining the persistent refusals of all offices at all levels of all of the agencies to investigate this proven large case of political racketeering by one political party, even while investigating for years a case against the opposing party, involving only allegations of misuse, of one-thousandth of the funds involved in this case. Because this broad and consistent misconduct necessarily involved broad communication between all offices at all levels of all of the agencies, refusal to provide information on this

7

massive collusion constitutes not only extreme perjury, but also very widespread abuse of public office to subvert the Constitution and Laws of the United States for personal and partisan gain.

Timeline of FOIA Requests to Federal Agencies***

| Date | Exhibit | Description | App. H Page |
|---|---|---|---|
| 1/2021 | | Filed FOIA requests on FBI, HSI, and IRS websites | |
| 2/25/21 | 1A - 2 | Filed FOIA request 197391 via National FOIA Portal with forms. | 6-10 |
| 3/01/21 | 3 | DOJ letter: "twenty-six pages were located... originated with … Criminal Division (CRM)… referred… to CRM for processing." | 11 |
| 3/03/21 | 4 | Criminal Division letter: "will disclose… as soon as practicable" | 12 |
| 5/20/21 | 10A | Filed appeal A-2021-01803 for "expedited determination" | 15 |
| 5/25/21 | | Expedited Determination denied for "insufficient cause" | |
| 6/09/21 | 5 | DOJ OIG denies appeal until determination despite no action. | 13 |
| 7/16/21 | 6 | DOJ OIG claims that FOIA compliance is not their mandate. | 14 |
| 8/24/22 | | 18 months since application with no determination. | |
| 2/24/23 | | 24 months since application with no determination. | |
| 8/24/23 | | 30 months since application with no determination. | |
| | 10B | DOJ deleted the FOIA request despite noting two appeals thereof. | 16 |

**Defendants FBI And HSI Received Multiple Explicit Or Effective FOIA Requests**

*The FBI, HSI, and DOJ refused at least four formal or effective FOIA requests, just as they have refused any response to at least four formal investigation requests* complete with the Complaint and six Appendices of Fact and seven Memoranda of Law, each request made to all of the local, state, headquarters, and OIG offices of all of these agencies. *These acts will be seen by congressional committees as formal admissions of collusion in the political racketeering investigated and reported by the Plaintiff.*

The FBI And HSI Simply Deleted Their Website FOIA Notifications

The FBI and HSI were notified of the Plaintiff FOIA requests on their websites, and have apparently concealed or deleted such records to claim that no such requests were made, as their DOJ counsel did in its Reply (p. 5), citing only their claims that they received no FOIA request. Their citation of a case of this judge in this court is immaterial, as no agency is "entitled to a presumption" of compliance with FOIA, because FOIA was enacted explicitly to *prohibit* noncompliance.

No agency under FOIA regulation is entitled to control all evidence of its compliance therewith, and this Court should rule that no federal agency may accept FOIA requests to itself

or other agencies, which would enable the regulated agencies to delete requests at will and claim that no requests were made.

The DOJ Accepted FOIA Requests For All Agencies On "National FOIA Portal"

The Plaintiff filed FOIA request 197391 on 2/25/2021 (exhibit 1A) with the National FOIA Portal which describes itself (Exhibit 1A) as "FOIA.gov, the government's central website for FOIA." Although the present version of the website accepts FOIA applications specific to each agency, there was then one process for all agencies (Exhibits 1A – 1D). The website is operated by DOJ, which thereby accepted responsibility for notification and compliance of FBI and HSI as requested, and thereby admits that the requested federal agencies were notified. DOJ denial of notification implies that the "National FOIA Portal" was inadequate or misused, and should be corrected, dismantled, or placed under judicial administration.

The Plaintiff FOIA request included all information of "federal, state, and local agencies, contractors, or employees, etc." (Exhibit 1C) about the Plaintiff. DOJ admitted 3/1/2021 possession of some records (Exhibits 3 to 5), but refused for almost four years to send these to the Plaintiff, and then sent only copies of his investigation request letters.

The National FOIA Portal later deleted its on-line records of these FOIA applications (exhibit 10A) despite retaining records of the appeal thereof (exhibit 10B), showing intent to subvert the FOIA.

This Court should have ruled that an FOIA notice on the National FOIA Portal constructively notifies all referenced or potentially applicable federal agencies, and that FBI and HSI were properly notified of the 2021 FOIA requests. Judicial administration of the "National FOIA Portal" should have been considered to prevent further abuse.

FOIA Request To DOJ Specifically Requests Information From Related Agencies

The 2/25/21 FOIA request 197391 to DOJ (exhibit 1A to 1B) requests "all information of DOJ" which "might discourage cooperation of federal and state agencies" with Plaintiff prosecution, including information available to DOJ from FBI and HSI. These intimately linked executive enforcement agencies need not be separately notified.

