UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN S. BARTH,<br><br>        Plaintiff,<br><br>    v.<br><br>MABRY CARLTON RANCH, *et al.*,<br><br>        Defendants. | Civil Action No. 25-1136 (DLF) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT
UNITED STATES OF AMERICA'S MOTION TO DISMISS**

Defendant United States of America (the "Federal Defendant"), by and through undersigned counsel submits this Reply in further support of its Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 8(a), 12(b)(1) and 12(b)(6), and respectfully requests that the Court dismiss with prejudice all claims against the Federal Defendant in Plaintiff John S. Barth's frivolous Complaint, alleging a wide-ranging conspiracy to steal over a hundred million taxpayer dollars and faulting the United States for failing to investigate the same. *See generally* Compl. (ECF No. 1); *id.* at 4.[1]

**ARGUMENT**

Plaintiff's response to the Federal Defendant's motion to dismiss has not demonstrated that his Complaint included a "short and plain" statement of his claims under Rule 8, that his Complaint invoked the jurisdiction of this federal court, and that he has stated a claim against the Federal Defendant. Plaintiff filed his "Plaintiff Opposition to Defendant U.S. DOJ Motion to Dismiss with

---

[1]    All pincites to documents filed on the docket are to the automatically generated CM/ECF Page ID number that appears at the top of each page.

Memorandum of Law." ECF No. 46 (hereinafter "Plaintiff's Opposition" or "Pl. Opp."). Plaintiff also filed five additional memoranda on July 30 and July 31, 2025 (ECF Nos. 47–51), prompting this Court to order that "[u]ntil the Court resolves defendants' pending motions, the Clerk of Court is ordered to STRIKE any additional filings." Min. Order August 4, 2025. The Federal Defendant responds to matters relevant to a purported claim against the Federal Defendant raised in these five additional memoranda to the extent possible.[2]

Plaintiff's Opposition reduces to name-calling and invective. According to Plaintiff, Defendant "contemptuously" filed its motion to dismiss, "rely[ing] upon deceptions," "foolish deprecations[,]" and "absurd perjuries of law." Pl. Opp. at 2. Allegedly, "the partisans within DOJ serve administrators appointed to help steal a hundred million here and there for partisans, and must therefore claim impunity for theft." *Id.* at 3. He adds that the Federal Defendant's motion to dismiss "appeal[s] once more to partisans in the judiciary, hoping to be honored as thieves among thieves." *Id.* at 3.

Plaintiff claims "exemplary brevity and clarity" (Pl. Opp. at 4) in his seventy-two (72) page Complaint with a two hundred and thirty-nine (239) page attached "Notice of Facts Appendix" at ECF No. 20. However framed by Plaintiff, his Complaint violates Rule 8 because "it is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material" and "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District*

---

[2]      While the Court must construe pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), and take all of plaintiff's subsequent submissions into account, *see Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)), even so, "*Pro se* litigants must comply with the Federal Rules of Civil Procedure." *Idrogo v. Foxx*, 990 F. Supp. 2d 5, 6 (D.D.C. 2013) (then-Judge Ketanji Brown Jackson).

*of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

The Federal Defendant explained in its motion to dismiss that Plaintiff has not identified a waiver of sovereign immunity.  ECF No. 44 at 15–19.  Plaintiff claims that the Complaint points to statutory waivers of sovereign immunity in the federal statutes cited in support of Count 9 against the United States.  Pl. Opp. at 6.  Defendant United States rebutted these claims already, pointing out that none of these cited statutes waive sovereign immunity for a claim of money damages.  ECF No. 44 at 15–19.  Accordingly, Plaintiff has failed to respond to these specific arguments, conceding them: "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."  *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citations omitted).  *See also Brett v. Brennan*, 404 F. Supp. 3d 52, 59 (D.D.C. 2019) ("if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.") (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)).

Likewise, Plaintiff's passing reference to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*, does not bring his Complaint within this Court's jurisdiction.  In an attachment to his "Plaintiff Opposition to Defendant U.S. DOJ Motion to Dismiss with Memorandum of Law," at "Fact Appendix G: Misconduct of Factions Within Federal Agencies," Plaintiff contends, "The Administrative Procedure Act APA, 5 USC § 701(a) ensures that agency action may be reviewed by courts unless discretion is provided by law, exempting the military but not the defendant agencies." (sic) ECF No. 46-2 at 3.  Even if Plaintiff had listed the APA in the

Complaint's jurisdictional section, that alone would not have presented an APA claim. *See Doe v. Pompeo*, 451 F. Supp. 3d 100, 116 (D.D.C. 2020) ("while the jurisdictional statement in Doe's Complaint mentions the APA, the only cause of action she raises is one under the Due Process Clause of the Fifth Amendment….Thus, the only claim properly here is a due process claim."). This passing reference to the APA is even further afield, buried in an "Appendix" attached to Plaintiff's opposition to the motion to dismiss. And as argued in the Federal Defendant's motion to dismiss, under *Heckler v. Chaney*, 470 U.S. 821 (1985), a "single-shot non-enforcement decision" is not reviewable under the Administrative Procedure Act. ECF No. 44 at 17 (quoting *Casa De Maryland v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684, 699 (4th Cir. 2019)). And, moreover, the APA waives sovereign immunity only for actions "seeking relief other than money damages." 5 U.S.C. § 702. Accordingly, Plaintiff has not come close to properly stating an APA claim that would support a waiver of the United States' sovereign immunity.

