UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

JOHN S. BARTH,

    *Plaintiff*,

v.

MABRY CARLTON RANCH
INC., et al.,

    *Defendants*.

Case No. 1:25-cv-01136-DLF

### DEFENDANT SUTTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant Phillip Eric Sutton, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), hereby moves the Court to dismiss Plaintiff's Complaint ("DE 1"),[1] and in support states as follows:

### INTRODUCTION AND BACKGROUND

Plaintiff's Complaint states nine causes of action stemming from alleged violations of the Racketeering Influenced Corrupt Organizations ("RICO") Act as well as references to other statutes regarding fraud. DE 1[1] at pp. 18–26. Mr. Sutton is named in the allegations of Counts 1, 2, 4, 5, and 6 in Plaintiff's Complaint. All of the allegations involve Mr. Sutton acting in his official capacity as the Director of the Land Division at the Southwest Florida Water Management District ("SWFWMD"). Plaintiff further alleges that Mr. Sutton received his subsequent position with the

---

[1] Between June 20th and 26th of 2025, Plaintiff filed eight appendixes and numerous exhibits appearing to supplement the Complaint. DE 20–25, 28. While Plaintiff did not file a motion to amend or supplement, to the extent that the Court considers these documents, the Complaint should still be dismissed for the reasons stated in this Motion

Page | 1

Florida Fish and Wildlife Commission ("FWC") from the frivolous RICO claims. All of these allegations with regard to Mr. Sutton are from November of 2007. DE 1 at 33, 38, 49, and 56. Additionally, Plaintiff specifically alleges he discovered these facts "before early 2018" upon which to base his claims under federal and state law, including 18 U.S.C. § 1952-1968 ("RICO") against all defendants. DE 1 at pp. xxviii-xxix. This is well over four (4) years past the date of the Complaint.

Further, the Plaintiff baselessly conflates Mr. Sutton's presentation of an action item during a regularly scheduled Governing Board Meeting regarding the proposed purchase of privately owned land for SWFWMD's conservation efforts with his future position with the FWC. *Id*. SWFWMD employees regularly give presentations to its Governing Board members during the monthly public meetings, in which SWFWMD's official business is authorized through action items brought before the board. One such action item would be the purchase, modification, or sale of District-owned conservation lands. On November 26, 2007, Mr. Sutton presented the proposed purchase of privately owned land, owned by some of the co-defendants in this case, for conservation purposes. This kind of transaction is regularly performed by the District through its Governing Board authorizing such transactions. This particular presentation by Mr. Sutton was the culmination of many SWFWMD employees' efforts and was approved by a unanimous vote of the Governing Board members. The presentation was made during a meeting that was open to the public and recorded as public record of the State of Florida.

The Plaintiff alleges that Mr. Sutton participated in a conspiracy to unilaterally persuade SWFWMD's Governing Board to overpay for this land to enrich the sellers. *Id*. In doing so, Plaintiff claims that the land purchased had no ecological or conservation value without evidence. *Id*. Plaintiff erroneously alleges that Mr. Sutton was rewarded with a position of Executive Director

at the FWC, despite not achieving that position until over a decade later, after many years of service to FWC in other positions.

Mr. Sutton joins the other motions to dismiss previously filed by the codefendants in this matter in recognizing that the Plaintiff has levied these same allegations in both a previous case before this Court and in multiple other Federal District Courts *Barth v. Mabry Carlton Ranch, Inc.*, No. 8: 19-CV-03181-VMC-AEP (M.D. Fla. Feb. 27, 2020) *Barth v. Mabry Carlton Ranch, Inc.*, No. 520CV09288NCEJD, 2020 WL 7643097, at *1 (N.D. Cal. Dec. 23, 2020), aff'd, 854 F. App'x 897 (9th Cir. 2021) (dismissing for improper venue); *Barth v. Mabry Carlton Ranch Inc.*, No. 3:20- CV-1164-AC, 2020 WL 5989206, at *3 (D. Or. Oct. 8, 2020) (dismissing for improper venue); *Barth v. Mabry Carlton Ranch, Inc.*, No. CV 20-00104 JAO-KJM, 2020 WL 2840238, at *3 (D. Haw. June 1, 2020) (dismissing for improper venue); *Barth v. United States*, No. CV 22-955 (JEB), 2022 WL 17719572, at *3 (D.D.C. Dec. 15, 2022), aff'd sub nom. *Barth v. United States Dep't of Just.*, No. 22-5338, 2023 WL 8663580 (D.C. Cir. July 7, 2023) (dismissing the remaining federal defendants for failure to provide a statutory basis for relief and prosecutorial discretion).

