**District Court of the United States**
**District of Columbia**

--------------------------------------------

John S. Barth,
    Plaintiff
v.
Mabry Carlton Ranch Inc., et al.
    Defendants

Case No. 1:25-cv-01136-DLF

**PLAINTIFF OPPOSITION TO**
**DEFENDANT SUTTON MOTION TO DISMISS**
with
**MEMORANDUM OF LAW**

    Defendant Eric Sutton (defendant Group D) has filed a meritless motion to dismiss based solely upon false statements of the facts and of law, hereby opposed with correction and disposition of the motion. Sutton is sued for conspiracy to misappropriate state and county funds.

    To date the Plaintiff has not been served or otherwise notified of the Sutton motion, docketed 8/8/2025 and found by the Plaintiff 8/28/2025 after disruption of his Pacer service by selection to be among the first forced to switch to "Multifactor Authentication" requiring third-party software on cellphone OS types not including his own. With only three Pacer logins permitted prior to a very laborious MFA conversion, Pacer access was limited to MFA change, and Pacer login at last succeeded 8/28/2025. The Plaintiff then found the Sutton motion, never served upon him by mail or email from the defendant. The Plaintiff therefore requested that the Court find that the Sutton motion was not served, and extend the time for response thereto.



**RECEIVED**
AUG 29 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**CONTENTS**

MEMORANDUM OF LAW ............................................................................................... 2
    Summary .......................................................................................................................... 2
Table of Authorities (see Complaint, Appendices A–H, and Memoranda Of Law 1–8) ............... 2
FALSE STATEMENTS OF FACT BY DEFENDANT SUTTON ................................................. 3
    1. False Statement of Lack of Evidence of Absence of Conservation Value of The Land ......... 3
    2. False Statement That Related Cases Denied Venue Somehow Precluded Process ................. 3
    3. False Statement Of "Bizarre Conspiracy Theories" In The Complaint .................................. 4
FALSE STATEMENTS OF LAW BY DEFENDANT SUTTON ................................................. 4
    1. False Argument Of Laches .................................................................................................. 4
    2. False Argument That The Sutton Deceptions Were Self-Justifying .................................... 5
    3. Absence Of Argument That Sutton Received No Career Rewards For Collusion ................. 5
    4. False Arguments Of Lack Of Personal Or Subject Jurisdiction, Or Improper Venue ........... 5
        False Argument Of Improper Venue ...................................................................................... 5
        False Argument Regarding Partisan Denials Of Venue ......................................................... 6
        False Argument Of Lack Of Personal Jurisdiction .................................................................. 7
    Charges Are Detailed Against Defendant Sutton .................................................................... 9
CONCLUSION ............................................................................................................... 10

**MEMORANDUM OF LAW**

**Summary**

The defendant motion lacks any basis in law, merely repeating the false arguments of the other defendant motions on jurisdiction and venue, herein disposed. The motion is no more than another series of deliberate false statements of the facts and law, ignoring contrary fact to create an illusion of argument for unsupportable conclusions, replete with immaterial citations and demonizations of "conspiracy theories" nowhere alleged.

**Table of Authorities (see Complaint, Appendices A–H, and Memoranda Of Law 1–8)**

**FALSE STATEMENTS OF FACT BY DEFENDANT SUTTON**

**1. False Statement of Lack of Evidence of Absence of Conservation Value of The Land**

1. The motion states falsely (p. 2) and absurdly that the Complaint and eight Appendices Of Fact (A – H) claim "without evidence" that the subject land had no conservation value. In fact these extensive compilations of the evidence fully establish the lack of conservation value as the conclusions of state agencies. It is Sutton who lacks any evidence whatsoever to the contrary.

**2. False Statement That Related Cases Denied Venue Somehow Precluded Process**

2. The motion states falsely (p. 3) that the related cases filed in other venues to request federal investigation were thereby already decided, when in fact all were denied venue by partisan judges grabbing the case, as clearly stated many times in documents before the Court.

3. The Plaintiff first brought related action under seal in 2019 in the Florida Middle District (FLMD 8:19-cv-3181-T-33AEP), although by then aware of the extraordinary partisan prejudices of that venue (see Appendix F section *Denial of Constitutional Rights by Defendant Kovachevich and 11th Circuit*), with motion that the court request investigation by federal investigative agencies. When that court denied seal and refused to request investigation, the Plaintiff withdrew the case for filing in a less prejudiced venue [docket 12] with few judges of the defendants' political party.

