John S. Barth, Plaintiff, pro se                    P.O. Box 50, N. Waterboro, ME 0406
johnbarth025@gmail.com 207-608-1741                 P.O. Box 88, Springvale, ME 04083

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN S. BARTH,                                      Case No. 1:25-cv-01136
        Plaintiff
v.
MABRY CARLTON RANCH INC.;
        Defendants

**APPELLANT STATEMENT OF THE ISSUES
TO BE PRESENTED FOR REVIEW**

    The Plaintiff hereby states the issues to be presented for review in accordance with Rule 10(b)(3)(A) of the Rules of the Court of Appeals for the D.C. Circuit.

    In this case, partisan factions within the federal agencies DOJ, FBI, and HSA (defendants in prior related actions) acted in collusion with political racketeering crime, the theft of about $119 million in state and federal conservation funds by state politicians of one political party, *in flagrante delicto* violation of the United States Constitution and laws.

    In prior related cases of the Plaintiff, this political racketeering was assisted by anti-Constitutional decisions of partisan judges denying venue, sealing, subpoenas, and federal investigation, making endless perjuries of fact and law, and explicitly granting the defendant agencies discretion and immunity for political racketeering crime, judgments which in themselves amount to subversion of the Constitution and laws, tantamount to treason.

Perjuries Of Fact

1. Perjury that pursuit of a federal venue for this case not controlled by racketeering partisan appointees was filing of "four near-identical lawsuits" (p. 1), stated to conceal the abject partisan corruption that denied venue in other districts on false claims of "insufficient damages" to warrant venue in those districts, despite proven damages therein of 155, 346, andn 723 times the felony crime thresholds there.[Brief p.3 C. Related Cases]

2. Perjury that the Complaint "rolls up all these same claims into one complaint" (p.2), stated to conceal the perfectly rational argument for D.C. venue for this fully-evidenced complaint of political racketeering by factions within the defendant federal agencies.

1

3. Perjury that the Complaint claims assert liability of the US agencies for specific deliberate and criminal acts of racketeering, rather than the Count 9 residual liability of the U.S. for damages thereby caused. This perjury seeks to conceal federal residual liability for damages.

4. Perjury (p. 5) that the DC district venue was sought to "collaterally challenge a separate FOIA case pending before this Court" In fact case no. 1:23-cv-2920-CKK Barth v. United States Dept. of Justice et al (FOIA case requesting subpoenas for agency information) is frozen because this court unlawfully and unconstitutionally refused to provide subpoenas for the evidence sought under FOIA and denied by the defendant agencies, which refused even to answer the complaint. This case states that unlawful and unconstitutional conduct, but does not "challenge" that case.

5. Perjury (p. 5) that "another judge on this Court has already dismissed essentially the same claims" [1:22-cv-00955-JEB, *Barth v. United States Dept. of Justice et al*] ignoring the fact that agencies themselves are not parties to this case, as the judge herein is fully aware, and that the claims herein are distinct claims of *residual liability* of the U.S. for unlawful acts of its agencies, regardless of any agency immunity unlawfully asserted in the prior case.

Perjuries Of Law

6. Attempts by the district court to ignore damages in other districts, permitting venue there.

7. Attempts by the district court to force this case into prejudiced venue.

8. Attempts by the district court to ignore federal residual liability for acts of agencies, claiming total immunity: (p. 4) "decisions whether or not to investigate or prosecute… are not reviewable by this court" simply because "he lacks standing to compel the government to prosecute" ignoring unlawful acts and compensable damages.

9. Attempts by the district court to assert subversive anti-constitutional claims of federal immunity for acts of racketeering crime on behalf of a political party.

10. Attempts by the district court to ignore partisan corruption of the FLMD in 8:19-cv-3181-T-33AEP, where judges are gangsters on the same partisan payroll as the defendants, to conceal its intent to secure corrupt handling for this case.

Other Issues On Appeal

11. Shall this Court of Appeals empanel a grand jury to investigate the defendant agencies and the original Florida defendants?

12. Do federal agencies have discretion to collude in racketeering crime?

13. Does the United States claim sovereign immunity in all matters?

Conclusion

The extreme subversion of the Constitution by this court, in declaring discretion and immunity of federal agencies for collusion in racketeering crime to benefit a political party, has done more damage to the US than detonation of a nuclear weapon in a US city. This was an act of war against the United States, an act of treason. At best these were emotional, careless, and deceptive decisions based upon primitive partisan tribal dependencies rather than fact and law.

**Certificate of Service**

This Notice is filed by email and thereby served upon all defendants or their counsel, and is further served upon all defendants by email at their email address of record.

Date:   2/5/2026                              /s/ John Barth
                                              John Barth, Plaintiff
John S. Barth, Plaintiff, pro se              P.O. Box 50, N. Waterboro, ME 0406
johnbarth025@gmail.com 207-608-1741           P.O. Box 88, Springvale, ME 04083

3