APPEAL,CLOSED,JURY,PROSE–NP,TRANSFER–OUT,TYPE–F

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:25–cv–01136–DLF</u>

| | |
|---|---|
| BARTH v. MABRY CARLTON RANCH INC. et al | Date Filed: 03/31/2025 |
| Assigned to: Judge Dabney L. Friedrich | Date Terminated: 02/10/2026 |
| Demand: $4,200,000 | Jury Demand: None |
| Cause: 18:1961 Racketeering (RICO) Act | Nature of Suit: 470 Racketeer/Corrupt Organization |
| | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

**JOHN S. BARTH**                    represented by    **JOHN S. BARTH**
P.O. BOX 88
Springvale, ME 04083
PRO SE

V.

**<u>Defendant</u>**

**MABRY CARLTON RANCH INC.**          represented by    **Paul M. Finamore**
PESSIN KATZ LAW, P.A.
5950 Symphony Woods Road
Suite 510
Columbia, MD 21044
410–740–3170
Email: pfinamore@pklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**LONGINO RANCH INC.**                represented by    **Jeffrey M. Saltman**
COLE SCHOTZ P.C.
1050 Connecticut Avenue
Suite 500
Washington, DC 20036
202–304–1611
Email: jsaltman@coleschotz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**BERRYMAN LONGINO, JR.**

**<u>Defendant</u>**

**JOHN LONGINO**                      represented by    **Jeffrey M. Saltman**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS L. CURRY**                    represented by   **Jeffrey M. Saltman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BARBARA CARLTON**                    represented by   **Paul M. Finamore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LISA CARLTON**                       represented by   **Paul M. Finamore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KIMBERLY BONNER**                    represented by   **Maryssa Hardy**
FLORIDA ATTORNEY GENERALS
OFFICE
Pl 01
The Capital
Tallahassee, FL 32399–1050
850–414–3695
Email: maryssa.hardy@myfloridalegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN MINTON, JR.**                   represented by   **Jeffrey M. Saltman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN MINTON, SR.**                   represented by   **Jeffrey M. Saltman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL ALLEN WALTON**               represented by   **Catherine Recker**
WELSH & RECKER, P.C.
306 Walnut Street

Philadelphia, PA 19106
215–972–6430
Email: cmrecker@welshrecker.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara E. Kropf**
KROPF MOSELEY SCHMITT PLLC
1100 H Street NW
Suite 1220
Washington, DC 20005
202–627–6900
Email: sara@kmlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WYONA JUNE WALTON TRUST**              represented by  **Catherine Recker**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara E. Kropf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ERIC SUTTON**              represented by  **Christopher A. Tumminia**
SOUTHWEST FLORIDA WATER
MANAGEMENT DISTRICT
7601 Highway 301 N
Tampa, FL 33637
813–985–7481
Fax: 813–367–9776
Email: chris.tumminia@swfwmd.state.fl.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMY MEESE**              represented by  **Scott Thomas Bossard**
OFFICE OF THE COUNTY ATTORNEY
1001 Sarasota Center Blvd.
Sarasota, FL 34240
941–780–8230
Fax: 941–861–7267
Email: sbossard@scgov.net
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES GOVERNMENT**          represented by  **Mason D. Bracken**
DOJ–USAO
Civil Division
601 D Street NW
Washington, DC 20530
202–252–2523
Email: mason.bracken@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES 1–10**

**Defendant**

**JANE DOES 1–10**

**Defendant**

**JAMES J. WALTON TRUST**          represented by  **Catherine Recker**
*Trust*                              (See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara E. Kropf**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MJW RANCH LLC**

**Defendant**

**JULIE M. WALTON**

**Movant**

**ALTOM MAGLIO**                     represented by  **Altom M. Maglio**
mctlaw                               MCTLAW
1310 G Street NW                     1515 Ringling Boulevard
Suite 610, DC 20005                  Suite 700
8887208259                           Sarasota, FL 34236
941–952–5242
Email: amm@mctlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/31/2025 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405, receipt number 209414) with Jury Demand filed by JOHN S. BARTH. (Attachments: # 1 Civil Cover Sheet)(zdp) (Entered: 04/17/2025) |
| 03/31/2025 | | SUMMONS Not Issued as to All Defendants (zdp) (Entered: 04/17/2025) |
| 04/18/2025 | 2 | REQUEST FOR SUMMONS TO ISSUE filed by JOHN S. BARTH. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons, # 14 Summons, # 15 Summons, # 16 Summons, # 17 Summons)(zdp) (Entered: 04/18/2025) |
| 04/18/2025 | | SUMMONS (17) Issued as to KIMBERLY BONNER, BARBARA CARLTON, LISA CARLTON, THOMAS L. CURRY, BERRYMAN LONGINO, JR, JOHN LONGINO, LONGINO RANCH INC., MABRY CARLTON RANCH INC., AMY MEESE, JOHN MINTON, SR, JOHN MINTON, JR, ERIC SUTTON, JAMES J. WALTON, MICHAEL ALLEN WALTON, WYONA JUNE WALTON, U.S. Attorney and U.S. Attorney General (zdp) (Entered: 04/18/2025) |
| 04/22/2025 | 3 | STANDARD ORDER for Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on April 22, 2025. (lcdlf2) (Entered: 04/22/2025) |
| 05/12/2025 | 4 | REQUEST FOR SUMMONS TO ISSUE filed by JOHN S. BARTH.(zdp) (Entered: 05/14/2025) |
| 05/14/2025 | | SUMMONS (17) Issued as to KIMBERLY BONNER, BARBARA CARLTON, LISA CARLTON, THOMAS L. CURRY, JAMES J. WALTON TRUST, BERRYMAN LONGINO, JR, JOHN LONGINO, LONGINO RANCH INC., MABRY CARLTON RANCH INC., AMY MEESE, JOHN MINTON, SR, JOHN MINTON, JR, ERIC SUTTON, MICHAEL ALLEN WALTON, WYONA JUNE WALTON, U.S. Attorney and U.S. Attorney General, Summonses emailed to Plaintiff(zdp) (Entered: 05/14/2025) |
| 06/09/2025 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KIMBERLY BONNER served on 5/29/2025, answer due 6/19/2025; BARBARA CARLTON served on 5/28/2025, answer due 6/18/2025; LISA CARLTON served on 5/28/2025, answer due 6/18/2025; BERRYMAN LONGINO, JR served on 5/27/2025, answer due 6/17/2025; LONGINO RANCH INC. served on 5/27/2025, answer due 6/17/2025; AMY MEESE served on 5/29/2025, answer due 6/19/2025; JOHN MINTON, JR served on 5/29/2025, answer due 6/19/2025 (zdp) (Entered: 06/09/2025) |
| 06/16/2025 | 6 | First MOTION for Extension of Time to File Answer *to Plaintiff's Complaint* by KIMBERLY BONNER. (Attachments: # 1 Text of Proposed Order)(Hardy, Maryssa) (Entered: 06/16/2025) |
| 06/16/2025 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. (zdp) (Entered: 06/18/2025) |
| 06/17/2025 | 7 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Scott T. Bossard, Filing fee $ 100, receipt number BDCDC–11762284. Fee Status: Fee Paid. by ALTOM MAGLIO. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Maglio, Altom) (Entered: 06/17/2025) |
| 06/17/2025 | 8 | |

