# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 26-5058** **September Term, 2025**

**1:25-cv-01136-DLF**

**Filed On:** July 9, 2026

John S. Barth,

Appellant

v.

Mabry Carlton Ranch Inc., et al.,

Appellees

**BEFORE:** Pillard, Katsas, and Garcia, Circuit Judges

**O R D E R**

Upon consideration of appellant's opening brief and the corrected appendix; the motion to dismiss case for lack of jurisdiction and the opposition thereto; and the motion for summary affirmance, the opposition thereto, the reply, and the lodged surreply, which the court construes to include a motion for leave to file the surreply; it is

**ORDERED** that the motion for leave to file a surreply be denied. See Kiewit Power Constructors Co. v. Sec'y of Lab., 959 F.3d 381, 393 (D.C. Cir. 2020). It is

**FURTHER ORDERED** that the motion to dismiss for lack of jurisdiction be granted. The district court's January 18, 2026, order transferring the case to the United States District Court for the Middle District of Florida is not a final order that is appealable under 28 U.S.C. § 1291, nor is it an immediately appealable collateral order. See Ukiah Adventist Hosp. v. Fed. Trade Comm'n, 981 F.2d 543, 546 (D.C. Cir. 1992). Instead, a litigant may seek review of a district court's transfer order by way of a petition for writ of mandamus. See Starnes v. McGuire, 512 F.2d 918, 924 (D.C. Cir. 1974) (en banc).

Even construing the notice of appeal as a mandamus petition, however, this court would still lack jurisdiction to review the transfer order. The physical or electronic transfer of the case file to a permissible forum deprives this court of jurisdiction to review the transfer, and there is no substantial issue about whether the district court had power to order the transfer. See In re Asemani, 455 F.3d 296, 299-301 (D.C. Cir. 2006); Starnes, 512 F.2d at 924-25. It is

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 26-5058** **September Term, 2025**

**FURTHER ORDERED** that the motion for summary affirmance be granted, and the district court's January 18, 2026, order dismissing the claims against the United States be summarily affirmed. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant sought to hold the government liable for its alleged failure to initiate an investigation and prosecution and for its alleged obstruction of his Freedom of Information Act ("FOIA") requests. Because he lacks standing to compel the government to prosecute, however, and the government's underlying enforcement decisions are not subject to judicial review, the district court did not err in dismissing appellant's failure-to-prosecute claim. See Barth v. United States Dep't of Just., No. 22-5338, unpublished order, at *1 (D.C. Cir. July 7, 2023) (per curiam) (citing Heckler v. Chaney, 470 U.S. 821, 831 (1985); Cmty. for Creative Non-Violence v. Pierce, 786 F.2d 1199, 1201–02 (D.C. Cir. 1986)). Additionally, the district court did not abuse its discretion by dismissing appellant's FOIA claim, given appellant's then-pending, parallel, and previously filed FOIA suit. See UtahAmerican Energy, Inc. v. Dep't of Labor, 685 F.3d 1118, 1123-24 (D.C. Cir. 2012); Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d 346, 349-50 (D.C. Cir. 2003). Finally, the district court's rulings provided no basis to recuse the district judge from this matter. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**