The 3/1/21 DOJ response letter (exhibit 3) states that it merely conducted a search of a records repository for three AG offices, rather than a search of the FBI and HSI records available

to DOJ, and nonetheless found 26 pages of records involving the Plaintiff, but sent nothing to the Plaintiff for four years, and then sent only his own letters requesting the related investigation.

The 3/3/21 letter of the DOJ Criminal Division (exhibit 4) to "CRM Request no. 301637928" also shows concealment, stating that records found were "under review" and that "non-exempt" records would soon be forwarded, which was never done. This is an admission that DOJ regularly claims FOIA exemptions for non-exempt records.

The 6/9/21 letter of the DOJ OIP (exhibit 5) stated that "no determination" had been made regarding those 26 pages over 90 days later, and this was still not done over three years later. This is an admission of collusion to subvert the FOIA.

The 7/16/21 letter of the DOJ OIG (exhibit 6) on appeal A-2021-01803 stated that inspection of DOJ compliance with FOIA was magically beyond its authority as Inspector General of DOJ. This is an admission of collusion to subvert the FOIA, at the top level of DOJ.

This court should have ruled that an FOIA request to DOJ is an FOIA request to all referenced or potentially applicable federal agencies.

DOJ Admitted That FBI Is Part Of DOJ And So Shared FOIA Requests

The DOJ letter of 9/8/2020 (Exhibit J) states that FBI is a component of DOJ:

"The FBI is the investigative arm of the Department of Justice"

This establishes that DOJ shares FOIA requests with FBI, and that FBI records are available to DOJ. The same letter admits that DOJ is the legal advisor of FBI, which establishes that DOJ advised FBI to falsely deny FOIA notification:

"Department of Justice is permitted to render legal advice and assistance [to] executive agencies of the federal government"

DOJ represents both the FBI and HSI in FOIA matters, and cannot claim that it left them uninformed of the FOIA request on its National FOIA Portal: that request was thereby filed with all defendant agencies (exhibits 1A to 2).

This FOIA Case Itself Constituted FOIA Notification Of The Defendant Agencies

Further, the filing of this FOIA suit must in itself be regarded as a request under FOIA for compliance therewith. This suit is in itself an FOIA request, and was filed more than twelve months ago on 9/28/23, more than twice the maximum time to complete an FOIA response. This delinquency has again established intent to subvert the FOIA.

The defendant Answer in this FOIA case was due 2/4/24, which deadline was extended upon request of the defendants to 4/7/24. An FOIA request normally would have been fully processed in that Answer period, and an agency seeking to comply with the FOIA would have done so at the time of their Answer. But none of the defendants sought to answer the Complaint or provide the information requested: they replied with nothing but perjuries of law, that they need not comply with the law. This in itself proved their intent to subvert the FOIA, and the need for judicial checks and balances.

This court should rule that filing an FOIA case is in itself an FOIA request to all defendant or referenced federal agencies.

FOIA Requests During This Action Again Notified The Defendant Agencies

FOIA requests were made during this action on the updated version of the NFP which specifically notified the defendants FBI and HSA. The FBI was notified by means of FOIA ID 1647666 on 10/21/24 (Exhibits 11A – 11E), and HSA was notified by means of FOIA ID 1647711 on 10/21/24 (Exhibits 12A – 12D).

These requests are normally processed within one to three months, and expedited processing was requested. Therefore the Court should have set a time for these agencies to Answer the complaint and respond to the new FOIA requests.

**The DOJ Stated Falsely That FBI and HSI Did Not Receive FOIA Requests**

The defendants falsely stated that the Plaintiff did not submit an FOIA request to FBI and HSI. This is not supported by the facts, as shown below.

All of these agencies conspired to conceal the basis of their non-compliance with over thirty Plaintiff requests for information to all of their local, state, headquarters, and OIG offices over a period of three years. After two years of such non-compliance, the 6/14/20 letters of the Plaintiff to DOJ, HSI, and FBI (exhibits C-1 to C-3) notified them that they were neglecting the mandated role of their agencies, as stated in exhibit C-2:

> "As your office has not replied in more than two years, should you not reply this time, this becomes neglect or violation of the mandated role of your agency. Agencies acting as components of the racketeering enterprise may become defendants later."

The 12/15/20 letters of the Plaintiff (with CD) to DOJ OIG and DOJ/FBI DC/Tampa Offices and HSI Arlington/Tampa offices (Exhibits F-1 to F-3) and the similar 2/9/21 letters of the Plaintiff (Exhibits G-1 to G-4) state that:

> If there is no response in three years, I would be forced to conclude that political motives control investigations, in violation of the mandate of federal agencies.