While Plaintiff's Opposition is not a model of clarity, the Federal Defendant opposes Plaintiff's possible argument that he has a Freedom of Information Act ("FOIA") claim. *See* Pl. Opp. at 6–8. For one, "[i]t is well-settled that monetary damages are not available under FOIA." *Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006) (citations omitted). For another, the proper Defendant under FOIA is the agency to which records were submitted and denied, not the United States itself. *See* 5 U.S.C. § 552(a)(4)(B) (authorizing suit against an "agency"); 5 U.S.C. § 552a(g)(1) (same); *cf. Cunningham v. U.S. Dep't of Just.*, 961 F. Supp. 2d 226, 239–40 (D.D.C. 2013) ("FOIA relief may only be obtained from covered federal agencies.") (citing 5 U.S.C. § 552(a)(4)(B)). For yet another reason, Plaintiff has not pleaded a FOIA claim; to the extent the Court construes one, it should be dismissed under Rule 12(b)(1) and 12(b)(6). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do

counsel's work . . . . [A] litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005). Yet that is what Plaintiff has done; he blithely asserts a FOIA violation, leaving the Court and the Federal Defendant to attempt to incorporate by reference his "Appendix H *FOIA Exhibits*" and "Memorandum of Law 8: Misconduct of Federal Agencies." Pl. Opp. at 6–8. This skeletal structure does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. *Id.* Asserting that the Federal Defendant violated the FOIA offers only labels and "legal conclusions." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016). The Complaint does not, for example, plead facts to support that the Federal Defendant had failed to respond to a proper FOIA request or that documents had been improperly withheld, redacted, or segregated. There is no short and plain statement of a FOIA claim. *See* Rule 8. Plaintiff has provided only "an unadorned, the-defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Accordingly, to the extent the Court construes the Complaint to allege a claim under the FOIA, it should be dismissed.[3]

Collateral estoppel also applies, as the Federal Defendant already explained. *See* ECF No. 44 at 21–23. Plaintiff previously sued the United States in this Court, "charging Federal Defendants with violating a litany of statutes by failing to investigate the purported criminal enterprise[,]" the same enterprise alleged here; those claims which were dismissed. *See Barth v. United States*, Civ. A. No. 22-0955 (JEB), 2022 WL 17719572, at *1 (D.D.C. Dec. 15, 2022), *aff'd*

---

[3]     If the Court allows a FOIA claim to proceed against the Federal Defendant, it reserves the right to raise further procedural and merits-based defenses to the FOIA claim.

*sub nom. Barth v. United States Dep't of Just.*, No. 22-5338, 2023 WL 8663580 (D.C. Cir. July 7, 2023).  Likewise here, Plaintiff asks that "this Court should find probable cause to investigate collusion of the federal agencies to protect political racketeering crime, order the DOJ, FBI, and HSI to investigate the original defendants, and if they do not fully and promptly cooperate, empanel a grand jury to investigate."  Pl. Mem. Of Law 8 (ECF No. 48) at 33.

Contradicting the record, Plaintiff insists collateral estoppel does not apply because the prior case "did not assert the same claims."  Pl. Opp. at 9.  Plaintiff argues that in instant Complaint, "the U.S. is named only for its residual liability to citizens for injuries . . ."  *Id.*  He adds that "Count 9 also details the claim against the U.S. of residual liability for any and all injuries caused by this racketeering collusion of agency factions, and the resulting denial of evidence to ensure proper and complete charging of other defendants."  *Id.* at 10.

Plaintiff's argument does not overcome *res judicata*, which covers not only issues that were actually raised before, but also "issues that . . . could have been raised."  *Drake v. F.A.A.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (emphasis added by *Drake* court).  And *res judicata* does not require that the two cases assert the "same claims," merely that they be based "on the same cause of action," the analysis for which turns on whether they share the same "nucleus of operative facts."  *Id.*  (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979) and *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)).  Because Plaintiff seeks to hold the United States liable in this lawsuit for failing to investigate and prosecute the alleged racketeering conspiracy, these are the same issues that were raised in his prior, since-dismissed lawsuit.  Plaintiff already had his opportunity to raise these issues based on the same alleged underlying failure of the United States and its agencies to investigate the alleged conspiracy.

What's more, "residual liability" is not a legal term of art.  Those arguments state no claim. Even construed as an attempt to assert *respondeat superior* liability via a 42 U.S.C. § 1983 claim against the United States, that would fail because the United States is not a proper Defendant to a section 1983 claim, and "Government officials are not subject to liability under § 1983 based on a garden-variety claim of *respondeat superior* liability."  *Lewis v. D.C.*, 768 F. Supp. 3d 76, 106 (D.D.C. 2025).

*        *        *

**CONCLUSION**

For these reasons, and as more fully stated in the Memorandum of Points and Authorities in Support of Defendant United States' Motion to Dismiss, the United States respectfully requests that the Court dismiss Plaintiff's claims against the United States with prejudice.


Dated: August 6, 2025                           Respectfully submitted,
Washington, DC

                                                JEANINE FERRIS PIRRO
                                                United States Attorney


                                                By:  _/s/ Mason D. Bracken_
                                                    MASON D. BRACKEN
                                                    Assistant United States Attorney
                                                    601 D Street, N.W.
                                                    Washington, D.C. 20530
                                                    Telephone: (202) 252-2550
                                                    mason.bracken@usdoj.gov

                                                *Attorneys for the United States of America*

8

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 6, 2025, a true and correct copy of the foregoing was served electronically via ECF on all counsel of record and served on Plaintiff via certified mail at P.O. Box 88, Springvale, ME 04083 and email at jbarth@gwi.net.

By:  */s/ Mason D. Bracken*
MASON D. BRACKEN