Mr. Sutton respectfully requests that this Complaint be dismissed because the court lacks subject matter jurisdiction and personal jurisdiction over Mr. Sutton, and venue is improper; therefore, no relief can be granted.

## **LEGAL STANDARD**

Under Rule 12(b)(1), whenever it appears that a court lacks jurisdiction of the subject matter, the court shall dismiss the action. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). The Plaintiff has the burden of establishing that the court has jurisdiction. *Epps v. U.S. Capitol Police Bd.*, 719 F. Supp. 2d 7, 11 (D.D.C. 2010). Additionally, the plaintiff bears the burden of "establishing a factual

basis" for a court's "exercise of personal jurisdiction over the defendant." *Plastics Indus. Ass'n v. Bonta*, 24-CV-1542 (APM), 2025 WL 1025142, at *2 (D.D.C. 2025). A plaintiff also bears the burden of establishing that venue is proper. *US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 68 (D.D.C. 2021). If this burden is not satisfied, the complaint may be dismissed under Rule 12(b)(3). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, at 570 (1955). Even though Plaintiff is a *pro se* litigant, who are entitled to liberal construction of the rules, "[t]his benefit is not, however, a license to ignore the Federal Rules of Civil Procedure. *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009).

## LEGAL MEMORANDUM IN SUPPORT

**Lack of Jurisdiction**

1.  Plaintiff's Complaint should be dismissed under Rule 12(b)(1), Fed. R. Civ. P. because it is frivolous and devoid of merit. Plaintiff is alleging that Mr. Sutton is a part of a far-reaching conspiracy that mixes both local and state jurisdictions in Florida with Federal positions to cause an injury to himself in Maine. The only allegations against Mr. Sutton revolve around one routine act of his employment that the Plaintiff then connects to numerous other political figures through spurious claims of collusion, with only political party identity as the claimed connecting thread.

2.  This Court can dismiss meritless or obviously frivolous claims for lack of subject matter jurisdiction at any point during the proceedings. See, *Hannis Distilling Co. v. City of Baltimore*, 216 U.S. 285, (1910), and *Hagans v. Lavine*, 415 U.S. 528, (1974). In fact, this Court is obligated to determine whether it has subject-matter jurisdiction. *Agrocomplect, AD v. Republic*

*of Iraq*, 524 F. Supp. 2d 16, 21 (D.D.C. 2007), aff'd, 304 Fed. Appx. 872 (D.C. Cir. 2008). The "bizarre conspiracy theories" and "fantastic government manipulations of their will or mind" alleged in the Complaint are routinely dismissed on jurisdictional grounds under Rule 12(b)(1), Fed. R. Civ. Pro. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). See also *Richards v. Duke University*, 480 F. Supp. 2d 222 (2007).

3. Furthermore, the Complaint should be dismissed because the Court lacks personal jurisdiction over Mr. Sutton under Rule 12(b)(2), Fed. R. Civ. P. Mr. Sutton lived and worked in Florida during all times material in the Complaint, and Plaintiff never alleges Mr. Sutton was a resident of the District of Columbia. DE 1 at 33, 38, 49, and 56. The Complaint is completely devoid of any connection between Mr. Sutton and the District of Columbia.

4. In order to have personal jurisdiction over Mr. Sutton, this Court would need to rely on its longarm statute, which requires the following for personal jurisdiction over a nonresident:

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
>
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing;
> . . . .

D.C. Code Ann. § 13-423 (West).

The Complaint does not have allegations that connect Mr. Sutton to the District of Columbia under any of these elements above.