4. Venue in any district was proper due to major damages in all districts due to taxation of out-of-state property owners to pay interest on the bonds issued to make the unlawful payments to the defendants. The Plaintiff computed the losses in each district based upon population and the percentage of out-of-state owners of Florida property (21%), and thereby determined each district's losses as a multiple of it's felony crime threshold, proving the "substantial damage" criterion of racketeering venue. Therefore charges against the private defendants were brought under seal in three ninth-circuit districts having a minority of judges of their political party: (1) Hawaii (CV20 00104 JAO-KJM, about 150 felonies), (2) Oregon (3:20-cv-01164-AC, 360 felonies), and (3) CA Northern District (5:20-cv-09288-NC, 781 felonies) to avoid the political corruption of the Florida Middle District. A warning on the front cover cautioned against bias:

> This complaint involves operatives and cash flows of a major industry (agriculture and ranching) and political party (Republican) with which the assigned judge may not have social, financial, or career connections or sympathies without violation of the judicial code of conduct.

5. But in every case, a judge of the defendants' political party grabbed the case, in knowing violation of the Code Of Judicial Conduct, and denied venue on the PERJURY that 150, 360, and 781 times the felony crime threshold was not "substantial damage," with no argument whatsoever except one case which the FBI declined to investigate because the only issue was a single defective guitar. Of course venue in federal cases is not denied for cases with damages amounting to hundreds of felony crimes.

6. Upon appeal the 9th Circuit failed to overturn the partisan perjuries, and claimed madly that 5,332 felony crimes there by their political partisans did not amount to "substantial damages."

**3. False Statement Of "Bizarre Conspiracy Theories" In The Complaint**

7. Sutton adds wild perjuries (p. 5) that the Complaint states "bizarre conspiracy theories" and "fantastic government manipulations of their will or mind." In fact the term "conspiracy" is used in the Complaint solely in legal argument establishing violation of laws against conspiracy to misappropriate funds, etc. The words "manipulation" and "mind" do not even occur in the Complaint. This attempted deception by Sutton is a clear indication of his extreme dishonesty.

**FALSE STATEMENTS OF LAW BY DEFENDANT SUTTON**

**1. False Argument Of Laches**

8. The motion merely copies the false arguments of the other defendants ignoring the criteria of the period for racketeering prosecution, adding the false argument (p. 7) that Sutton's participation in the racketeering enterprise in 2007 defines the period for initial prosecution of himself. In fact this is defined by the RICO enterprise events, which continued into 2012 with damages continuing to the present. The period of RICO prosecution *begins* with initial discovery of the racketeering enterprise, which in this case occurred in 2018. The earliest Complaint was filed on 12/27/2019 after extensive research in 2018 and 2019.

9. Events that extend the statutory period to commence RICO prosecution include the prior related cases undertaken in pursuit of venue (see above).

10. The motion offers no argument that the Plaintiff discovery of the subject racketeering in 2018 somehow precludes prosecution, stating incoherently (p. 2) that this was "over four (4) years past the date of the Complaint" which was in fact 3/3/2025.

**2. False Argument That The Sutton Deceptions Were Self-Justifying**

11. The motion makes the absurd argument (p. 2) that Sutton's 2007 presentation of perjuries of conservation value to the SWFWMD board was somehow legitimate simply because his presence was in the course of his employment, the meeting was public, and the board approved the transaction. Obviously that is immaterial and in no way excuses his undeniable collusion to deceive the public and public officials to make grotesquely inflated payments in the last days of Lisa Carlton's term. No fact or argument is offered that these are merely "spurious claims."

**3. Absence Of Argument That Sutton Received No Career Rewards For Collusion**

12. The motion offers no argument (p. 2-3) that Sutton's promotion to direct the state FWC was not a partisan reward for his perjuries to SWFWMD officials, except that this occurred later. The fact that he was not dismissed for his deceptions indicates that he was also rewarded earlier.

**4. False Arguments Of Lack Of Personal Or Subject Jurisdiction, Or Improper Venue**

13. The motion repeats without argument (p. 3, 5, 7) the absurd claims of other defendants that this Court lacks personal and subject matter jurisdiction, and that venue is improper.