|  |  | NOTICE of Appearance by Jeffrey M. Saltman on behalf of LONGINO RANCH INC., JOHN MINTON, JR (Saltman, Jeffrey) (Entered: 06/17/2025) |
|---|---|---|
| 06/17/2025 | 9 | MOTION to Dismiss *or, in the Alternative, Motion for More Definite Statement* by LONGINO RANCH INC., JOHN MINTON, JR. (Attachments: # 1 Memorandum in Support of Motion to Dismiss, # 2 Text of Proposed Order)(Saltman, Jeffrey) (Entered: 06/17/2025) |
| 06/17/2025 |  | MINUTE ORDER granting the 7 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So Ordered by Judge Dabney L. Friedrich on June 17, 2025. (lcdlf2) (Entered: 06/17/2025) |
| 06/18/2025 |  | MINUTE ORDER. Pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the plaintiff is advised that failure to respond to the defendant's pending 9 Motion to Dismiss by July 8, 2025, may result in the Court (1) treating the motion as conceded, (2) ruling on the defendant's motion based on the defendant's arguments alone; or (3) dismissing the plaintiff's claims for failure to prosecute. Accordingly, it is ORDERED that the plaintiff shall file a response to the defendants 9 Motion to Dismiss, or seek an extension of time to do so, on or before July 8, 2025, or the Court will dismiss this case for failure to prosecute. The Clerk of Court is directed to mail a copy of this Minute Order to the plaintiff's address of record. So Ordered by Judge Dabney L. Friedrich on June 18, 2025. (lcdlf2) (Entered: 06/18/2025) |
| 06/18/2025 |  | MINUTE ORDER granting Defendant Bonner's unopposed 6 Motion for Extension of Time. Accordingly, Defendant Bonner shall answer or otherwise respond to the plaintiff's 1 Complaint on or before July 3, 2025. So Ordered by Judge Dabney L. Friedrich on June 18, 2025. (lcdlf2) (Entered: 06/18/2025) |
| 06/18/2025 |  | Set/Reset Deadlines: Response due by 7/8/2025. (smc) (Entered: 06/18/2025) |
| 06/18/2025 | 11 | MOTION to Dismiss for Lack of Jurisdiction , MOTION to Dismiss by BARBARA CARLTON, LISA CARLTON, MABRY CARLTON RANCH INC.. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order)(Finamore, Paul) (Entered: 06/18/2025) |
| 06/19/2025 | 12 | NOTICE *Line to Defendants Mabry Carlton Ranch, Inc. Barbara Carlton, and Lisa Carlton's Motion to Dismiss and Memorandum* by MABRY CARLTON RANCH INC. (Finamore, Paul) (Entered: 06/19/2025) |
| 06/19/2025 | 13 | NOTICE of Appearance by Scott Thomas Bossard on behalf of AMY MEESE (Bossard, Scott) (Entered: 06/19/2025) |
| 06/19/2025 | 14 | MOTION to Dismiss *Complaint* by AMY MEESE. (Bossard, Scott) (Entered: 06/19/2025) |
| 06/20/2025 | 15 | Memorandum in opposition to re 11 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss filed by JOHN S. BARTH. (zdp) (Entered: 06/20/2025) |
| 06/20/2025 | 20 | NOTICE of Fact Appendix by JOHN S. BARTH (Attachments: # 1 Appendix, # 2 Appendix, # 3 Appendix, # 4 Appendix, # 5 Appendix, # 6 Appendix, # 7 Appendix)(zdp) (Entered: 06/26/2025) |
| 06/21/2025 | 16 | Memorandum in opposition to re 9 MOTION to Dismiss *Complaint* filed by JOHN S. BARTH. (zdp) Modified docket text on 6/26/2025 (zdp). (Entered: 06/23/2025) |