None of the twelve offices of these agencies had responded in any way after three years, despite the volume of information and legal analysis supplied, and their simultaneous investigation of an opposing-party candidate involving one-thousandth of these funds.

The requests of the Plaintiff to the defendant agencies and OIGs, for *explanations* of these politically-motivated refusals to perform their investigative duties, may also be considered requests under the FOIA, and their refusals are consistent with their refusals to provide the records later demanded under explicit provisions of the FOIA.


**Violations of Law By The Defendant Agencies**

18 USC §§ 1952–1968 Racketeer Influenced Corrupt Organizations Act (RICO)
    These claims are brought under 18 USC §§ 1962 (c) and (d)
18 USC § 242   Denial of Constitutional Rights under color of law
18 USC § 371   Fraud and Conspiracy Against the United States (see Mem. Of Law 3)
18 USC § 1341 Fraud and Violation of Honest Services
31 USC § 3729  False Claims Act (FCA)
42 USC §§ 1982-1985 Civil Rights Act
5   USC § 552   Freedom of Information Act (FOIA)

*Violations of the Freedom of Information Act By The Defendant Agencies*

14. The Freedom of Information Act (FOIA) requires these agencies to release records promptly. They refused to comply with FOIA's statutory deadlines with respect to the plaintiff request, unlawfully depriving the public of its statutory right to obtain records containing crucial information about government investigation of political racketeering. Without investigation by these agencies, the plaintiff cannot prove the guilt of several potential defendants in the racketeering enterprise. Without the requested records, the plaintiff cannot determine the involvement of political agents in suppression of this investigation. The unlawful withholding of public records by these agencies subverts FOIA's basic purpose of government transparency.

*Violations of Civil Rights Law By The Defendant Agencies And The United States*

15. The duty of the factions involved within these federal agencies was to enforce the law, not to decide whether or not to do so. Instead faction members abused public office to protect racketeering crime by a political party, and to deny constitutional rights and deceive the courts.

16. Factions within these agencies ignored the Constitution, intended to betray the people of the United States by willful abuse of public office, and have obligated the United States to ensure just compensation to the victims, either by itself or by the other defendants.

17. Factions within these agencies denied the Plaintiff liberty and property, due process, and equal protection of law, by abuse of office, reckless disregard of injury, mistraining of employees, delegation of policy making to a final policymaker, and ratification of tort.

18. The collusion of factions within these agencies to deny civil rights, made the US responsible under 42 USC §1985 (conspiracy to deny rights). This Court has authority to compensate injury by federal violation of constitutional rights, regardless of the government agencies involved.

*Perjuries By The Defendant Agencies*

19. In the related case in this court (1:22-cv-00955), the DOJ made perjuries of law, falsely claiming that decisions of whether or not to investigate, amounting to collusion in political racketeering, are discretionary and for which they have immunity, citing only a few immaterial, trivial, erroneous, or subversive decisions. These are low-down and corrupt perjuries of law: there can be no discretion or immunity for abuse of public office.

**Damages Caused By Obstruction Of Prosecution Of Political Racketeering**

*Damages Caused By Denial Of Evidence To Prosecute Political Racketeering*

20. The refusal of the defendant agencies to investigate this proven large case of political racketeering has deliberately reduced the availability of evidence of financial and career *quid pro quo* for acts assisting the subject thefts of public funds, making the identification of guilty parties less certain, convictions less certain, and deliberately facilitating corrupt defenses or offenses by the defendants, damages for which the defendant agencies and the United States are liable.

21. These acts of the defendants constitute denial of civil rights, making the US responsible under 42 USC §1985 (conspiracy to deny rights). This Court has authority to compensate injury by federal violation of constitutional rights, regardless of the government agencies involved.

*Damages Caused By Potential Error In Charging Private Defendants*

22. The refusal of the defendant agencies to investigate this proven large case of political racketeering has deliberately made the identification of some guilty parties less certain, deliberately facilitating corrupt defenses or offenses by the defendants, so that the defendant agencies and the United States bear liability for any resulting damages.

23. These acts of the defendants constitute denial of civil rights, making the US responsible under 42 USC §1985 (conspiracy to deny rights). This Court has authority to compensate injury by federal violation of constitutional rights, regardless of the government agencies involved.

*Damages Caused By Likely False Claims To Courts Against Plaintiff*

24. The refusal of the defendant agencies to investigate this proven large case of political racketeering, likely using false information provided to the courts to discredit the Plaintiff, has deliberately facilitated corrupt defenses or offenses by the defendants, damages for which the defendant agencies and the United States are liable.

25. These acts of the defendants constitute denial of civil rights, making the US responsible under 42 USC §1985 (conspiracy to deny rights). This Court has authority to compensate injury by federal violation of constitutional rights, regardless of the government agencies involved.