5. Mr. Sutton's only alleged connection to the wide-ranging conspiracy in the Complaint is his presentation to SWFWMD's Governing Board about a proposed conservation land purchase in Sarasota County, Florida. DE 1 at 33, 38, 49, and 56. Mr. Sutton, his employer, the land identified, and all actions identified in Plaintiff's Complaint are in or take place in Florida. There are no minimum contacts between Mr. Sutton and the District of Columbia

6. This circuit has interpreted the "transacting any business" clause of § 13–423(a)(1) as requiring the same contacts as due process. *Ulico Cas. Co. v. Fleet Nat. Bank*, 257 F. Supp. 2d 142, 145 (D.D.C. 2003)

7. The minimum contacts for due process have been described as "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. v. Super. Ct. of Cal.,* 480 U.S. 102, 109 (1987). From a plain reading of the Complaint, it is clear that Mr. Sutton did not purposefully avail himself of the privilege of the District of Columbia by performing his job duties at SWFWMD while discussing a parcel of land in Sarasota, Florida.

**Improper Venue**

8. The Complaint should be dismissed because venue is also improper under Rule 12(b)(3), Fed. R. Civ. Pro. Venue for this Complaint is proper in the District of Columbia in the following circumstances:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

>   (3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)

9.    Plaintiff's allegations do not meet any of the three conditions above. Mr. Sutton, along with the large majority of the other codefendants, are residents of Florida. DE 1 at pp. 13-16.. Only a small portion of the defendants are allegedly residents of the District of Columbia, the Federal agencies of the Federal Bureau of Investigation, the Department of Homeland Security, and the Department of Justice. *Id*. at xiii.

10.    Plaintiff's Complaint clearly focuses on events alleged to have happened in Sarasota, Florida, revolving around property also located in Sarasota, Florida. In fact, the only allegation one can find relating to the District of Columbia is a spurious claim that the alleged racketeering enterprise "transacts affairs" in the District of Columbia by taxing Florida property with out-of-state owners. *Id* at iii. It is patently obvious that a venue in one of the Federal districts in Florida is the proper venue, and not the District of Columbia.

**Claims time barred as to Mr. Sutton.**

11.    Finally, the Complaint must be dismissed because it does not seek actionable claim to which this Court can provide relief with regard to Mr. Sutton. The Complaint alleges Mr. Sutton violates several civil RICO claims in Title 18 of the U.S. Code. These claims have a four-year statute of limitations. See, Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156, (1987).

12.    All allegations relating to Mr. Sutton in the Complaint stem from his presentation to SWFWMD's Governing Board about a proposed conservation land purchase on November 26,

2007. DE 1 at 33, 38, 49, and 56. This event was nearly two decades ago, well past the four-year statute of limitations. Even Plaintiff admits that he had sufficient knowledge of these events in "early 2018," which would be outside of the four-year statute of limitations period. *Id*. at pp. xxviii-xxix.

13. Plaintiff's Complaint is filed in 2025, well outside any conceivable four-year timeframe that would comply with the civil RICO statute of limitations time period. Therefore, because Plaintiff has failed to state a claim to relief that is plausible on its face against Mr. Sutton, the Complaint should be dismissed based on 12(b)(6), Fed. R. Civ. P. See, *Twombly*, 550 U.S. 544, (1955). When a plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the Court must dismiss the matter. Scheuer v. Rhodes, 416 U.S. 232, at 236 (1974).

14. Crucially, this dismissal should be with prejudice since this is a pleading defect that Petitioner would not be able to cure with an amended or supplemental Complaint. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("A dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.") (internal citations omitted).

## CONCLUSION

WHEREFORE, Defendant Phillip Eric Sutton, based on the above memorandum and motion, respectfully requests that the Court dismiss the Complaint with prejudice as to him, and grant any other relief the Court deems appropriate.

        Respectfully submitted,

        SOUTHWEST FLORIDA WATER
        MANAGEMENT DISTRICT

        /s/ Christopher A. Tumminia
        Christopher A. Tumminia, Esq. FBN: 107426

7601 U.S. Highway 301 North  
Tampa, Florida 33637-6759  
Tel: (813) 445-6839  
Fax: (813) 367-9776  
E-mail: Chris.Tumminia@swfwmd.state.fl.us  
Secondary: Teri.Stearns@swfwmd.state.fl.us  

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), this document was filed electronically with the court's electronic-filing system and service shall be through the Court's transmission facilities on all registered users. The foregoing was also served to Plaintiff via mail at:

John S. Barth  
P.O. Box 88  
Springvale, ME 04083

                                                  /s/ *Christopher A. Tumminia*  
                                                Christopher A. Tumminia, Esq.