14. On personal jurisdiction, the motion offers only false arguments (p. 5) copied from the other defendants, ignoring the criteria of federal jurisdiction, ignoring diversity jurisdiction, and ignoring racketeering law, on the immaterial assertion that his direct acts were within Florida.

15. On venue, the motion merely copies the false arguments of the other defendants (p. 7), with the unsupportable conclusion that claims of effects outside of Florida are "spurious."

False Argument Of Improper Venue

16. The motion makes several plainly false arguments (p. 6-7) against venue in this district, ignoring the basis thereof stated in the Complaint section *Jurisdiction, Venue, and Assignment*, which well establishes venue in this district:

> Venue in RICO action is proper under 18 USC §1965 (a) in any district where a defendant "resides, is found, has an agent, or transacts his affairs." The defendant federal government and agencies meet all of these criteria. The racketeering enterprise also "transacts affairs" in DC by taxing Florida property with out-of-state owners, to cover interest on bonds issued for corrupt payments. Property there owned by D.C. residents is above-average in value, but even using average values, residents here lost $56,437 to the racketeering scheme, several times that amount with long-term interest, far exceeding 56 felony crimes here. Residing in DC during this period, Donald Trump alone lost about $1,830 in additional taxes on his Palm Beach home due to this racketeering, and several times that amount with long-term interest. More than 56 felony crimes in D.C. including

multiple felonies against U.S. presidents, establish that the racketeering enterprise "transacts affairs" in D.C. Venue in the D.C. district is therefore clear.

17. The motion falsely argues (p. 7) that venue under 28 U.S.C. § 1391(b) is not established. But in fact 28 U.S.C. § 1391(b) provides for federal venue in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated;
> (3) if there is no district in which an action may otherwise be brought as provided in this section, <u>any judicial district in which any defendant is subject to the court's personal jurisdiction</u> with respect to such action.

18. Criterion (2) best applies to this case. The Complaint establishes venue under 28 U.S.C. § 1391(b)(2) due to the substantial damages in every federal district resulting from the theft of funds by the defendants (see quotation above). Venue in the D.C. district is therefore clear.

19. The defendant offers no reason to exclude the D.C. district, and merely ignores distributed damages and federal defendants, in hope of forcing a venue controlled by his political party. The motion merely argues (p. 7) that venue would not meet criterion § 1391(b)(1) because *not all* defendants are from D.C., and seeks to deceive that § 1391(b)(2) somehow doesn't apply because *other* substantial damages occurred elsewhere, or because the property of D.C. owners was located elsewhere. These are immaterial deceptions, not arguments.

<u>False Argument Regarding Partisan Denials Of Venue</u>

20. The motion drifts from its false venue argument with perjuries of the cause of denial of venue in other districts (p. 3) in preceding cases *to request federal investigation*. As noted in the Complaint *Statement of Related Cases* [104 – 112] (p. vi) and detailed in Memorandum Of Law 8 (p. 4) section *Districts Where Process Was Denied Despite Substantial Damages*, after denial of motions to seal and request investigation by the Florida Middle District consisting entirely of judges appointed by the political party of the subject racketeering, venue was sought in other districts with less partisan distortion. But in every case, a judge of the political party involved grabbed the case and again denied venue with the same absurd perjury of law:

> In each venue, a dishonest Republican judge grabbed the case and denied venue, claiming damages there were miraculously not "substantial" enough for venue under the RICO "substantial damages" criterion, although damages were about $116,332 (155 felonies) in Hawaii, $346,601 (346 felonies) in Oregon, and $723,275 (723 felonies) in CAND. The

6

9th Circuit ignored the issues of law. Note that a search for an honest venue cannot be considered "venue shopping."

21. But the motion falsely claims (p. 3) that these partisan perjuries of law argue against venue in D.C., despite the D.C. headquarters of agencies that refused to investigate, and the standard practice of D.C. district venue in claims involving the United States. The only argument of the partisan racketeers is that there is no limit at all upon the "substantial damages" they may cause in any district where any judge was appointed by their own political party, so that 28 U.S.C. § 1391(b)(2) can never be applied to themselves. This is not argument, it is another exercise in perjuries of law.