| 06/23/2025 | 17 | Memorandum in opposition to re 14 MOTION to Dismiss *Complaint* filed by JOHN S. BARTH. (zdp) (Entered: 06/26/2025) |
| 06/23/2025 | 18 | CERTIFICATE OF SERVICE by JOHN S. BARTH re 1 Complaint. (zdp) (Entered: 06/26/2025) |
| 06/24/2025 | 22 | NOTICE OF Fact MCRI and Carlton by JOHN S. BARTH (zdp) (Entered: 06/26/2025) |
| 06/24/2025 | 23 | NOTICE OF Fact Longino Ranch et al by JOHN S. BARTH (zdp) (Entered: 06/26/2025) |
| 06/24/2025 | 24 | NOTICE OF Facts MJW Ranch and Walton by JOHN S. BARTH (zdp) (Entered: 06/26/2025) |
| 06/24/2025 | 25 | NOTICE OF Conservation Facts by JOHN S. BARTH (zdp) (Entered: 06/26/2025) |
| 06/25/2025 | 19 | CERTIFICATE OF SERVICE by JOHN S. BARTH re 1 Complaint. (zdp) (Entered: 06/26/2025) |
| 06/25/2025 | 21 | NOTICE of Facts of Methods by JOHN S. BARTH (zdp) (Entered: 06/26/2025) |
| 06/26/2025 | 28 | NOTICE of Exhibits by JOHN S. BARTH (zdp) (Entered: 06/30/2025) |
| 06/27/2025 | 26 | NOTICE of Appearance by Sara E. Kropf on behalf of JAMES J. WALTON TRUST, MICHAEL ALLEN WALTON, WYONA JUNE WALTON (Kropf, Sara) (Entered: 06/27/2025) |
| 06/27/2025 | 27 | MOTION to Dismiss by JAMES J. WALTON TRUST, MICHAEL ALLEN WALTON, WYONA JUNE WALTON. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Kropf, Sara) (Entered: 06/27/2025) |
| 06/30/2025 | 29 | REPLY to opposition to motion re 9 Motion to Dismiss *or, in the Alternative, Motion for a More Definite Statement* filed by LONGINO RANCH INC., JOHN MINTON, JR. (Saltman, Jeffrey) (Entered: 06/30/2025) |
| 07/02/2025 | 30 | MOTION to Dismiss *Plaintiff's Complaint* by KIMBERLY BONNER. (Attachments: # 1 Text of Proposed Order)(Hardy, Maryssa) (Entered: 07/02/2025) |
| 07/02/2025 | 32 | Memorandum in opposition to re 27 MOTION to Dismiss filed by JOHN S. BARTH. (zdp) (Entered: 07/07/2025) |
| 07/02/2025 | 35 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JAMES J. WALTON TRUST served on 6/10/2025, answer due 7/1/2025; JOHN MINTON, SR served on 6/10/2025, answer due 7/1/2025; MJW RANCH LLC served on 6/10/2025, answer due 7/1/2025; JULIE M. WALTON served on 6/10/2025, answer due 7/1/2025; MICHAEL ALLEN WALTON served on 6/10/2025, answer due 7/1/2025; WYONA JUNE WALTON TRUST served on 6/10/2025, answer due 7/1/2025 (zdp) (Entered: 07/14/2025) |
| 07/03/2025 | 31 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Catherine Recker, Filing fee $ 100, receipt number ADCDC–11796302. Fee Status: Fee Paid. by JAMES J. WALTON TRUST, MICHAEL ALLEN WALTON, WYONA JUNE WALTON. (Attachments: # 1 Exhibit Declaration of Catherine Recker, # 2 Exhibit Recker Certificate of Good Standing)(Kropf, Sara) (Entered: 07/03/2025) |
| 07/07/2025 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting <u>31</u> Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** <u>Click for instructions.</u> So Ordered by Judge Dabney L. Friedrich on July 7, 2025. (lcdlf2) (Entered: 07/07/2025) |
| 07/09/2025 | <u>33</u> | NOTICE of Appearance by Catherine Recker on behalf of JAMES J. WALTON TRUST, MICHAEL ALLEN WALTON, WYONA JUNE WALTON (Recker, Catherine) (Entered: 07/09/2025) |
| 07/10/2025 | <u>36</u> | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Motion for CM/ECF; John S, Barth. Reason(s): Document is not signed. (zdp) (Entered: 07/14/2025) |
| 07/10/2025 | <u>37</u> | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. THOMAS L. CURRY served on 6/26/2025, answer due 7/17/2025; JOHN LONGINO served on 7/8/2025, answer due 7/29/2025 (zdp) (Entered: 07/14/2025) |
| 07/11/2025 | <u>34</u> | REPLY to opposition to motion re <u>27</u> Motion to Dismiss *by Walton Defendants* filed by JAMES J. WALTON TRUST, MICHAEL ALLEN WALTON, WYONA JUNE WALTON. (Kropf, Sara) (Entered: 07/11/2025) |
| 07/14/2025 | <u>38</u> | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ERIC SUTTON served on 6/30/2025, answer due 7/21/2025 (zdp) (Entered: 07/15/2025) |
| 07/17/2025 | <u>39</u> | MOTION to Dismiss *or, in the Alternative, Motion for More Definite Statement* by THOMAS L. CURRY, JOHN LONGINO, JOHN MINTON, SR. (Attachments: # <u>1</u> Memorandum in Support of Motion to Dismiss, # <u>2</u> Text of Proposed Order)(Saltman, Jeffrey). Added MOTION for More Definite Statement on 7/17/2025 (zdp). (Entered: 07/17/2025) |
| 07/22/2025 | <u>40</u> | Memorandum in opposition to re <u>30</u> MOTION to Dismiss *Plaintiff's Complaint* filed by JOHN S. BARTH. (zdp) (Entered: 07/22/2025) |
| 07/23/2025 | <u>41</u> | Memorandum in opposition to re <u>39</u> MOTION to Dismiss *or, in the Alternative, Motion for More Definite Statement* MOTION for More Definite Statement filed by JOHN S. BARTH. (zdp) (Entered: 07/24/2025) |
| 07/28/2025 | <u>42</u> | MOTION for Extension of Time to File Response/Reply by ERIC SUTTON. (Tumminia, Christopher) (Entered: 07/28/2025) |
| 07/28/2025 | <u>43</u> | NOTICE of Appearance by Mason D. Bracken on behalf of UNITED STATES GOVERNMENT (Bracken, Mason) (Entered: 07/28/2025) |
| 07/28/2025 | <u>44</u> | MOTION to Dismiss *Complaint*, MOTION to Dismiss for Lack of Jurisdiction , MOTION to Dismiss Case as Frivolous by UNITED STATES GOVERNMENT. (Attachments: # <u>1</u> Text of Proposed Order)(Bracken, Mason) (Entered: 07/28/2025) |
| 07/29/2025 | | MINUTE ORDER granting defendant Eric Sutton's unopposed <u>42</u> Motion for Extension of Time. Accordingly, the defendant shall answer or otherwise respond to the plaintiff's <u>1</u> Complaint on or before August 8, 2025. So Ordered by Judge Dabney L. Friedrich on July 29, 2025. (lcdlf2) (Entered: 07/29/2025) |
| 07/30/2025 | <u>45</u> | REPLY to opposition to motion re <u>39</u> Motion to Dismiss,, Motion for More Definite Statement, filed by THOMAS L. CURRY, JOHN LONGINO, JOHN MINTON, SR. (Saltman, Jeffrey) (Entered: 07/30/2025) |
| 07/30/2025 | <u>46</u> | |