*Damages Caused By False Claims Of Discretion And Immunity*

26. The unlawful assertion by the defendant agencies of discretion and immunity for collusion in political racketeering crime has deliberately subverted the Constitution of the United States and has severely damaged the ability of its institutions to function, damages for which the defendant agencies and the United States are liable.

27. These acts of the defendants constitute denial of civil rights, making the US responsible under 42 USC §1985 (conspiracy to deny rights). This Court has authority to compensate injury by federal violation of constitutional rights, regardless of the government agencies involved.

*Damages Caused By Concealment Of Organized Crime Within The Defendant Agencies*

28. The concealment by the defendant agencies of their organized crime in collusion with political racketeering, by refusal to comply with FOIA requests for that information, has deliberately facilitated organized crime in extreme subversion of the Constitution and laws of the United States, damages for which the defendant agencies and the United States are liable.

29. These acts of the defendants constitute denial of civil rights, making the US responsible under 42 USC §1985 (conspiracy to deny rights). This Court has authority to compensate injury by federal violation of constitutional rights, regardless of the government agencies involved.

1

1  **OATH**
2
3  I, the undersigned Plaintiff John S. Barth do hereby certify under penalty of perjury that the
4  foregoing is true and correct.
5
6  Executed on (date): 3/3/2025
7                                              John S. Barth, Plaintiff, pro se
8  P.O. Box 88, Springvale, ME 04083 Jbarth@gwi.net 207-608-1741
9
10  United States, Dept of Justice, 950 Pennsylvania Ave, Washington, DC 20530-0001
11  Federal Bureau of Investigation, 935 Pennsylvania Ave NW, Wash., DC 20535-0001
12  Homeland Security Investigations, 1901 S. Bell St., Suite 900, Arlington, VA 22202
13  Mabry Carlton Ranch Inc., agent Barbara B. Carlton, 9430 Sidell Rd., Sidell, FL 34266
14  Barbara B. Carlton, 9430 Sidell Rd., Sidell, FL 34266
15  Lisa Carlton, 9420 Sidell Rd., Sidell, FL 34266
16  Kimberly Carlton Bonner, 9450 Sidell Rd., Sidell, FL 34266
17  Longino Ranch, Inc., agent John Minton Jr, 26111 Turpentine Still Rd, Sidell, FL 34266
18  Berryman T. Longino jr, 25501 Tampensi Trail, Sidell, FL 34266
19  John Longino, 757 17th St, Fort Lauderdale FL
20  John L. Minton Sr, 2513 S Indian River Dr, Fort Pierce, FL 34950
21  John L. Minton Jr, 2619 Park Place Dr, Winter Park, Fl 32789
22  Thomas L Curry, 2805 Oakland Park Blvd, Fort Lauderdale FL
23  MJW Ranch LLC, James J Walton Trust, Wyona June Walton Trust,
24       Manager and Trustee Michael Allen Walton, 27790 Hickory Blvd, Bonita Springs FL
25  Michael Allen Walton, Julie M Walton, 27790 Hickory Blvd, Bonita Springs FL
26  Eric Sutton, Florida FWCC, 620 S. Meridian St, Tallahassee, FL 32399
27  Amy Meese, 6369 Mighty Eagle Way, Sarasota, Fl 34241
28  Jon Thaxton, 2046 Cordes St, Osprey FL 34229
29  Paul Mercier, 2124 Cork Oak St E, Sarasota, Fl 34232
30  Nora Patterson, 707 Freeling Dr, Sarasota, FL 34242
31  Eric Robinson, 133 Harbor Dr South, Venice, FL 34285
32  Carlos Beruff, 632 Regatta Way, Bradenton, Fl 34208
33  Karen Rushing, 7372 Mara Vista Dr, Sarasota, FL 34238
34  Scott Ortner, 11473 Tinder Ct, Venice FL 34292
35  Robert Lincoln, 1928 Rolling Green Cir, Sarasota, Fl 34240
36  Rochelle Curley, 2405 Moccasin Hollow Rd # R, Sarasota, FL 34240
37
38  **Certificate**
39
40  The notary certificate as required by the State of Florida follows:

1                                              43

**Document Name:** District Court of the United States District of Columbia ( John S. Barth, v. Mabry Carlton Ranch Inc.: etc.

### State of Florida Jurat Notary Certificate

**STATE OF FLORIDA**
**COUNTY OF Manatee**

Sworn to (or affirmed) and subscribed by personally appearing before me by physical presence this 31st day of March, 2025, by,    John S. Barth    .



_____
*(Signature of notary public)*

Louis G. C. Vettraino
_____
*(Name of notary public)*

**My commission expires:** <u>05/22/2027</u>

**Official Seal**

Personally known        OR
Produced identification  X  Type of identification produced:  Maine Drivers License

1

18