22. It is abundantly clear that this is a complex case against political racketeering, extensively impeded by partisan judges who unlawfully denied investigation by denying seal and venue. The defendant claims are nothing more than a further scam by a political racketeer.

False Argument Of Lack Of Personal Jurisdiction

23. The motion falsely claims (p. 5) a lack of personal jurisdiction of the Court over Sutton, based only upon his residence in another state. This is an absurd attempt to construe personal jurisdiction to preclude any federal litigation against defendants in multiple districts. Of course, the citations are again immaterial cases of unrelated circumstances.

24. As noted in the Complaint section *Jurisdiction, Venue, and Assignment*, jurisdiction hereof is established under federal law, based upon federal issues and diversity. This action is brought for violations of rights guaranteed by the Constitution of the United States, and violations of federal laws, including 18 U.S.C. §§ 1961–1968 (Racketeering Influenced and Corrupt Organizations Act or RICO). This Court has original jurisdiction under 28 USC §1331 (federal issue) of the claims herein of violations of these statutes of the United States, and under 28 USC § 1332 (diversity) of all claims herein, as well as jurisdiction of claims of interference with interstate commerce, as the Plaintiff is a citizen of Maine, whereas all defendants are citizens or entities of other states, or federal entities.

25. This district court has original jurisdiction under 28 USC §1343(1 and 2) (conspiracy) of the claims herein of deprivations of civil rights by acts of conspiracy in violation of 42 USC §1985 (Civil Rights Act), or failure to prevent such deprivations, and under 28 USC §1343(3) (color of state law) of all claims herein of deprivations of civil rights under color of state law.

26. Jurisdiction of the D.C. District includes the residual liability of the federal government for refusal to investigate political racketeering of one party while investigating its opponent (Count 9, Complaint p. xxvi).[1] That jurisdiction has broadened since the denial of Tucker Act (28 U.S.C. §§ 1346(a) and 1491) jurisdiction of tort claims by the Court of Federal Claims (2002-2004), which forced such claims into the district courts along with their prior jurisdiction of smaller claims against federal government under the "Little Tucker Act" (28 U.S.C. §§ 1346a). No residual federal claim is asserted after full compensation of damages by the other defendants.

27. Federal jurisdiction depends upon violation of the federal laws enumerated in the Complaint Claims, not upon state rules for state jurisdiction. The motion ignores the fact that the Complaint shows that the defendant acts meet *three* of the *independent* criteria of jurisdiction, *even under the D.C. rule*:

> (1) transacting any business in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; and
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if… substantial revenue… in the District of Columbia;

28. Instead the motion seeks to obscure the clear connections shown in the Complaint with further false statements of fact:

> 1. That Sutton's only involvement was in one meeting of SWFWMD;
> 2. That Sutton had no "business in the District of Columbia" despite his acts in collusion with the racketeering enterprise;
> 3. That the Complaint "does not allege any injury caused" in D.C. resulting from Sutton's racketeering collusion, despite its clear statement and quantification thereof; and
> 4. That the Complaint "does not connect" the Florida real property taxation of D.C. residents to the acts of the defendants, despite its clear statement and quantification thereof.

29. In fact the Complaint and Appendices clearly show that: (1) the defendants' "business" of taxation of Florida property to pay interest on bonds issued for the funds paid to the defendants, and the distribution of that burden upon out-of-state owners who are residents of D.C.; (2) the injury caused in D.C. resulting from the subject racketeering theft; and (3) the connections of the defendant with the theft. The Sutton statements are deceptions if not perjuries of fact, seeking to

---

[1] The Supreme Court superceded its 1894 *Schillinger* decision in recognizing [80] that the Tucker Act extended jurisdiction to nearly all claims against the U.S., confirmed in *Dooley v. United States* [78, 1901] and *United States v. Lynah* [79, 1903], including tort claims, contract claims, and non-tort claims for specific damages.

obscure the clear basis of venue, even under D.C. rules for local courts, and to obscure the clear basis of venue under federal law and the F.R.Civ.P.