| | | |
|---|---|---|
| | | Memorandum in opposition to re 44 MOTION to Dismiss *Complaint* MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss Case as Frivolous filed by JOHN S. BARTH. (Attachments: # 1 Appendix F, # 2 Appendix G, # 3 Appendix H)(zdp) (Entered: 07/30/2025) |
| 07/30/2025 | 47 | MEMORANDUM of Law 1 by JOHN S. BARTH. (zdp) (Entered: 08/04/2025) |
| 07/30/2025 | 48 | MEMORANDUM OF LAW 8 by JOHN S. BARTH. (zdp) (Entered: 08/04/2025) |
| 07/31/2025 | 49 | MEMORANDUM OF LAW 2 by JOHN S. BARTH. (zdp) (Entered: 08/04/2025) |
| 07/31/2025 | 50 | MEMORANDUM OF LAW 3 by JOHN S. BARTH. (zdp) (Entered: 08/04/2025) |
| 07/31/2025 | 51 | SUPPLEMENTAL MEMORANDUM to re 41 Memorandum in Opposition filed by JOHN S. BARTH. (zdp) (Entered: 08/04/2025) |
| 08/04/2025 | | MINUTE ORDER. Before the Court are the defendants' 27 30 39 44 Motions to Dismiss to which the plaintiff has had ample time to respond. Indeed, in the last week alone the plaintiff has filed five 47 48 49 50 51 Memoranda. Until the Court resolves defendants' pending motions, the Clerk of Court is ordered to STRIKE any additional filings. So Ordered by Judge Dabney L. Friedrich on August 4, 2025. (lcdlf2) (Entered: 08/04/2025) |
| 08/06/2025 | 52 | REPLY to opposition to motion re 44 Motion to Dismiss, Motion to Dismiss/Lack of Jurisdiction, Motion to Dismiss Case as Frivolous filed by UNITED STATES GOVERNMENT. (Bracken, Mason) (Entered: 08/06/2025) |
| 08/08/2025 | 53 | MOTION to Dismiss for Lack of Jurisdiction *and Incorporated Memorandum of Law* by ERIC SUTTON. (Tumminia, Christopher) (Entered: 08/08/2025) |
| 08/25/2025 | 54 | Mail Returned as Undeliverable re Minute Order on Motion for Leave to Appear Pro Hac Vice; Sent to John S. Barth; Resent to New Address: Unknown – Unable to Forward. (smc) (Entered: 08/25/2025) |
| 08/26/2025 | 55 | NOTICE *of Returned Mail to Plaintiff* by JAMES J. WALTON TRUST, MJW RANCH LLC, MICHAEL ALLEN WALTON, WYONA JUNE WALTON TRUST (Attachments: # 1 Exhibit A (returned mail), # 2 Exhibit B (email correspondence))(Kropf, Sara) (Entered: 08/26/2025) |
| 08/28/2025 | 56 | MOTION for Extension of Time by JOHN S. BARTH. (znmw) (Entered: 08/28/2025) |
| 08/28/2025 | | MINUTE ORDER. Upon consideration of the plaintiff's 56 Motion for Extension of Time, it is ORDERED that the motion is GRANTED. Accordingly, the plaintiff shall file his response to the 53 Motion to Dismiss by Eric Sutton on or before September 11, 2025. So Ordered by Judge Dabney L. Friedrich on August 28, 2025. (lcdlf2) (Entered: 08/28/2025) |
| 08/29/2025 | 57 | Memorandum in opposition to re 53 MOTION to Dismiss for Lack of Jurisdiction *and Incorporated Memorandum of Law* filed by JOHN S. BARTH. (znmw) (Entered: 08/29/2025) |
| 10/05/2025 | 58 | SUPPLEMENTAL MEMORANDUM to re 57 Memorandum in Opposition filed by JOHN S. BARTH. (znmw) (Entered: 10/06/2025) |
| 10/07/2025 | 59 | Mail Returned as Undeliverable re Minute Order entered on 8/28/2025, Sent to John S. Barth; Resent to New Address: Unknown – Unable to Forward. (smc) (Entered: 10/07/2025) |