30. Of course, federal jurisdiction has never been determined solely by the residency of one set of defendants. The defendant ignores (a) damages in every federal district due to the additional tax burden imposed upon out-of-state property owners by the defendants' offenses; (b) effects upon the Plaintiff residing in another state; (c) involvement of interstate commerce by interstate and international cashflows associated with the stolen funds and related payments involving their political party; (d) effects upon federal conservation budgets due to diversion of state funds; (e) injuries to residents of other states by their diversion of conservation funds; (f) the fact that the defendants reside in three federal districts of Florida; and (g) the involvement of federal agencies in this case and its predecessor in this district. Therefore these defendants have no argument that only one Florida district shown to share their partisan prejudices could have jurisdiction.

**Charges Are Detailed Against Defendant Sutton**

31. The Complaint allegations are stated against defendant Sutton, including (1) his role as a conservation official of SWFWMD; (2) his knowledge of the absence of conservation value of the subject land; (3) his direct involvement in Counts 1, 2, 4, 5, and 6; and (4) the Complaint list of applicable paragraphs (p. xvii) under Statement Of Claims *Table of Paragraph References Per Defendant* (and the paragraph lists of the above Counts):

| Defendant | Appendices | Complaint paragraphs |
|---|---|---|
| Eric Sutton | A,D | 8-11, 31, 35, 102, 140-141 |

32. Count 1 states of Sutton that:

> The defendants have knowingly caused or assisted the selection of lands, for purchase of title or easements with funds dedicated to conservation purposes, which they knew to have little or no conservation value, in conspiracy to defraud the state of Florida, Sarasota county, and the United States, and to cause misappropriation of substantial public funds of those entities, restricted to conservation purposes. The paragraphs of *Common Elements Incorporated Into All Claims* of this Statement of Claims are incorporated hereunder.

33. Count 2 further states of Sutton that:

> The defendants have knowingly communicated false appraisals of value of lands proposed for purchase for conservation purposes, in conspiracy to defraud the state of Florida, Sarasota county thereof, and the United States, and to cause misappropriation of substantial public funds of those entities, for land and easements thereon, for payments of many times the total fair market value of the land as sworn to the state by the county

itself. The section *Common Elements Incorporated Into All Claims* of this Statement of Claims is incorporated hereunder.

34. Count 4 further states of Sutton that:

The defendants have committed fraud by making or causing false statements of the conservation value of lands, as or to public officials, causing wrongful payments, in conspiracy to defraud the state of Florida, Sarasota county, and the United States, to cause misappropriation of public funds restricted to conservation purposes, for land and easements thereon having no conservation value while the land remains deforested or in use as private cattle ranches. The section *Common Elements Incorporated Into All Claims* of this Statement of Claims is incorporated hereunder.

35. Count 5 further states of Sutton that:

The defendants have offered or received payments, promotions, and honors for false statements or acts in conspiracy, to defraud the state of Florida, Sarasota county, and the United States, and to cause misappropriation of substantial public funds restricted to conservation purposes, for land and easements having no conservation value while the land remains deforested or in use as cattle ranches, for payments of many times the total fair market value of the land. The section *Common Elements Incorporated Into All Claims* of this Statement of Claims is incorporated hereunder.

36. Count 6 further states of Sutton that:

The defendants have conspired to defraud the United States by means of false claims, to cause misappropriation of federal funds restricted to conservation purposes, commingled with state and county funds, for land and easements having no conservation value, for payments of many times the total fair market value of the land. The section *Common Elements Incorporated Into All Claims* of this Statement of Claims is incorporated hereunder.

37. Because defendant Sutton clearly had a principal role in the falsification of conservation value of the subject lands, activities, appraisals, and applications for and receipt of state and county conservation funds, each of which constitute participation in the racketeering enterprise, it is unnecessary to state further detail prior to discovery and trial.

**CONCLUSION**

The defendant motion lacks any basis in law, having been based upon false statements of fact and law on (1) racketeering venue; (2) federal issues; (3) personal and subject matter jurisdiction; and (4) sufficiency of allegation. In fact the claims are valid and properly stated, and both venue and jurisdiction are clearly shown. Therefore the motion should be denied.

**OATH AND CERTIFICATE**

    I, the undersigned Plaintiff John S. Barth do hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. I further certify that on this date a copy of the foregoing document was served electronically via ECF on all counsel of record.

Date:_____8/28/2025_____    _____/s/ John S. Barth_____
                                                          John S. Barth, Plaintiff, Pro Se
P.O. Box 88, Springvale, ME 04083  JohnBarth025@gmail.com   207-608-1741