| 10/08/2025 | 60 | MOTION to Strike 58 Supplemental Memorandum by JAMES J. WALTON TRUST, MJW RANCH LLC, JULIE M. WALTON, MICHAEL ALLEN WALTON, WYONA JUNE WALTON TRUST. (Kropf, Sara) (Entered: 10/08/2025) |
|---|---|---|
| 10/09/2025 | 61 | Memorandum in opposition to re 60 MOTION to Strike 58 Supplemental Memorandum filed by JOHN S. BARTH. (znmw) (Entered: 10/09/2025) |
| 10/09/2025 | 62 | MOTION for Leave to File by JOHN S. BARTH. (See Docket Entry 61 to view document). (znmw) (Entered: 10/09/2025) |
| 01/18/2026 |  | MINUTE ORDER. To the extent that any language in the plaintiff's complaint, *see, e.g.*, Compl. iii, Dkt. 1, or briefs, *see, e.g.*, Pl.'s Opp'n 3, Dkt. 15, can be liberally construed as a motion to recuse on the basis of political affiliation, the motion is DENIED. Neither the Code of Judicial Conduct nor any other authority mandates recusal for the reasons the plaintiff has identified. So Ordered by Judge Dabney L. Friedrich on January 18, 2026. (lcdlf3) (Entered: 01/18/2026) |
| 01/18/2026 | 63 | MEMORANDUM OPINION & ORDER granting the defendant United States's 44 Motion to Dismiss Count IX; transferring the remaining counts to the U.S. District Court for the Middle District of Florida; and dismissing all other pending motions as moot. See text for details. The Clerk of Court is directed to close this case after the transfer is complete. Signed by Judge Dabney L. Friedrich on January 18, 2026. (lcdlf3) (Entered: 01/18/2026) |
| 01/20/2026 |  | Set/Reset Deadlines: Transfer due by 2/9/2026. (smc) (Entered: 01/20/2026) |
| 02/08/2026 | 65 | Notice of Appeal of Transfer Order filed by JOHN S. BARTH forwarded to USCA. (Attachments: # 1 Exhibit, # 2 Exhibit)(znmw) (Entered: 02/10/2026) |
| 02/10/2026 | 64 | Case transferred to the USDC for the Middle District of Florida pursuant to 63 Order; Sent to Court via extraction. (znmw) (Entered: 02/10/2026) |
| 02/10/2026 |  | Receipt on 2/10/2026 of Electronic Transfer. Other Court Number 8:26–cv–00383 sent by USDC for the Middle District of Florida. (znmw) (Entered: 02/10/2026) |

John S. Barth, Plaintiff, pro se                  P.O. Box 50, N. Waterboro, ME 0406
johnbarth025@gmail.com 207-608-1741               P.O. Box 88, Springvale, ME 04083

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN S. BARTH,                                    Case No. 1:25-cv-01136
       Plaintiff
v.
MABRY CARLTON RANCH INC.;
      Defendants                         **NOTICE OF APPEAL**

     Plaintiff hereby files Notice of Appeal to the US Court of Appeals for the D.C. Circuit, of

the order of this court dated 1/18/2026, and hereby files Notice that the issues on Appeal shall be

(1) the Court's dismissal of defendants and seeking to force the case into a prejudiced venue, by

(2) ignoring damages in all districts; (3) ignoring federal residual liability for compensable

damages caused by unlawful acts of federal agencies; and (4) the subversive anti-Constitutional

claim of federal immunity for proven acts of racketeering crime on behalf of a political party.

## MEMORANDUM OF AUTHORITY IN SUPPORT

Rule 3(a)(1) of the Federal Rules of Apellate Procedure (FRAP) provides that:

> An appeal permitted by law as of right from a district court to a court of appeals may
> be taken only by filing a notice of appeal with the district clerk within the time allowed
> by Rule 4.

Rule 4(a)(1)(B) provides that:

> The notice of appeal may be filed by any party within 60 days after entry of the judgment
> or order appealed from if one of the parties is: (i) the United States; (ii) a United States
> agency; …

The Court having failed to notify the Plaintiff by mail, email, or phone of the 1/18/26 order

appealed from, discovered by the Plaintiff in reviewing the case docket 2/1/2026, this Notice of

Appeal sent 2/5/2026 was timely made. The Clerk should record the contact information below.

**Notice**

     This Notice is filed by email and thereby served upon all defendants or their counsel, and

is further served upon all defendants by email at their email address of record.

Date: ___2/5/2026___                          _____/s/ John Barth_____
                                              John Barth, Plaintiff
John S. Barth, Plaintiff, pro se              P.O. Box 50, N. Waterboro, ME 0406
johnbarth025@gmail.com 207-608-1741           P.O. Box 88, Springvale, ME 04083



**RECEIVED**
FEB 08 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

John S. Barth, Plaintiff, pro se                    P.O. Box 50, N. Waterboro, ME 0406
johnbarth025@gmail.com 207-608-1741         P.O. Box 88, Springvale, ME 04083

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN S. BARTH,                                    Case No. 1:25-cv-01136
             Plaintiff
v.
MABRY CARLTON RANCH INC.;
             Defendants

## <u>APPELLANT STATEMENT OF THE ISSUES<br>TO BE PRESENTED FOR REVIEW</u>

The Plaintiff hereby states the issues to be presented for review in accordance with Rule 10(b)(3)(A) of the Rules of the Court of Appeals for the D.C. Circuit.

In this case, partisan factions within the federal agencies DOJ, FBI, and HSA (defendants in prior related actions) acted in collusion with political racketeering crime, the theft of about $119 million in state and federal conservation funds by state politicians of one political party, *in flagrante delicto* violation of the United States Constitution and laws.

In prior related cases of the Plaintiff, this political racketeering was assisted by anti-Constitutional decisions of partisan judges denying venue, sealing, subpoenas, and federal investigation, making endless perjuries of fact and law, and explicitly granting the defendant agencies discretion and immunity for political racketeering crime, judgments which in themselves amount to subversion of the Constitution and laws, tantamount to treason.

<u>Perjuries Of Fact</u>

1. Perjury that pursuit of a federal venue for this case not controlled by racketeering partisan appointees was filing of "four near-identical lawsuits" (p. 1), stated to conceal the abject partisan corruption that denied venue in other districts on false claims of "insufficient damages" to warrant venue in those districts, despite proven damages therein of 155, 346, andn 723 times the felony crime thresholds there.[Brief p.3 C. Related Cases]

2. Perjury that the Complaint "rolls up all these same claims into one complaint" (p.2), stated to conceal the perfectly rational argument for D.C. venue for this fully-evidenced complaint of political racketeering by factions within the defendant federal agencies.

1

3. Perjury that the Complaint claims assert liability of the US agencies for specific deliberate and criminal acts of racketeering, rather than the Count 9 residual liability of the U.S. for damages thereby caused. This perjury seeks to conceal federal residual liability for damages.

4. Perjury (p. 5) that the DC district venue was sought to "collaterally challenge a separate FOIA case pending before this Court" In fact case no. 1:23-cv-2920-CKK Barth v. United States Dept. of Justice et al (FOIA case requesting subpoenas for agency information) is frozen because this court unlawfully and unconstitutionally refused to provide subpoenas for the evidence sought under FOIA and denied by the defendant agencies, which refused even to answer the complaint. This case states that unlawful and unconstitutional conduct, but does not "challenge" that case.

5. Perjury (p. 5) that "another judge on this Court has already dismissed essentially the same claims" [1:22-cv-00955-JEB, *Barth v. United States Dept. of Justice et al*] ignoring the fact that agencies themselves are not parties to this case, as the judge herein is fully aware, and that the claims herein are distinct claims of *residual liability* of the U.S. for unlawful acts of its agencies, regardless of any agency immunity unlawfully asserted in the prior case.


Perjuries Of Law

6. Attempts by the district court to ignore damages in other districts, permitting venue there.

7. Attempts by the district court to force this case into prejudiced venue.

8. Attempts by the district court to ignore federal residual liability for acts of agencies, claiming total immunity: (p. 4) "decisions whether or not to investigate or prosecute… are not reviewable by this court" simply because "he lacks standing to compel the government to prosecute" ignoring unlawful acts and compensable damages.

9. Attempts by the district court to assert subversive anti-constitutional claims of federal immunity for acts of racketeering crime on behalf of a political party.

10. Attempts by the district court to ignore partisan corruption of the FLMD in 8:19-cv-3181-T-33AEP, where judges are gangsters on the same partisan payroll as the defendants, to conceal its intent to secure corrupt handling for this case.

2

Other Issues On Appeal

11. Shall this Court of Appeals empanel a grand jury to investigate the defendant agencies and the original Florida defendants?

12. Do federal agencies have discretion to collude in racketeering crime?

13. Does the United States claim sovereign immunity in all matters?

Conclusion

      The extreme subversion of the Constitution by this court, in declaring discretion and immunity of federal agencies for collusion in racketeering crime to benefit a political party, has done more damage to the US than detonation of a nuclear weapon in a US city. This was an act of war against the United States, an act of treason. At best these were emotional, careless, and deceptive decisions based upon primitive partisan tribal dependencies rather than fact and law.

**Certificate of Service**

      This Notice is filed by email and thereby served upon all defendants or their counsel, and is further served upon all defendants by email at their email address of record.

Date: _2/5/2026_              _/s/ John Barth_

                                        John Barth, Plaintiff

John S. Barth, Plaintiff, pro se             P.O. Box 50, N. Waterboro, ME 0406

johnbarth025@gmail.com 207-608-1741     P.O. Box 88, Springvale, ME 04083

3

John S. Barth, Plaintiff, pro se                    P.O. Box 50, N. Waterboro, ME 0406
johnbarth025@gmail.com 207-608-1741          P.O. Box 88, Springvale, ME 04083

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN S. BARTH,                              Case No. 1:25-cv-01136
        Plaintiff
v.
MABRY CARLTON RANCH INC.;
        Defendants

### APPELLANT CERTIFICATE THAT NO TRANSCRIPT IS ORDERED

The appellant hereby certifies, pursuant to FRAP Rule 10(b)(1)(B), that no transcript of

proceedings not already on file is to be ordered, as there have been no proceedings in this matter.


**Certificate of Service**

This Notice is filed by email and thereby served upon all defendants or their counsel, and

is further served upon all defendants by email at their email address of record.


Date:  __2/5/2026__                        _____/s/ John Barth_____

                                           John Barth, Plaintiff
John S. Barth, Plaintiff, pro se           P.O. Box 50, N. Waterboro, ME 0406
johnbarth025@gmail.com 207-608-1741        P.O. Box 88, Springvale, ME 04083

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN S. BARTH,

       *Plaintiff*,

    v.

MABRY CARLTON RANCH INC., *et al.*,

       *Defendants*.

No. 25-cv-1136 (DLF)

## <u>MEMORANDUM OPINION AND ORDER</u>

John Barth, proceeding *pro se*, brings this action against several Florida-based individuals and entities, alleging that they have engaged in a criminal enterprise in Florida that has stolen millions of dollars from public funds.  Compl. iv, Dkt. 1.  Barth also sues the United States, alleging that the federal government has refused to investigate and prosecute this activity.  *Id.*  Before the Court are the defendants' motions to dismiss.  For the following reasons, the Court will grant the government's motion to dismiss and transfer the remaining claims to the Middle District of Florida.

## I.    BACKGROUND

"Since 2019, Barth has filed four near-identical lawsuits in Florida, Hawaii, Oregon, and California contending that a slew of Florida-based individuals and entities operate a racketeering enterprise that has stolen north of $100 million from state coffers."  *Barth v. United States*, No. 22-cv-955, 2022 WL 17719572, at *1 (D.D.C. Dec. 15, 2022) (collecting cases), *aff'd sub nom. Barth v. DOJ*, No. 22-5338, 2023 WL 8663580 (D.C. Cir. July 7, 2023).  All of these cases have been dismissed.  *Id.*; *see also Barth v. Mabry Carlton Ranch, Inc.*, No. 20-cv-104, 2020 WL 2840238, at *2–3 (D. Haw. June 1, 2020) (dismissing for improper venue); *Barth v. Mabry Carlton Ranch Inc.*, No. 20-cv-1164, 2020 WL 5989206, at *2–3 (D. Or. Oct. 8, 2020) (same); *Barth v.*

*Mabry Carlton Ranch, Inc.*, No. 20-cv-9288, 2020 WL 7643097, at *1 (N.D. Cal. Dec. 23, 2020) (same), *aff'd*, 854 F. App'x 897 (9th Cir. 2021).

And in 2022, Barth sued the Department of Justice, the Federal Bureau of Investigations, and the Department of Homeland Security for "failing to investigate the purported criminal enterprise." *Barth*, 2022 WL 17719572, at *1.  A judge on this Court dismissed that case.  *Id.*

Now Barth rolls all these same claims up into one complaint.  In Counts I through VIII, Barth alleges that a group of Florida-based individuals and entities violated a host of federal and state laws—including the federal Racketeer Influence Corrupt Organizations (RICO) Act—by conspiring with local Florida officials to steal more than $100 million in public funds through a scheme related to Florida real estate.  *See* Compl. xviii–xxv, 1.  In Count IX, he alleges that the United States government (specifically, the Department of Justice, the Federal Bureau of Investigations, and the Department of Homeland Security) violated several federal laws by failing to investigate this racketeering enterprise in Florida.  *Id.* at xxvi, 1.

## II.    LEGAL STANDARD

Under Rule 12(b)(1), a party may move to dismiss a claim over which the court lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion for dismissal under Rule 12(b)(1) "presents a threshold challenge to the court's jurisdiction."  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).  Federal district courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Thus, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

"When ruling on a Rule 12(b)(1) motion, the court must treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the

facts alleged." *Han v. Lynch*, 223 F.Supp.3d 95, 103 (D.D.C. 2016) (citation modified). Those factual allegations, however, receive "closer scrutiny" than they would in the Rule 12(b)(6) context. *Id.* Also, unlike when evaluating a Rule 12(b)(6) motion, a court may consider documents outside the pleadings to evaluate whether it has jurisdiction. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). If the court determines that it lacks jurisdiction, the court must dismiss the claim or action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Federal Rule of Civil Procedure 12(b)(3) "instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 21 (D.D.C. 2009); *see* Fed. R. Civ. P. 12(b)(3). The Court accepts the plaintiff's well-pleaded allegations regarding venue as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015). "The court need not, however, accept the plaintiff's legal conclusions as true . . . and may consider material outside of the pleadings." *Id.* (citation modified). "The plaintiff has the burden to establish that venue is proper since it is his obligation to institute the action in a permissible forum." *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 414 (D.D.C. 2020) (citation modified), *aff'd*, No. 20-cv-5103, 2021 WL 2525679 (D.C. Cir. June 2, 2021).

Rule 12(b)(6) allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Well-pleaded factual

3

allegations are "entitled to [an] assumption of truth," *id.* at 679, and the Court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (citation modified).  But the Court need not accept "a legal conclusion couched as a factual allegation" nor an inference unsupported by the facts alleged in the pleadings.  *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.    ANALYSIS

### A.    Federal Defendant (Count IX)

Barth brings Count IX against the United States and names three of its agencies.  Compl. xxvi.  The Court discerns two claims against the United States.  First, Barth alleges that federal agencies have failed to investigate and prosecute the alleged criminal enterprise in Florida, all in violation of several federal statutes.  *See* Compl. iv, xiii, xxvi, 1; *see generally* Pl.'s Opp'n, Dkt. 46.  Second, he alleges that the federal government has obstructed his FOIA request.  *See* Compl. iv, xiii, xxvi, 37–38.

As to his first claim, Barth alleges that the "defendant federal agencies refused over seven years to investigate, and sought to obstruct prosecution" of the racketeering enterprise.  Compl. ¶ 197.  Over years, the agencies allegedly ignored his emails, letters, and calls demanding that the federal government investigate the purported criminal conspiracy.  *Id.* ¶¶ 198–203.  But Barth "cannot bring claims against [federal agencies] based on their failures to investigate his charges of purported malfeasance."  *Barth*, 2022 WL 17719572, at *2.  The federal defendants' "decisions concerning whether or not to investigate or prosecute based on [Barth's] reports . . . are their

decisions to make and are not reviewable by this Court."[1]  *Id.* (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)); *see also Barth*, 2023 WL 8663580, at *1 ("[Barth] sought to hold appellees liable for their alleged failure to initiate an investigation and prosecution.  Because he lacks standing to compel the government to prosecute, however, and appellees' underlying enforcement decisions are not subject to judicial review, the district court did not err in dismissing Barth's complaint for lack of jurisdiction.").

As to his FOIA claim, Barth alleges that on February 25, 2021, he submitted a request for all records about himself and that the government has failed to provide them.  Compl. ¶¶ 205–08. He identifies an ongoing FOIA case before a judge in this District.  *See* Pl.'s Mem. of Law 8, at 5 (citing *Barth v. United States, et al.*, No. 23-cv-2920 (D.D.C.)).  Barth contends that the court in that case has "refused to require FOIA compliance" and that the government has "made endless idiotic perjuries of fact and law to obstruct" that litigation.  *Id.*  He notes that "the present case was filed to charge the federal agency defendants with these new offenses."  *Id.*  But this case is not a proper avenue to collaterally challenge a separate FOIA case pending before this Court.

The Court will therefore dismiss Count IX against the United States.  It will do so with prejudice given that another judge on this Court has already dismissed essentially the same claims. *See Barth*, 2022 WL 17719572, at *3.

## B.    Remaining Defendants (Counts I–VIII)

In Counts I through VIII, Barth alleges that a group of Florida-based individuals and entities have engaged in a "racketeering enterprise including ranch owners in one county of Florida

---

[1] This Court also agrees that Barth's failure-to-prosecute claim should be dismissed for the "independent reason" that "none of the statutory bases [Barth] cites allows for relief."  *Barth*, 2022 WL 17719572, at *2–3 (noting that the statutes cited by Barth either "do not provide private rights of action against the Government" or do not waive the United States' sovereign immunity).

5

. . . who manipulated state and county agencies to pay themselves about $100 million in conservation funds without public benefit." Compl. 1; *see also id.* at xiii–xvi, xviii–xxv. The defendants offer a mix of different arguments in their motions to dismiss, but in the interest of judicial efficiency, the Court will start and end with venue.[2]

Barth contends that venue in this District is proper under the venue provision of the RICO Act, 18 U.S.C. § 1965(a). *See* Compl. iii. Under this "special venue provision," a civil RICO action may "be instituted in the district court of the United States for any district in which [a defendant] *resides, is found, has an agent, or transacts his affairs*." *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 54 (D.D.C. 2006).

Barth does not allege that any of the defendants listed in Counts I through VIII resides, is found, or has an agent in this District. Instead, he alleges that the "racketeering enterprise . . . 'transacts affairs' in DC by taxing Florida property with out-of-state owners." Compl. iii. Indeed, Barth contends that venue is proper in "any district" of the United States due to "major damages in all districts" suffered by everyone in the country who owns real estate in Florida and pays taxes on that real estate. *See, e.g.*, Pl.'s Opp'n 4, Dkt. 41. But this alleged connection between the Florida-based activity and this District is "neither substantial enough nor [does it] qualify as transacting business." *Kazenercom TOO v. Turan Petroleum, Inc.*, 590 F. Supp. 2d 153, 160 (D.D.C. 2008); *see Mylan Lab'ys, Inc. v. Akzo, N.V.*, 1990 WL 58466, at *9 (D.D.C. Mar. 27, 1990) ("Venue under the 'transacts his affairs' provision of 18 U.S.C. § 1965(a)" requires some

---

[2] Courts may address venue before subject matter jurisdiction and personal jurisdiction when judicial efficiency strongly favors doing so. *See Pac. Mar. Ass'n v. NLRB.*, 905 F. Supp. 2d 55, 58–59 (D.D.C. 2012) (citing, among other cases, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)); *Slate v. Kamau*, No. 20-cv-3732, 2021 WL 7287303, at *2 (D.D.C. Sept. 20, 2021) (citing, among other cases, *Dimondstein v. Stidman*, 986 F.3d 870 (D.C. Cir. 2021)); *see also Chevron U.S.A. Inc. v. EPA*, 45 F.4th 380, 385 (D.C. Cir. 2022) ("[V]enue . . . is a threshold, non-merits issue that a court can address without first establishing its jurisdiction.").

"substantiality and regular contact."); *see also Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 2840238, at *2 (D. Haw. June 1, 2020) (rejecting Barth's § 1965(a) argument); *Barth v. Mabry Carlton Ranch, Inc.*, 2020 WL 7643097, at *1 (N.D. Cal. Dec. 23, 2020) (same).

Nor is venue proper under the general venue provision. *See* 28 U.S.C. § 1391(b). Under that provision, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2).

Based on the complaint, it appears that most, if not all, of the defendants reside in Florida, *see* Compl. xiii–xvi, so venue under § 1391(b)(1) is improper. And Barth fails to allege that anything substantial happened in this District. All of the allegations concern real estate and related criminal activity in "one county" in the Middle District of Florida. *Id.* at 1; *see also id.* at 1–36.

Having established that venue in this District is improper, the Court will transfer Counts I, II, III, IV, V, VI, VII, and VIII to the Middle District of Florida because that appears to be the only proper venue for this case.[3]

---

[3] Although almost all of the Florida defendants move to dismiss for improper venue under Rule 12(b)(3), *see* Motions to Dismiss, Dkts. 11, 27, 30, 53, one group of defendants argues that venue is improper but fails to move for dismissal specifically under Rule 12(b)(3), Dkts. 9, 39, and one defendant fails to discuss venue, Dkt. 14. Because "[v]enue objections are forfeitable," *Gage v. New Jersey Dep't of Env't Prot.*, No. 22-cv-0944, 2023 WL 6292788, at *2 (D.D.C. Sept. 27, 2023) (citing Fed. R. Civ. P. 12(h)(1)), the Court can "either transfer the entire case to another district that is proper for all defendants or it can sever the claims, retaining jurisdiction over" any defendant who waived a venue objection, *id.* (citation modified) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994)). Because Barth alleges a deeply interconnected conspiracy between private individuals, entities, state officials, and judges, *see, e.g.*, Compl. 27 ("At the times material to this action, each of the defendants was the agent, servant, employee, partner, alter ego, subsidiary, or joint venturer of other defendants."), and all of his claims are directed at multiple defendants, *see id.* at xviii–xxv, the Court will transfer the claims in their entirety, *see Gage*, 2023 WL 6292788, at *2.

For the foregoing reasons, it is

ORDERED that the United States's Motion to Dismiss, Dkt. 44, is **GRANTED**.  Count IX against the United States is **DISMISSED WITH PREJUDICE**.  It is further

ORDERED that Counts I, II, III, IV, V, VI, VII, and VIII are **TRANSFERRED** to the U.S. District Court for the Middle District of Florida.  It is further

ORDERED that all other pending motions are **DISMISSED AS MOOT**.

The Clerk of Court is directed to close this case after the transfer is complete.

**SO ORDERED.**

January 18, 2026

DABNEY L. FRIEDRICH
United States District Judge